**LAW OFFICES**
**OF**
**GARY W. GORSKI**
8459 NEPHI WAY
FAIR OAKS, CA 95628
(916) 965-6800
(916) 965-6801 FAX
usrugby@pacbell.net

**LAW OFFICE OF DANIEL M KARALASH**
1207 FRONT STREET, SUITE 15
SACRAMENTO, CA 95814
TELEPHONE: (916) 787-1234
FACSIMILE: (916) 787-0267
DMKARALASH@SUREWEST.NET

GARY W. GORSKI
SBN: 166526
DANIEL M. KARALASH
SBN 176422
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

-ooOoo-

| | |
|---|---|
| JAMES ROTHERY, Esq.; ANDREA HOFFMAN<br><br>Plaintiffs,<br><br>vs.<br><br>Former Sheriff LOU BLANAS; SHERIFF JOHN MCGINNIS; Detective TIM SHEEHAN; Detective FRED MASON; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, an independent branch of government of the COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO; STATE OF CALIFORNIA ATTORNEY GENERAL JERRY BROWN; DOES 1 through 25, unknown co-conspirators; ATTORNEY GENERAL MICHAEL B. MUKASEY<br><br>Defendants. | CASE NO.: 2:08-cv-02064-JAM-KJM<br><br>**PLAINTIFFS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: LACK OF PROSECUTION**<br><br>**REQUEST FOR TELEPHONIC CASE MANAGEMENT CONFERENCE RE: STAY OF PROCEEDINGS** |

**I, Gary W. Gorski, hereby declare under penalty of perjury as follows:**

1. Plaintiffs JAMES ROTHERY, Esq. and ANDREA HOFFMAN, are represented by Dan Karalash and me, and I'm the lead attorney, and Dan Karalash has no involvement with prosecuting this case. His job is simply assisting in writing and researching, and making court appearances if I'm not available.

2.     I declare that the information contained herein is of my own personal knowledge, and that I am the single most responsible attorney for the plaintiffs, and the foregoing is true and correct under the penalty of perjury.

3.     I have personally reviewed the court record in this matter.

4.     I am intimately familiar with all documents and exhibits pertaining to this case and a companion appeal, and have thoroughly reviewed all said documents.

5.     This Court issued an OSC regarding the lack of prosecution.

6.     This is the response to that OSC.

7.     The common "legal" cause of action against all Defendants in this case is a Second Amendment challenge to the concealed weapons laws and policies - setting the case up for appeal to the Ninth Circuit and/or U.S. Supreme Court.

8.     In bringing this lawsuit, Plaintiffs contend, that Defendants violated their constitutional rights under the First, Second, Ninth and Fourteenth Amendments to the United States Constitution by denying their applications for a "Carry Concealed Weapon ("CCW") permit."

9.     Based upon current Ninth Circuit precedent (i.e. *Silveira v. Lockyer*, 312 F. 3d 1052 (CA9 2002)) regarding a challenge to gun laws and policies, the United States Supreme Court ruling in *District of Columbia et al. v. Heller*, No. 07–290, has essentially abrogated this Ninth Circuit precedent, which is now ripe for new law in this Circuit, especially since the issue of incorporation under the 14th Amendment's Due Process and Privileges and Immunities clauses has to be ruled upon.

10.     Therefore, there is a very strong likelihood that intervening precedent will control the outcome of this case.

11.     On 09/03/2008, this action was commenced per case docket 2 filed.

12.     As part of a strategy to coordinate this case with the above appellate legal issues, I intentionally decided to delay service of process for a two months to buy time for a ruling.

13.     However, during the time of prosecuting this action after the filing of this complaint, in September 2008, I was advised of my fathers impending death, which distracted me from keeping up on my case load.

14.     On October 1, 2008, I left for Delaware to spend the last days with my father, returning

October 7, 2008. See Exhibit "A" attached for my flight itineraries as proof of my travels.

15. Compounding the distraction of my father's impending death, on 11/04/2008, I commenced a jury trial in the case *Hunter et al., v. County of Sacramento et al.,* Case Number: 2:06-cv-457. That trial ended 11/13/2008.

16. My father passed away November 15, 2008. See Exhibit "B" attached, which is his obituary. It was during the month of November I intended to "personally" serve all defendants, as is my typical practice when serving the government in new actions filed.

17. However, distracted by my father's death, I did not serve defendants personally, as on November 19, 2008, I flew back to Delaware to handle funeral arrangements, returning on December 1, 2008. Exhibit "A".

18. Falling behind on work, and dealing with my mother and family regarding the death of my father, I inadvertently delayed service.

19. On December 22, 2008, I again returned to Delaware to take care of my mother's living arrangements, to comfort her during the holiday, and to handle financial issues. Exhibit "A".

20. However, realizing that the case was getting cold from lack of service, I hired not one, but two process servers in December 2008 to effect service.

21. I returned January 5, 2009. (Exhibit "A".)

22. All of the defendants have now appeared represented by counsel in this action through various stipulations filed with the Court, except the US DOJ.

23. I have been in contact with counsel for all defendants, except the federal government since, as the Court is aware, DOJ must be served via certified mail, and I just received proof of acceptance this week, though service was made January 2, 2009. I anticipate hearing from DOJ shortly as well.

24. As with State and County defense counsel, I have consulted with them, and they are amendable to staying this proceeding until the Ninth rules on the legal issues that would be outcome determinative in this case. Both County and State attorneys are the same attorneys of record in the *Mehl* case as well, and we all have a working relationship on the issues in this case.

25. I believe I acted in good faith in prosecuting this case, and there is just cause why the delay in

3

|   |   |
|---|---|
| 1 | prosecution.  Prosecution of this case has been delayed because of two events: The first being |
| 2 | a determination of a case with significant legal issues that would be outcome determinative in |
| 3 | this case, as both had identical issues of first impression in this Circuit that need to be |
| 4 | resolved.  That case is *Mehl; et al. vs. Blanas; et al.*  USDC, Eastern District Case No.: CIV |
| 5 | S-03 - 2682 MCE KJM; Appellate Case No. 08-15773, Ninth Circuit Court of Appeals.  The |
| 6 | second is the death of my father and the effect that had on my law practice and getting things |
| 7 | done. |

26. I would respectfully request that this court have a brief telephonic oral case management conference to address the issue of a stay pending the appearance from the US DOJ, which would be at least 60 days out.

I declare under the penalty of perjury under the laws of the State of California and the United States of America, the foregoing is true and correct and of my own personal knowledge. Executed in Fair Oaks, CA.

DATED:        September 2, 2008        LAW OFFICES OF GARY GORSKI
                                                              By /s/ Gary W. Gorski
                                                                  Gary Gorski
                                                                  Attorney for Plaintiffs
                                                                  Declarant