GARY W. GORSKI , CSB No. 166526
Law Office of Gary W. Gorski
8549 Nephi Way
Fair Oaks, CA 95628
Telephone:      (916) 965-6800
Facsimile:      (916) 965-6801
Attorneys for the Plaintiffs

JOHN A. LAVRA, CSB No. 114533
JERI L. PAPPONE, CSB No. 210104
AMANADA L. BUTTS, CSB No. 253651
Longyear, O'Dea and Lavra, LLP
3620 American River Drive, Suite 230
Sacramento, Ca. 95864
Telephone:      (916) 974-8500
Facsimile:      (916) 974-8510
Attorneys for County of Sacramento, Lou Blanas,
John McGinness, Timothy Sheehan, and Fred Mason

GEOFFREY LLOYD GRAYBILL, CSB No. 53643
Deputy Attorney General
1300 "I" Street,
Sacramento, California 94244-2550
Telephone:     (916) 324-5465
Facsimile:     (916) 456-1611
Attorneys for the State of California and
Attorney General Jerry Brown

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROTHERY, et al., | Case No.   2:08-cv-02064 JAM KJM |
| Plaintiffs, | JOINT STATUS REPORT |
| vs. | |
| LOU BLANAS, et al., | |
| Defendants. | |

Pursuant to the Court's Minute Order dated January 21, 2009 and its September 3, 2008 Order Requiring Joint Status Report, the parties submit the following Joint Status Report:

**A.   NATURE OF THE CASE**

Plaintiffs claim that they were wrongfully denied Carry Concealed Weapons licenses by the County of Sacramento in violation of the Racketeer Influenced and Corrupt Organizations statute

("RICO"), Title 18, United States Code, Sections 1961 through 1968; 42 U.S.C. § 1983; and the First, Second, Ninth and Fourteenth Amendments.  Plaintiffs claim that the Attorney General for the State of California violated 42 U.S.C. § 1983 and the Fourteenth Amendment through the enforcement of the issuance of the concealed weapon permits.  Plaintiffs' complaint also asserts a sole Bivens claim against the former United States Attorney General Michael B. Mukasey.  Defendants deny Plaintiffs' claims; they deny violating the Constitution or any statutory provisions as alleged by Plaintiffs.

Plaintiffs' Second Amendment and Fourteenth Amendment Equal Protection claims against the California Attorney General and the Bivens claim against the former United States' Attorney General Michael B. Mukasey involves questions of law.  The claims against the County Defendants involve questions of law and fact.  Plaintiffs claim that legal issues directly impacting this case are now pending before the Ninth Circuit.  Those cases are *Nordyke v. King*, Case No. 07-15763 and *Mehl v. Blanas* Case No. 08-15773.  *Nordyke* was argued January 15, 2009 and Plaintiffs believe that a decision can be expected in the next few months.

The County Defendants disagree that either of the cases on appeal will directly impact this action.  Plaintiffs' assertion that the two pending Ninth Circuit cases would establish precedent which would impact the current litigation is incorrect.  The *Mehl* case, in which Sacramento County Defendants' counsel herein was also counsel, was decided by the District Court based upon 'standing' issues with respect to the individual plaintiffs therein.  Even if the District Court's ruling is not upheld by the Ninth Circuit, a remand of the *Mehl* case would not establish any precedent which would effect the current litigation.  It is County Defendants' counsel's understanding that the *Nordyke* matter involves the issue of an Alameda County ordinance which governs firearms on County property, and which impacts those particular plaintiffs' desire to hold gun shows on Alameda County property.  Likewise a Ninth Circuit ruling in the *Nordyke* case would have no precedential value in the current litigation.

**B.     PROGRESS IN SERVICE OF PROCESS**

The State and County Defendants have been served and are represented by counsel and anticipate appearing in this case within thirty days pursuant to agreements with Plaintiffs.  Plaintiffs are in the process of either confirming that proper service under Rule 4 has been effected against

1 former United States Attorney General Michael B. Mukasey or completing such service.

**C.     POSSIBLE JOINDER OF ADDITIONAL PARTIES**

Plaintiffs do not anticipate adding any new parties.

**D.     ANY EXPECTED OR DESIRED AMENDMENT OF PLEADINGS**

Plaintiffs anticipate amendments based on intervening precedent in both Ninth Circuit cases of *Nordyke v. King*, Case No. 07-15763 and *Mehl v. Blanas* Case No. 08-15773. Defendants contend that no amendments should be allowed or, at a minimum, that just cause should be required before any requested amendment is permitted. Plaintiffs anticipate seeking class certification, the timing of which they assert is dictated by L.R. 23-205. Plaintiffs contend that it would be premature to seek class certification until the law is resolved. Defendants deny that the claims in this action are appropriate for class certification.

**E.     JURISDICTION AND VENUE**

Plaintiffs assert that jurisdiction is conferred on this court by 28 U.S.C. §§ 1331 and 1343 which provides for original jurisdiction of this court and all actions authorized by 42 U.S.C. § 1983. Plaintiffs also assert that supplemental Jurisdiction is founded upon 28 U.S.C. § 1367. Plaintiffs also assert that the actions alleged herein have taken place within the jurisdiction of the United States District Court for the Eastern District of California and that the acts took place in Sacramento County, California. As such, Plaintiffs claim that venue is proper under 20 U.S.C. § 1391(b). The Defendants have not yet filed appearances in this case but anticipate raising numerous legal and possibly jurisdictional challenges to Plaintiffs' complaint.

**F.     ANTICIPATED MOTIONS AND SCHEDULING OF MOTIONS**

Plaintiffs anticipate possibly seeking leave to file an amended complaint following the issuance of decisions in pending Ninth Circuit cases. The Defendants anticipate filing Motions to Dismiss under F.R.C.P. Rule 12(b)(6) and/or Rule 56 Motions for Summary Judgment. Additional dispositive motions may be appropriate. Defendants anticipate filing motions in limine and other challenges should this case proceed to trial. No other motions are currently anticipated.

**G.     ANTICIPATED DISCOVERY AND SCHEDULING OF DISCOVERY**

Plaintiffs request a hold on discovery until decisions are issued in the pending Ninth Circuit

cases. The Sacramento County Defendants request that the case proceed following Defendants' responsive pleadings. The State Defendants have no preference with whether discovery is stayed. All parties agree that if this case is not stayed the following schedule should be adopted:

1. Exchange of Initial Disclosures          July 30, 2009
2. Discovery can commence after the exchange of the initial disclosures
3. Plaintiffs Expert Disclosure due         April 1, 2010
4. Defendants Expert Disclosure due         June 15, 2010
5. Supplemental Expert Disclosures due      July 30, 2010
6. Discovery Completed by                   October 1, 2010
7. Discovery Motion Filing cutoff           August 15, 2010
8. Federal Rules of Civil Procedure will Govern Discovery except that the parties can propound an unlimited number of interrogatories.
9. The parties will meet and confer and cooperate in the event discovery disputes arise.

If a stay is imposed then no discovery will occur at this time. Instead, a request to lift the stay will be filed after the Ninth Circuit opinions are issued in the referenced cases or when any party believes good cause exists to seek relief from the stay. Within ten days of receipt of sn order lifting the stay, the parties will submit a further proposed joint scheduling statement with timelines approximating those set forth herein including eighteen months for completion of discovery.

**H.   FUTURE PROCEEDINGS**

Plaintiffs request a hold on discovery until decisions are issued in the pending Ninth Circuit cases. The Sacramento County Defendants request that the case proceed following Defendants' responsive pleadings. The State Defendants have no preference with whether further proceedings are stayed or whether the following proposed schedule is adopted:

    Completion of Discovery          October 1, 2010
    Filing of Dispositive Motions    December 20, 2010
    Pre-Trial Conference             March 15, 2011
    Trial                            August 2011

If a stay is imposed then no discovery will occur at this time. Instead, a request to lift the stay will be

filed after the Ninth Circuit opinions are issued in the referenced cases or when any party believes good cause exists to seek relief from the stay. Within ten days of receipt of an order lifting the stay, the parties will submit a further proposed joint scheduling statement with timelines approximating those set forth herein including that the dispositive motion filing deadline will be at least three months after the close of discovery.

**I.     SPECIAL PROCEDURES**

Plaintiffs request a stay pending rulings on the Ninth Circuit cases of *Nordyke v. King*, Case No. 07-15763 and/or *Mehl v. Blanas* Case No. 08-15773.

Sacramento County Defendants decline to agree to a stay of this case. The County Defendants disagree that any of the cases on appeal will directly impact this action. Plaintiffs' assertion that either of the two pending Ninth Circuit cases would establish precedent which would impact the current litigation is incorrect. The *Mehl* case, in which Sacramento County Defendants' counsel herein was also counsel, was decided by the District Court based upon 'standing' issues with respect to the individual plaintiffs therein. Even if the District Court's ruling is not upheld by the Ninth Circuit, a remand of the *Mehl* case would not establish any precedent which would effect the current litigation. It is County Defendants' counsel's understanding that the *Nordyke* matter involves the issue of an Alameda County ordinance which governs firearms on County property, and which impacts those particular plaintiffs' desire to hold gun shows on Alameda County property. Likewise a Ninth Circuit ruling in the *Nordyke* case would have no precedential value in the current litigation. Therefore, County of Sacramento Defendants oppose a stay in the current litigation .

The State Defendants have no preference on whether a stay occurs.

**J.     ESTIMATE OF TRIAL TIME**

Plaintiffs believe that it is premature at this time to determine the length of trial. Defendants estimate that trial will take 10 days.

**K.     MODIFICATION OF STANDARD PRETRIAL PROCEDURES**

Plaintiffs request a stay pending rulings on the Ninth Circuit cases of *Nordyke v. King*, Case No. 07-15763 and/or *Mehl v. Blanas* Case No. 08-15773. Sacramento County Defendants request that this matter not be stayed as stated above. The State Defendants have no preference on whether a

stay occurs as long as the schedule specified herein is adopted.

**L.     RELATED CASES**

Plaintiffs assert that Ninth Circuit cases of *Nordyke v. King*, Case No. 07-15763 and *Mehl v. Blanas* Case No. 08-15773 address identical legal issues regarding the Second Amendment. The County Defendants disagree with this assertion.

**M.     SETTLEMENT CONFERENCE REQUESTED**

The parties do not currently anticipate that this matter will be amendable to a settlement conference. The parties will submit a stipulated request for settlement conference if this assessment changes.

**N.     OTHER MATTERS**

Plaintiffs request a stay pending rulings Ninth Circuit cases of *Nordyke v. King*, Case No. 07-15763 and/or *Mehl v. Blanas* Case No. 08-15773. Sacramento County Defendants request that this case not be stayed. The State Defendants have no preference on whether a stay occurs. Respectfully submitted,

DATED:   March 20, 2009            LAW OFFICES OF GARY W. GORSKI

                                   By:   /s/ Gary W. Gorski
                                         GARY W. GORSKI,
                                         Attorney for Plaintiffs

DATED:   March 20, 2009            LONGYEAR, O'DEA AND LAVRA, LLP

                                         /s/ Jeri L. Pappone
                                   By:
                                         JOHN A. LAVRA
                                         JERI L. PAPPONE
                                         AMANDA L. BUTTS
                                         Attorneys for County of Sacramento,
                                         Lou Blanas, John McGinness, Timothy
                                         Sheehan, and Fred Mason

DATED:   March 20, 2009            ATTORNEY GENERAL

                                   By:   _/s/ Geoffrey Lloyd Graybill

                                         GEOFFREY LLOYD GRAYBILL
                                         Deputy Attorney General
                                         Attorneys for the State of California and
                                         Attorney General Jerry Brown