1  JOHN A. LAVRA, CSB No. 114533
   JERI L. PAPPONE, CSB No. 210104
2  AMANADA L. BUTTS, CSB No. 253651
   Longyear, O'Dea and Lavra, LLP
3  3620 American River Drive, Suite 230
   Sacramento, Ca. 95864
4  Telephone: (916) 974-8500
   Facsimile: (916) 974-8510
5
6  Attorneys for County of Sacramento
   (also erroneously sued herein as Sacramento
7  County Sheriff's Department); Lou Blanas,
   John McGinness, Timothy Sheehan, and
8  Fred Mason
9
10          UNITED STATES DISTRICT COURT  EASTERN DISTRICT
11                OF CALIFORNIA SACRAMENTO DIVISION

12  JAMES ROTHERY, Esq.; ANDREA        )   CASE NO. 2:08-CV-02064-JAM-KJM
    HOFFMAN,                           )
13                                     )
          Plaintiffs,                  )   Date:  May 6, 2009
14                                     )   Time:  9:00 a.m.
    v.                                 )   Ctrm:  6
15                                     )   Judge: Honorable John A. Mendez
    Former Sheriff LOU BLANAS; SHERIFF )
16  JOHN McGINNESS; Detective TIM      )   COUNTY DEFENDANTS'
    SHEEHAN; Detective FRED MASON;     )   MEMORANDUM OF POINTS &
17  SACRAMENTO COUNTY SHERIFF'S        )   AUTHORITIES IN SUPPORT OF:
    DEPARTMENT, an independent branch of )  MOTION FOR MORE DEFINITE
18  government of the COUNTY OF        )   STATEMENT [FRCP 12(e)]; MOTION
    SACRAMENTO; COUNTY OF             )   TO STRIKE [FRCP 12(f)]; AND
19  SACRAMENTO; STATE OF CALIFORNIA    )   MOTION TO DISMISS FOR
    ATTORNEY GENERAL JERRY BROWN;      )   FAILURE TO STATE A CLAIM
20  DOES 1 through 25, unknown co-conspirators; )  [FRCP 12(b)(6)]
    ATTORNEY GENERAL MICHAEL B.        )
21  MUKASEY,                           )
                                       )
22        Defendants.                  )
                                       )
23  _____  )

24
25
26
27
28

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

# TABLE OF CONTENTS

I.    12(e)    MOTION FOR A MORE DEFINITE STATEMENT . . . . . . . . . . . . . . . . . . . . . . 1

II.   12(f)    MOTION TO STRIKE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.  12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
      UPON WHICH RELIEF CAN BE GRANTED . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      A.    The Injury of Which Plaintiffs Complain Is the Denial of Their
            Applications    for a Carry Concealed Weapon Permit, Which is a
            Privilege and Not a Constitutional Right . . . . . . . . . . . . . . . . . . . . . . . . . 5

            1.    A Carry Concealed Weapon Permit or License is Not a
                  Property Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            2.    A Carry Concealed Weapon Permit or License is Not a
                  Liberty Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      B.    Plaintiffs' First Cause of Action Pursuant to RICO Claims Fails as a
            Matter of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

            1.    Plaintiffs do not have standing to maintain a RICO claim . . . . . . . . . . . 8

            2.    Public Entities cannot be liable under the provisions of RICO . . . . . . . . 10

            3.    Plaintiff has failed to establish any affect on interstate
                  commerce based on the alleged actions of defendants . . . . . . . . . . . . . . 10

            4.    Civil Rights violations do not constitute racketeering activity . . . . . . . 11

      C.    Plaintiffs' Second Cause of Action - Equal Protection - Fails to State a
            Claim Against the County Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      D.    There Is No First Amendment Implication Based upon Not Contributing
            to a Political Campaign.  Therefore Plaintiffs' Third Cause of Action
            under the First Amendment Fails to State a Claim . . . . . . . . . . . . . . . . . . . 13

      E.    Plaintiffs' Fourth Cause of Action Pled Under the Second Amendment
            to the   United States Constitution, Fails to State a Claim Because There
            is No Constitutional Right to a Carry Concealed Weapon Permit . . . . . . . . . . . 14

      F.    Plaintiffs' Fifth Cause of Action under the 14th Amendment, Privileges
            & Immunities Clause Fails to State a Claim Against County Defendants . . . . . . 15

      G.    Plaintiffs' Have No Standing to Plead a Cause of Action under the Ninth
            Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

      H.    Plaintiffs' Claims Against the County of Sacramento Fail Pursuant to Statute
            and Monell . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

      I.    Rothery Lacks Standing to Pursue this Lawsuit . . . . . . . . . . . . . . . . . . . . 17

      J.    The Statute of Limitations Bars Plaintiffs' Claims Against Defendants

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

---

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS**

Mason, Sheehan and Blanas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

K.   Plaintiffs Have No Standing to Assert a Claim Based Upon Allegations
of Wrongdoing At the Sacramento County Deputy Sheriffs' Association . . . . . 20

IV.   CONCLUSION   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS**

# TABLE OF AUTHORITIES

**United States Supreme Court Cases**

Agency Holding Corp. v Malley-Duff & Associates, Inc., 483 U.S. 143 (1987) . . . . . . . . . . 2, 20

Board of Regents v. Roth, 408 U.S. 564, 578 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8

Bolling v. Sharpe, 347 U.S. 497, 499-500 (1954) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Buckley vs. Valeo, 424 U.S. 1 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 13

District of Columbia v. Heller, 128 S.Ct. 2783, 2816; 171 L.Ed. 637, 678 (2008) . . . 5, 14, 15, 17

FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Goldberg v. Kelly, 397 U.S. 254, 261-262 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Mathews v. Eldridge, 424 U.S. 319, 332 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Meyer v. Nebraska, 262 U.S. 390, 399 (1923) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Monell v. Department of Social Services, 436 U.S. 658 (1978) . . . . . . . . . . . . . . . . . . . . 16, 17

Nixon vs. Shrink Missouri Government Pac. et al., 528 U.S. 377 (2000) . . . . . . . . . . . . . . . 13

Owens v. Okure, 488 U.S. 235, 102 L. Ed. 2d 594, 109 S. Ct. 573 (1989) . . . . . . . . . . . . . . 19

Perry v. Sindermann, 408 U.S. 593, 597 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Saenez v. Roe, 526 U.S. 489 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496, 105 S. Ct. 3275, 87 L. Ed.
2d 346 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Stanley v. Illinois, 405 U.S. 645 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Union Steel Workers of America vs. Sadlowski, 457 U.S. 102 (1982) . . . . . . . . . . . . . . . . . 13

Valley Forge Christian College v. Americans United for Separation of Church and
State, Inc., et al., 454 U.S. 464, 472 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Willner v. Committee on Character, 373 U.S. 96, 103 (1963) . . . . . . . . . . . . . . . . . . . . . . . . 5

**Federal Cases**

Anderson v. District Bd. of Trustees of Central Florida Comm. College, 77 F.3d 364,
366 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Arnold v. Int'l Business Machines Corp., 637 F.2d 1350, 135 (9th Cir. 1981) . . . . . . . . . . . 18

Ass'n of Orange County Deputy Sheriffs v. Gates, 716 F.2d 733, 734 (9th Cir. 1983) . . . . . . . . 9

Baer v. City of Wauwatosa, 716 F.2d 1117, 1122 (7th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . 7

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

---

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS**

Beitzell v. Jeffrey, 643 F.2d 870, 874 (1st Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Bowen v. Oistead, 125 F.3d 800, 806 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York, 278 F.
Supp. 2d 313, 325 (N.D. N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Conway v. King, 718 F.Supp. 1059, 1061 (D.N.H. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

Del Percio v. Thornsley, 877 F.2d 785 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Diaz v. Gates, 380 F.3d 480, 485 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Erdelyi v. O'Brien, 680 F.2d 61, 63-64 (9th Cir. 1982) . . . . . . . . . . . . . . . 6, 7, 8, 15, 17, 18

Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . 2

Fullman v. Graddick, 739 F.2d 553, 561 (11th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Guerrero v. Gates, 357 F.3d 911, 920 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Guillory v. County of Orange, 731 F.2d 1379, 1382-83 (9th Cir. 1984) . . . . . . . . . . . . . . . . . 9

Hart v. Baca, 204 F.R.D. 456, 457 (C.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Hoffman v. Sumner, 478 F. Supp. 2d 1024, 1028 (N.D. Ill. 2007) . . . . . . . . . . . . . . . . . . . . . 2

Lancaster Cmty. Hosp. V. Antelope Valley Hosp., 940 F.2d 397, 404 (9th Cir. 1991) . . . . . . . 10

Madsen v. Boise State Univ., 976 F.2d 1219 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . 19

March vs. Rupf, 2001 U.S. Dist. Lexis 14708 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Marina Point Dev. Assocs. v. United States, 364 F.Supp. 2d 1144 (C.D.Ca. 2005) . . . . . . . . . 10

McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Nordyke vs. Kane, 319 F.3d 1185 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Oscar v. University Students Co-Operative Ass'n, 965 F.2d 783, 788 (9th Cir. 1992) . . . . . . . . 9

Ove v. Gwinn, 264 F.3d 817, 825 (9th Cir.2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

Pedrina v, Chun, 97 F.3d 1296, 1300 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 16

Reed v. Village of Shorewood, 704 F.2d 943, 948 (7th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . 7

San Diego Gun Rights Committee vs. Reno, 98 F.3d 1121 (9th Cir. 1996) . . . . . . . . . . . . . . 16

Silveira v. Lockyer, 312 F.3d 1062 (9th Cir. 2002) 328 F.3d 567,
cert. denied, 124 S.Ct. 803 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 15, 17

Soderback v. Siler, 610 F.2d 643, 646 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States ex rel Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003) . . . . . . 1

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS**

United States v Floyd, 228 F2d 913 (1956, CA7 Ill), *cert den* (1956) 351 US 938, reh den (1956) 351 US 990 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v Mattson, 671 F2d 1020 (1982, CA7 Ill) . . . . . . . . . . . . . . . . . . . . . . 10

United States v Mills, 204 F3d 669, (2000, CA6 Tenn) 2000 FED App 72P . . . . . . . . . . . . 11

Warns v. Vermazen, 2003 U.S. Dist. LEXIS 23107 (N.D. Ca.  2003) . . . . . . . . . . . . 16

**California State Cases**

CBS v. Block, 42 Cal. 3d 646, 654 (Cal. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 18

Nichols v. County of Santa Clara, 223 Cal. App. 3d 1236, 1244-1245 (Cal. App. 2d Dist. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8, 9, 18

Stewart v. County of San Mateo, 246 Cal.App.2d 273, 283 (1966) . . . . . . . . . . . . . . . . . . 6

Yeoman v. Department of Motor Vehicles, 273 Cal.App.2d 71, 77 (1969) . . . . . . . . . . . . . . 7

**United States Codes**

18 U.S.C. § 1964 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10

18 U.S.C. § 1951 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

18 U.S.C. § 1961 through 1968 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 10, 16, 17, 18, 19, 20

**Federal Statutes**

Federal Rules of Civil Procedure Rule 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rules of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Federal Rules of Civil Procedure 12(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rules of Civil Procedure 12(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**California State Statutes**

California Code of Civil Procedure § 335.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

California Penal Code § 12025 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 17

California Penal Code section 12026 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

California Penal Code section 12026.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

California Penal Code section 12027 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9, 11

California Penal Code section 12031 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11

California Penal Code section 12050 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 11, 17

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS

v

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

1   DEFENDANTS former SHERIFF LOU BLANAS, SHERIFF JOHN McGINNESS, TIM

2   SHEEHAN, FRED MASON and COUNTY OF SACRAMENTO (also erroneously sued herein

3   as Sacramento County Sheriff's Department), collectively, "COUNTY DEFENDANTS", bring

4   the above-enumerated motions in response to Plaintiffs' Complaint herein.

5   **I.      12(e)   MOTION FOR A MORE DEFINITE STATEMENT**

6   Defendants County of Sacramento, former Sheriff Lou Blanas, Sheriff John McGinness,

7   Tim Sheehan, and Fred Mason ("County Defendants") in response to Plaintiffs' complaint,

8   hereby move pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement.

9   Rule 12(e) provides, "A party may move for a more definite statement of a pleading to which a

10  responsive pleading is allowed but which is so vague or ambiguous that the party cannot

11  reasonably prepare a response."

12  Rule 8 of the Federal Rules of Civil Procedure sets for the basic standard for pleading in

13  Federal Courts, that all claims or defenses alleged in a pleading shall be set forth in short and

14  plain terms and shall be simple, concise and direct.  Plaintiffs' complaint herein, is composed of

15  74 pages and 758 paragraphs of purported allegations dating back as far as 1979.  This is an

16  egregious violation of Rule 8's "short and plain" requirements.  See McHenry v. Renne, 84 F.3d

17  1172, 1179 (9th Cir. 1996); United States ex rel Garst v. Lockheed-Martin Corp., 328 F.3d 374,

18  378 (7th Cir. 2003).  In fact at least one court has stated that a defendant is expected to move for

19  a more definite statement when faced with a lengthy, "shotgun" complaint.  Anderson v. District

20  Bd. of Trustees of Central Florida Comm. College, 77 F.3d 364, 366 (11th Cir. 1996).

21  Based upon the massiveness and unwieldy nature of this complaint, County Defendants

22  hereby request the Court order Plaintiffs to plead succinctly and with more specificity in

23  accordance with Rule 8, so that Defendants can reasonably prepare an answer.

24  **II.     12(f)   MOTION TO STRIKE**

25  Plaintiffs' complaint herein is based upon the denial of their applications for Carry

26  Concealed Weapons permits.  Plaintiffs allege that a reason they were not granted CCW permits

27  is because they did not contribute to the election campaigns of either Sheriff Blanas or Sheriff

28  McGinness, and that if they had done so, they would have been granted a permit.  Plaintiffs

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS

Page 1

1    allege that Sheriff Blanas and/or Sheriff McGinness were "selling" CCW permits in exchange for

2    campaign contributions.  These allegations are made in Plaintiffs' First Cause of Action, under

3    their purported RICO claim.

4        Rule 12(f) of the Federal Rules of Civil Procedure provides that a party may move the

5    court for an order striking portions of a pleading which are immaterial or impertinent to the

6    matters at issue in the case.   FRCP 12.  The purpose of the motion is to avoid the time, effort,

7    and expense necessary to litigate matters not properly included in the pleading.  See <u>Fantasy, Inc.</u>

8    <u>v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), cert. granted, 509 U.S. 903, 113 S.Ct. 2992, 125

9    L.Ed. 2d 687 (1993) and judgment rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023, 127

10   L.Ed. 2d 455 (1994).  Prejudice to County Defendants will result if the excessive irrelevant and

11   inappropriate allegations are not stricken, and prejudice will likewise result due to the confusion

12   of facts Plaintiffs allege, dating back as far as 1979, the confusion of issues which would result

13   from claims for which these Plaintiffs have no standing to assert, and the probable unnecessary

14   and extensive and burdensome discovery which would result from the inclusion of the

15   inappropriate allegations, all of which would unduly and unjustifiably increase the time and

16   expense to County Defendants.  See <u>Hoffman v. Sumner</u>, 478 F. Supp. 2d 1024, 1028 (N.D. Ill.

17   2007); <u>Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York</u>, 278 F. Supp.

18   2d 313, 325 (N.D. N.Y. 2003); <u>Hart v. Baca</u>, 204 F.R.D. 456, 457 (C.D. Cal. 2001).

19       Plaintiffs' First cause of action, under RICO statutes, has a four-year statute of

20   limitations.  <u>Agency Holding Corp. v Malley-Duff & Associates, Inc.</u>, 483 U.S. 143 (1987).

21   Therefore, any allegations pertaining to RICO claims are limited to, and cannot extend farther

22   back than the 4-years prior to the filing of this complaint. As a result, all allegations which relate

23   to events prior to September 3, 2004, the reach of the 4-year statute of limitations, must be

24   stricken.

25       Based upon the forgoing, Defendants request that the following paragraphs be stricken

26   from Plaintiffs' Complaint as they refer to events prior to September 3, 2004, the extent of the 4-

27   year statute of limitations:

28       Paragraphs 56 through 71;

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS**

**Page 2**

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

1    Paragraphs 78 through 83;

2    Paragraphs 90 through 105;

3    Paragraphs 117 through 562;

4    Paragraphs 566 through 572;

5    Paragraph 573 at line 21/22,  from "By majority vote," . . . through 581; and

6    Paragraphs 586 through 596.

7       Next in their RICO claim, Plaintiffs allege concerted actions between Defendants

8   Sheehan and Mason as co-conspirators.  Because Mason retired from the Sheriff's Department in

9   2003 (beyond the reach of the statute of limitations), and the actions alleged are collaboratively

10  alleged against Mason and Sheehan, any alleged acts must have necessarily occurred prior to

11  Mason's retirement in July of 2003.  Therefore, all allegations relating to both of these

12  defendants should be stricken[1]. (See Request for Judicial Notice, Exhibit A.)

13      Finally, many of the allegations in the RICO cause of action have been "cut and pasted"

14  from a prior RICO complaint filed by Plaintiffs' counsel, Gary Gorski, in the case of <u>Barnsdale,</u>

15  <u>et al. v. Polete, et al</u>, United States District Court for the Eastern District of California, Case No.

16  07-CV-01636-LKK-KJM.  (See Request for Judicial Notice, Exhibit B.)  Judgment in favor of

17  Defendants in the <u>Barnsdale</u> case was entered on February 12, 2008.  (See Request for Judicial

18  Notice, Exhibit C.)

19      Beginning at page 51, line 21 of Plaintiffs' complaint herein, "By majority vote, ...", that

20  sentence and the following paragraphs, through paragraph 647 on page 61, are cut and pasted

21  directly from the <u>Barnsdale</u> complaint as follows:

| <u>Rothery Complaint Paragraphs</u> | ***are the same as*** | <u>Barnsdale Complaint Paragraphs</u> |
|---|---|---|
| 573, last sentence and 576 through 590 | | 75 through 90 |
| 591 | | 96 |
| 592 | | 99 |

---

[1] These two defendants should also be dismissed from Plaintiffs' RICO claim based upon the statute of limitations.

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS**

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

| | |
|---|---|
| 593 through 596 | 100 through 103 |
| 597 through 601 | 188 through 192 |
| 602 through 606 | 240 through 244 |
| 608 through 610 | 245 through 247 |
| 613 through 628 | 249 through 264 |
| 629 through 643 | 266 through 280 |
| 644 through 647 | 282 through 285 |

These Plaintiffs have no standing to assert the claims that were made in the <u>Barnsdale</u> case which related to the Sacramento County Deputy Sheriff's Association, and which claims have already been adjudicated.  Therefore, County Defendants request that from the sentence beginning, "By majority vote, ..." at page 51, line 21 through line 25, and paragraphs 576 through 647 be stricken from Plaintiffs' complaint.

### III.   12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiffs Rothery and Hoffman bring this suit pursuant to 42 USC § 1983, alleging that Defendants violated their constitutional rights under the First, Second, Ninth, and Fourteenth Amendments to the United States Constitution by denying their applications for a Carry Concealed Weapon ("CCW") permit, and by way of actions allegedly subject to Racketeer Influenced and Corrupt Organizations (RICO) under Title 18 United States Code §§ 1961 through 1968.

Federal Rule of Civil Procedure 12(b)(6) provides for motion to be brought for dismissal of claim(s) based upon failure to state a claim upon which relief can be granted.  FRCP 12(b)(6).  Sacramento County Defendants bring this motion for dismissal of Plaintiffs' action as discussed below for failure to bring a viable claim against these moving Defendants.

Plaintiffs' allege that they were denied CCW permits by the Sacramento County Sheriff's Department because they did not contribute to the campaign for either Sheriff Blanas or Sheriff McGinness, while those who did contribute were "summarily" granted permits.  Just because some individuals who did contribute to a campaign were issued permits does not implicate the

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS**

**Page 4**

1  violation of Plaintiffs' rights by virtue of the denial of their applications, and is not necessarily

2  indicative of a situation that the issuance of CCW permits was done in exchange for campaign

3  contributions.  See Buckley vs. Valeo, 424 U.S. 1 (1976).

4  **A.    The Injury of Which Plaintiffs Complain Is the Denial of Their Applications for a Carry Concealed Weapon Permit, Which Is a Privilege and Not a**

5  **Constitutional Right.**

6  Under 42 U.S.C. § 1983, Plaintiffs allege violations of their constitutional rights with

7  respect to the issuance of CCW permits under the First, Second, Ninth, and Fourteenth

8  Amendments.  These claims are based on allegations that preference for CCW permits is given to

9  applicants who made campaign contributions to the Sheriff's election campaigns and those

10  applicants who were presented Honorary Deputy Sheriff Badges. (First Amendment and

11  Fourteenth Amendment).  Plaintiffs also allege a generalized claim that they have a right to carry

12  a concealed weapon, (Second Amendment), and that the rights secured by the Ninth Amendment

13  entitle them to a CCW permit.  It is a privilege to receive a permit to carry a concealed weapon,

14  not a constitutional right, and reasonable regulations regarding that privilege are permissible and

15  not in violation of the Second Amendment of the United States Constitution.  District of

16  Columbia v. Heller, 128 S.Ct. 2783, 2816 (2008); CBS v. Block, 42 Cal. 3d 646, 654 (Cal.

17  1986).

18  **1.    A Carry Concealed Weapon Permit or License is Not a Property**

19  **Interest**

20  The privilege to carry a concealed weapon on the person is certainly not property in the

21  ordinary sense. It is not monetary, such as welfare or Social Security benefits (e.g., Goldberg v.

22  Kelly, 397 U.S. 254, 261-262 (1970); Mathews v. Eldridge, 424 U.S. 319, 332 (1976)); it is not a

23  government job (e.g., Perry v. Sindermann, 408 U.S. 593, 597 (1972)); and it is not a required

24  license to practice a profession, occupation or business (e.g., Willner v. Committee on Character,

25  373 U.S. 96, 103 (1963)). Plaintiffs do not allege that they cannot practice their business without

26  a license of this type. (See Pen. Code, §§ 12027 (b) [exemption for possession or transportation

27  by merchants of unloaded firearms as merchandise], 12026, 12026.2 (a)(4), 12031 (h)

28  [exemptions for firearms at place of business].)

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

---

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS**

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

1   In the case of <u>Erdelyi v. O'Brien</u>, 680 F.2d 61, 63-64 (9th Cir. 1982), the court rejected the

2   contention that the privilege to carry a concealed weapon was essential to the occupation of

3   private investigator. The court stated, "[I]t is undisputed that many people engage in the

4   occupations of private investigator and criminal defense investigator without a concealed

5   weapons license. Although Erdelyi might not be able to pursue her profession in precisely the

6   way she would like, she has not been entirely, or even substantially, excluded." <u>Id</u>.

7   Licenses to carry a concealed firearm are rarities. The California State statute regulating

8   their issuance (Cal. Penal Code § 12050) leaves their issuance to the unfettered discretion of the

9   sheriff, in the interest of controlling dangerous weapons. <u>CBS, Inc. v. Block</u>, supra, 42 Cal.3d at

10  p. 655. The short duration of a license to carry a concealed firearm further indicates its limited

11  nature. The sheriff is authorized to issue the license for no more than two years. Calif. Pen.

12  Code, § 12050(a)(2)(A)(i). The holder has no legitimate claim under the statute of an entitlement

13  to have the license renewed. <u>Conway v. King</u>, 718 F.Supp. 1059, 1061 (D.N.H. 1989); see <u>Board</u>

14  <u>of Regents v. Roth</u>, 408 U.S. 564, 578 (1972). The holder therefore cannot develop a reasonable

15  expectation that the privilege to carry a concealed firearm will continue.

16  Next, even when issued, the license may be extremely restricted. Subdivision (b) of

17  California Penal Code section 12050 authorizes the inclusion of "any reasonable restrictions or

18  conditions which the issuing authority deems warranted." The sheriff's discretion to confine the

19  license to extremely narrow conditions weighs against characterization of the license as a

20  valuable property right. <u>Nichols v. County of Santa Clara</u>, 223 Cal. App. 3d 1236, 1244-1245

21  (Cal. App. 2d Dist. 1990).

22  Another factor to consider in determining whether a statutory right creates a property

23  interest is the extent to which the statute restricts the discretion of the issuing authority to deny or

24  revoke the right. Just as Penal Code section 12050 contains no meaningful restrictions on the

25  sheriff's discretion to deny a license, <u>Erdelyi v. O'Brien</u>, supra, 680 F.2d at p. 63, it contains no

26  express restrictions on the sheriff's discretion to revoke a license. The statutory scheme does not

27  even mention revocation. <u>Nichols v. County of Santa Clara</u>, 223 Cal. App. 3d 1236, 1244-1245

28  (1990). The power to license, however, implies the power to revoke. <u>Stewart v. County of San</u>

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS**

**Page 6**

1  Mateo, 246 Cal.App.2d 273, 283 (1966); Yeoman v. Department of Motor Vehicles, 273

2  Cal.App.2d 71, 77 (1969). The fact the Legislature has not restricted the conditions under which

3  a granted license may be revoked shows the Legislature intended the sheriff to have discretion.

4  Under this construction of the statute, state law does not accord a license to carry a concealed

5  firearm the level of security or durability which creates a property interest. Nichols, supra at

6  1244-45.  See Beitzell v. Jeffrey, 643 F.2d 870, 874 (1st Cir. 1981); Baer v. City of Wauwatosa,

7  716 F.2d 1117, 1122 (7th Cir. 1983); Reed v. Village of Shorewood, 704 F.2d 943, 948 (7th Cir.

8  1983).

9        The limited nature of a license to carry a concealed firearm which has been issued under

10  Penal Code section 12050 prevents characterizing it as a property right for purposes of

11  constitutional due process.  Nichols, supra.  See also Erdelyi v. O'Brien, 680 F.2d 61 (9th Cir.

12  1982) (Plaintiff did not have a property or liberty interest in obtaining a license to carry a

13  concealed weapon. . .)

14        **2.    A Carry Concealed Weapon Permit or License is Not a Liberty Interest**

15        "Liberty" as well as "property" is protected by the due process clause of the United States

16  Constitution.  Although liberty is a "broad and majestic term," Roth, supra at 571, it is not all-

17  inclusive.  Erdelyi, supra at 63.  "While [the U.S. Supreme] Court has not attempted to define

18  with exactness the liberty . . . guaranteed [by the Fourteenth Amendment], the term has received

19  much consideration and some of the included things have been definitely stated. Without doubt,

20  it denotes not merely freedom from bodily restraint but also the right of the individual to

21  contract, to engage in any of the common occupations of life, to acquire useful knowledge, to

22  marry, establish a home and bring up children, to worship God according to the dictates of his

23  own conscience, and generally to enjoy those privileges long recognized . . . as essential to the

24  orderly pursuit of happiness by free men." Meyer v. Nebraska, 262 U.S. 390, 399 (1923).  In a

25  Constitution for a free people, there can be no doubt that the meaning of "liberty" must be broad

26  indeed. See, e. g., Bolling v. Sharpe, 347 U.S. 497, 499-500 (1954); Stanley v. Illinois, 405 U.S.

27  645 (1972)."  Board of Regents v. Roth, 408 U.S. 564, 572 (1972)

28

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS**

**Page 7**

A liberty interest does include the right to be free from actions which "impose() 'a stigma or other disability that foreclose(s) (one's) freedom to take advantage of other employment opportunities.'" Id., citing Soderback v. Siler, 610 F.2d 643, 646 (9th Cir. 1979)(quoting Roth, supra, at 573.). Plaintiffs have not alleged that they have absolute liberty interest in a CCW permit, nor that any stigma attached to the denial of their applications, nor that they have been deprived of the rights to engage in "any of the common occupations of life" by virtue of the denial of their CCW applications. Erdelyi, supra. See also Nichols, supra, at 1244-45. As stated in Erdelyi, no liberty interest exists in the issuance of a CCW permit. Plaintiffs applied for and were denied CCW permits and they allege their denials were due to their not having contributed to a sheriff's election campaign. These allegations do not create a liberty interest under the United States Constitution, and therefore form no basis for a cause of action under the due process clause of the Fourteenth Amendment of the United States Constitution.

**B.  Plaintiffs' First Cause of Action Pursuant to RICO Claims Fails as a Matter of Law.**

"To state a civil RICO claim, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' 'business or property.'" Ove v. Gwinn, 264 F.3d 817, 825 (9th Cir.2001); Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985). Additionally, in order to seek a civil remedy for a RICO violation, a "person [must be] injured in his business or property by reason of a violation of section 1962" of the RICO statute. 18 U.S.C. § 1964(c); Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 495, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1984).

**1.  Plaintiffs do not have standing to maintain a RICO claim.**

A private party may bring a civil RICO claim only if it has been "injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). The Ninth Circuit has defined "business or property" injury to include only tangible and concrete financial loss. Guerrero v. Gates, 357 F.3d 911, 920 (9th Cir. 2004). One who has not suffered this requisite tangible injury does not have standing to bring a civil RICO claim. Id. Additionally, financial loss that merely flows from and is dependent on an intangible injury is not a cognizable claim of

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS

Page 8

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

1   injury to "business or property" under section 1964(c). Guerrero, 357 F.3d at 920-21 (holding

2   that economic injuries flowing from plaintiff's core intangible injury did not confer statutory

3   standing; Diaz v. Gates, 380 F.3d 480, 485 (9th Cir. 2004) ("[The] complaint speaks only of

4   personal harm and pecuniary losses stemming therefrom. This type of injury is not the sort

5   Congress sought to redress in enacting RICO."); Oscar v. University Students Co-Operative

6   Ass'n, 965 F.2d 783, 788 (9th Cir. 1992) (citing with approval a Seventh Circuit case that

7   "reject[ed] a RICO claim for economic losses which derived from a fundamentally personal

8   injury").

9          Plaintiffs' RICO action is based on alleged extortion of funds from private individuals in

10   the form of campaign contributions, by defendants using their authority as public officials.  18

11   U.S.C. § 1951.  In exchange for these campaign contributions, plaintiffs allege that defendants

12   issued the contributors concealed weapons permits and Honorary Deputy Sheriff Commissions.

13   Plaintiffs have neither been the subject of, nor participated in, any alleged extortion or bribery on

14   the part of defendants, and therefore have not suffered a direct financial loss due to racketeering

15   activity.  Further, there has been no indirect financial loss.  Plaintiffs have not established any

16   financial injury to a specific business or property interest, and therefor there is no injury within

17   the meaning of RICO. Diaz, 420 F.3d at 900.

18          The only business or property interest asserted by plaintiffs is a supposed property right to

19   a concealed weapons permit to which plaintiffs have been denied due to the alleged racketeering

20   activity by defendants.  It is well established under California Law that an applicant for a license

21   to carry a concealed firearm has no legitimate claim of entitlement to it under state law, and

22   therefore has no "property" interest to be protected by the due process clause of the United States

23   Constitution. Nichols v. County of Santa Clara, 223 Cal. App. 3d 1236, 1241 (1990), citing

24   Erdely v. O'Brien, 680 F.2d 61, 63 (9th Cir. 1982); Guillory v. County of Orange, 731 F.2d 1379,

25   1382-83 (9th Cir. 1984); see also Fullman v. Graddick, 739 F.2d 553, 561 (11th Cir.

26   1984)[Alabama law]; Ass'n of Orange County Deputy Sheriffs v. Gates, 716 F.2d 733, 734 (9th

27   Cir. 1983) [retired peace officer's application pursuant to Pen. Code, section 12027]; Conway v.

28   King, 718 F.Supp. 1059, 1061 (D.N.H. 1989) (license to carry concealed weapon had by its terms

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS**

**Page 9**

1  expired; no property interest in renewal or new license). Therefore, there has been no injury to

2  any property interest held by the plaintiffs.

3       Overall, plaintiffs' claims are based on some form of alleged government and political

4  corruption in violation of plaintiffs' second and fourteenth amendment rights.  The deprivation of

5  the right to honest governmental services is not a tangible and concrete financial loss, and so is

6  not injury to 'business or property' as required by section 1964(c).  <u>Marina Point Dev. Assocs. v.</u>

7  <u>United States</u>, 364 F.Supp. 2d 1144 (C.D.Ca. 2005), quoting <u>Ove v. Gwinn</u>, 264 F.3d 817, 825

8  (9th Cir. 2001). Even if plaintiffs were able to successfully allege constitutional violations under

9  section 1983, these violations could not constitute the necessary injury required to maintain a

10 RICO claim.

11      The absence of a financial injury to either a business or property right maintained by

12 plaintiffs establishes that plaintiffs lack standing to assert a RICO claim. Therefore, defendants

13 motion should be granted and Plaintiffs' RICO cause of action dismissed with prejudice.

14      **2.**     <u>**Public Entities cannot be liable under the provisions of RICO**</u>.

15      "Government entities are incapable of forming [the] malicious intent necessary to support

16 a RICO action." <u>Pedrina v. Chun</u>, 97 F.3d 1296, 1300 (9th Cir. 1996); <u>Lancaster Cmty. Hosp. V.</u>

17 <u>Antelope Valley Hosp.</u>, 940 F.2d 397, 404 (9th Cir. 1991).  For that reason, Plaintiffs fail to state

18 a RICO claim against the County of Sacramento, the Sheriff's Department and all individual

19 Defendants sued in their official capacity.

20      **3.**     <u>**Plaintiff has failed to establish any affect on interstate commerce**</u>
                    <u>**based on the alleged actions of defendants.**</u>

21

22      Plaintiffs allege that defendants obtained campaign contributions under color of official

23 right in violation of 18 U.S.C.S. §1951.  An offense under that section consists of two essential

24 elements: (1) extortion or attempted extortion, and (2) that such extortion or attempted extortion

25 affects interstate commerce. <u>United States v Floyd</u>, 228 F2d 913 (1956, CA7 Ill), cert den (1956)

26 351 US 938, reh den (1956) 351 US 990.  Not every act of extortion is punishable under 18

27 USCS § 1951; only obstruction, delay, or affectation of interstate commerce by means of

28 extortion gives federal courts jurisdiction. <u>United States v Mattson</u>, 671 F2d 1020 (1982, CA7

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

---

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS**

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

1  Ill)(criticized in <u>United States v Mills,</u> 204 F3d 669, (2000, CA6 Tenn) 2000 FED App 72P).

2      There is no indication from the pleading that any of the alleged activity by defendants in

3  any way impacts interstate commerce.  An Honorary Deputy Sheriff Commission (if such a

4  "commission" or status actually exists) is specifically linked to the Sacramento County Sheriff's

5  Department.  Each of the individually named defendants and alleged campaign contributors who

6  allegedly received a "commission" are, or would be, residents of California.  All mailings that are

7  the subject of the alleged activities were within the state.  Therefore, there has not been even a *de*

8  *minimis* impact on commerce, interstate or otherwise, due to the alleged activities that form the

9  Plaintiffs' RICO claim.

10      **4.      Civil Rights Violations do not constitute racketeering activity.**

11      Civil rights violations do not fall within the statutory definition of racketeering activity.

12  <u>Bowen v. Oistead</u>, 125 F.3d 800, 806 (9th Cir. 1997).  Plaintiffs are unable to use any possible

13  violations of their civil rights to maintain a RICO claim.

14      Based upon the foregoing, Plaintiffs' RICO action fails to state a claim against

15  Sacramento County Defendants and should be dismissed without leave to amend.

16      **C.      Plaintiffs' Second Cause of Action - Equal Protection - Fails to State a Claim Against the County Defendants.**

17      The Plaintiffs' Second Cause of Action alleges a Fourteenth Amendment violation with

18  respect to issuance of CCW permits.  The complaint specifically challenges the constitutionality

19  of California Penal Code §§ 12027, 12031(b), 12050-12054.  Plaintiffs contend the statutes

20  allowing the issuance of CCW permits by County Sheriffs or Chiefs of Police under *state law* to

21  honorably retired peace officers are unconstitutional and violate the Equal Protection Clause.

22  Plaintiffs allege that retired law enforcement officers are given special treatment in allowing

23  them to carry concealed weapons without having to show good cause for a permit.  Specifically,

24  California Penal Code §§ 12027 and 12031(b) state that the statutes prohibiting the carrying of

25  concealed weapons, § 12025, and loaded weapons, § 12031(a), do not apply to peace officers or

26  to honorably retired peace officers.

27      Plaintiffs allege that the case of <u>Silveira v. Lockyer</u> applies in their favor here.  312 F.3d

28

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS

Page 11

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

1  1052 (9th Cir. 2002) reh'g en banc denied, 328 F.3d 567, cert. denied, 124 S.Ct. 803 (2003).

2  Silveira dealt with California's ban on assault rifles, and the court upheld the statute in every

3  respect, except one.  The court found no rational basis existed for allowing retired peace officers

4  to possess assault weapons without any restriction on use, when active peace officers were

5  permitted to possess and use such weapons when off-duty only for law enforcement purposes.

6  Id. at 1090-92.  The basis for allowing active off-duty officers to possess and use assault weapons

7  was that a peace officer is on call 24-hours a day, and may be called upon at any time to respond

8  to a call for help.  The same is not true of retired officers.  Because they are not on call at all after

9  retirement, there was no rational basis in allowing retired officers to keep assault weapons.  Id.

10       The justification and rationale for exempting retired peace officers from the CCW permit

11  requirements is not the same as for the exception to the assault weapon ban in Silveira.  The

12  justification for a CCW is personal protection, not public protection.  Peace officers were entitled

13  to carry assault weapons so that they would not be inadequately armed to confront criminals

14  while protecting the public.  On the other hand, they are entitled to carry concealed weapons to

15  protect themselves from the enemies they have made in performing their duties.  While an

16  officer's duty to respond to the public's calls for help stops when he retires, the threat of danger

17  from enemies he might have made during his service does not.  Therefore, there is a rational

18  basis for allowing a retired officer to continue to carry a concealed weapon, even though there

19  was no rational basis for allowing the same officer to keep an assault weapon.  See Silveira,

20  supra.

21       The allegation of the complaint herein with respect to these particular plaintiffs, is that

22  they were denied CCW permits upon application.  To the extent that the allegations under this

23  cause of action are directed against the County of Sacramento Defendants relating to the

24  California State statutes pertaining to the local issuance of CCW permits/licenses, no such claim

25  can be pled.  The complaint alleges at paragraph 654 that the County Defendants' policy with

26  respect to the issuance of CCW permits "mirrors" the Penal Code sections complained of, which

27  thereby directs the core of the complaint back to the statute itself rather than the entity's or

28  individual defendant's actions with respect to the statute.  A claim regarding the validity of a

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS

Page 12

1  State Statute under constitutional standards, does not lie against a County entity or its employees.

2  Therefore, this cause of action should be dismissed with prejudice as pled against the County of

3  Sacramento and its employee-defendants.

4      **D.      There Is No First Amendment Implication Based upon Not Contributing to a
           Political Campaign.  Therefore Plaintiffs' Third Cause of Action under the
5          First Amendment Fails to State A Claim.**

6      The Plaintiffs' Third Cause of Action alleges violation of their rights under the First

7  Amendment Free Speech and Association Clause.  The Plaintiffs allege that their First

8  Amendment rights of freedom of expression and association have been violated because

9  Defendants have a policy favoring campaign contributors and political supporters regarding the

10  issuance of CCW permits.   Plaintiffs further allege that persons who do not financially support

11  Defendants are "summarily" denied CCW Permits.

12      Plaintiffs contend that their First Amendment rights under the United States Constitution

13  have been violated because they did not receive a concealed weapons permit, while other persons

14  who contributed to a Sheriff's political campaign have received such permits.  Plaintiffs cannot,

15  as a matter of law, state a claim for violation of the First Amendment as there is no first

16  amendment implication based upon not contributing to a political campaign.

17      The cases that pertain to the connection between the First Amendment and campaign

18  contributions, and when the First Amendment is implicated, deal with whether or not the First

19  Amendment right to speech and association is violated by state or local statutes which limit

20  campaign contributions and expenditures.  For instance, in Nixon vs. Shrink Missouri

21  Government Pac. et al.,  528 U.S. 377 (2000), the United States Supreme Court reversed a

22  decision that held that a Missouri state statute violated the First Amendment by limiting

23  campaign contributions to state political candidates.  The plaintiff in that case was a candidate for

24  the nomination for Missouri State Auditor.  Similarly, in the case of Union Steel Workers of

25  America vs. Sadlowski, 457 U.S. 102 (1982), the court held that a union's decision to adopt a

26  rule prohibiting candidates for union office from accepting campaign contributions from non-

27  members does not violate the First Amendment.  In Buckley vs. Valeo, 424 U.S. 1 (1976), the

28  court found that the Federal Election Campaign Act of 1971's expenditure ceiling violated the

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS**

**Page 13**

1  First Amendment.  These and similar federal cases dealing with the issue of whether the First

2  Amendment was violated in connection with campaign contributions have dealt with statutes or

3  ordinances which limit campaign contributions or expenditures.

4      Defendants know of no reported decision which holds the First Amendment is violated

5  when someone decides not to make a campaign contribution and later feels that he or she was not

6  treated fairly by the government entity represented by the candidate.  Therefore, Plaintiffs' have

7  failed to state and cannot state a claim against County Defendants, and this cause of action

8  should be dismissed without leave to amend.

9      **E.      Plaintiffs' Fourth Cause of Action Pled Under the Second Amendment to the
           United States Constitution, Fails to State a Claim Because There is No**
10         **Constitutional Right to a Carry Concealed Weapon Permit.**

11     Plaintiffs' Fourth Cause of Action alleges that by reason of the denial of their applications

12  for a CCW permit, that Plaintiffs' Second Amendment Rights have been infringed.  Plaintiffs'

13  claims fail as a matter of law, as there is no individual right to a CCW permit under the Second

14  Amendment, and therefore, Plaintiffs have no standing to challenge gun possession issues.

15     In <u>Nordyke vs. Kane,</u> 319 F.3d 1185 (9th Cir. 2003), the plaintiffs were gun traders who

16  brought a suit against a county to prevent enforcement of a county ordinance which made it a

17  misdemeanor to be in possession of a gun on county property.  The plaintiffs brought claims

18  under the First and Second Amendments.  Even though the court at that time found that the

19  Second Amendment guarantees collective rights of the states to maintain an armed militia, but

20  does not confer individual protection for a person's right to bear arms, it also found that there is

21  no individual standing to bring a claim under the Second Amendment against a local entity based

22  upon *its regulations* with respect to gun ownership or possession.  <u>Id</u>. at 1192.  See also <u>March</u>

23  <u>vs. Rupf,</u> 2001 U.S. Dist. Lexis 14708, wherein the court held that denial of concealed weapons

24  permit is not a violation of the Second Amendment.

25     Most recently, the court in <u>District of Columbia v. Heller</u> ruled that the Second

26  amendment rights are not unlimited.  The Court stated:

27         Like most rights, the right secured by the Second Amendment is not
          unlimited.  From Blackstone through the 19th-century cases, commentators and
28         court routinely explained that the right was not a right to keep and carry any

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS

Page 14

weapon whatsoever in any manner whatsoever and for whatever purpose. [Citations omitted.]  For example, the majority of the 19th-century courts to consider the question *held that prohibitions on carry concealed weapons were lawful under the Second Amendment or state analogues*. [Citations omitted.] <u>District of Columbia v. Heller</u>, 128 S.Ct. 2783, 2816; 171 L.Ed. 637, 678 (2008) (Emphasis added).

It is obvious that the Supreme Court ruling in <u>Heller</u> confirms that the reasonable regulations placed by the State of California and the County of Sacramento, for the carrying of concealed weapons is a reasonable regulation acceptable under the Second Amendment of the United States Constitution.  It is well established law that an individual has no constitutional right to receive a "Carry Concealed Weapons" permit.  <u>Erdelyi vs. O'Brien</u>, 680 F.2d 61 (9th Cir. 1982).   Based on the foregoing, the Plaintiffs' Fourth Cause of Action fails to state a claim against County Defendants, and should therefore be dismissed without leave to amend.

F.     **Plaintiffs' Fifth Cause of Action under the 14th Amendment, Privileges & Immunities Clause Fails to State a Claim Against County Defendants.**

Plaintiffs in their fifth cause of action allege that the denial of their CCW applications violates their rights under the Fourteenth Amendment's Privileges and Immunities Clause. Plaintiffs cite <u>Saenez v. Roe</u>, 526 U.S. 489 (1999) in their claim.  Plaintiffs allege that the Privileges and Immunities clause includes a "personal" right to keep and bear arms.  The <u>Saenez</u> case deals specifically with the right to travel between states within the United States and the receipt of welfare benefits and the establishment of state residency in order to qualify for those state benefits.  There is no identification of the right to a permit to carry a concealed weapon as a "personal right", nor any treatment of the subject matter of this lawsuit including the issuance or non-issuance of a CCW permit, in the <u>Saenez</u>  case. There are no facts plead which implicate a right held by Plaintiffs under the Privileges and Immunities Clause which was allegedly violated by County Defendants.

The case of <u>Silveira v. Lockyer</u>, 312 F.3d 1052, a 2002 9th Circuit case, in which Plaintiffs' counsel herein was also Plaintiffs' counsel, the court held that "the federal and state governments have the full authority to enact prohibitions and restrictions on the use and possession of firearms, subject only to generally applicable constitutional constraints, such as due process, equal protection, and the like." <u>Id</u>. at 1060.  A CCW permit is issued to entitle the

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS**

**Page 15**

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

1   holder to carry a ***concealed*** firearm.  Merely being denied a permit to carry a concealed weapon

2   does not violate the Privileges and Immunities Clause.  This cause of action fails to state a claim

3   upon which relief can be granted, and should be dismissed without leave to amend.

4       **G.**    **Plaintiffs' Have No Standing to Plead a Cause of Action under the Ninth Amendment.**

5       The Plaintiffs contend that their Ninth Amendment rights were violated by denial of a

6   CCW permit to them.  The Ninth Amendment does not encompass an individual right to bear

7   arms, and a Plaintiff lacks standing to challenge local government regulations dealing with fire

8   arm possession on Ninth Amendment grounds.  San Diego Gun Rights Committee vs. Reno, 98

9   F.3d 1121 (9th Cir. 1996).  As a matter of law, Plaintiffs do not have standing to assert a Ninth

10  Amendment claim, and therefore this cause of action should be dismissed without leave to

11  amend.

12      **H.**    **Plaintiffs' Claims Against the County of Sacramento Fail Pursuant to Statute and Monell**

13  

14      The County of Sacramento, as a public entity, is only subject to liability by statute.  Cal.

15  Gov't. Code § 815. Further, neither a municipal corporation nor its employees in their official

16  capacities are subject to civil RICO liability. See Pedrina v. Chun, 97 F.3d 1296, 1300 (9th Cir.

17  1996).  Therefore, as both Defendants Blanas and McGinness are sued herein as *Sheriffs* of the

18  County of Sacramento, i.e., in their official capacity, they are immune from suit under a RICO

19  claim.  Therefore, the RICO claim should be dismissed as pled against the County of

20  Sacramento, former Sheriff Blanas and Sheriff McGinness.

21      With respect to any claims pertaining to violations of Constitutional rights pled against

22  the County of Sacramento, to impose municipal liability for violation of constitutional rights, the

23  plaintiff must show (1) that ***the plaintiff possessed a constitutional right*** of which he was

24  deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate

25  indifference to the plaintiff's constitutional rights; and (4) that the policy was the moving force

26  behind the constitutional violation.  Warns v. Vermazen, 2003 U.S. Dist. LEXIS 23107 (N.D.

27  Ca. 2003).  The plaintiff has this burden of proof.

28      The analysis of section 1983 claims against a public entity falls under Monell v.

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS**

**Page 16**

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

1  <u>Department of Social Services</u>, 436 U.S. 658 (1978).  In order to find the County, or the sheriff in

2  his official capacity, liable under <u>Monell</u>,  Plaintiffs must show a constitutional  violation

3  caused  by  a  policy,  practice,  or custom of Sacramento County.  <u>Monell v. Department of</u>

4  <u>Social Services</u>, holds that a municipality may not be held liable under respondeat superior for

5  claims pursuant to 42 U.S.C. § 1983; but only when the execution of a government policy or

6  custom inflicted the injury to plaintiff, could the entity be responsible.  <u>Id</u>. at 694.

7     According to <u>Monell</u>, a local public entity may only be liable in a Section 1983 action

8  where there is an official policy, custom, or practice of the public entity of *deliberate indifference*

9  to the rights of individuals, and as a result thereof, the plaintiff in the particular litigation suffered

10  a deprivation of his rights.  <u>Monell v. New York City Dep't. of Social Services</u>, 436 U.S. 658

11  (1978) (italics added).

12     Both the Ninth Circuit holding in <u>Silveira v. Lockyer</u>, 312 F.3d 1052, in which case

13  Plaintiffs' counsel herein (Gary Gorski) was also Plaintiffs' counsel, and the Supreme Court in

14  <u>Heller</u>, held that "the federal and state governments have the full authority to enact prohibitions

15  and restrictions on the use and possession of firearms, subject only to generally applicable

16  constitutional constraints, such as due process, equal protection, and the like."  <u>Silveira</u>. at 1060;

17  <u>Heller</u> at 2816.

18     Plaintiffs' <u>Monell</u> claim against the County of Sacramento falls on the first factor:

19  Plaintiffs have no constitutional right to a CCW permit.  It is well established law that an

20  individual has no constitutional right to receive a "Carry Concealed Weapons" permit.  <u>Erdelyi</u>

21  <u>vs. O'Brien</u>, 680 F.2d 61 (9th Cir. 1982).   The denial of Plaintiffs' applications for such a permit

22  cannot constitute a violation of a constitutional right, and therefore Plaintiffs cannot plead a

23  <u>Monell</u> claim against the County of Sacramento.  This cause of action should be dismissed with

24  prejudice.

25   **I.**  **Rothery Lacks Standing to Pursue this Lawsuit.**

26     California Penal Code § 12025 prohibits the carrying of a concealed weapon unless an

27  individual applies for, and receives, permission to do so pursuant to § 12050(a)(1)(A), which

28  states in pertinent part as follows:

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS

**Page 17**

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

"The sheriff of a county, upon proof that the person applying is of good moral character, that good cause exists for the issuance,...., **may** issue to that person a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person.....
(emphasis added)

The language of the statute on its face is permissive in nature, a conclusion confirmed by case law, which indicates that the sheriff has "extremely broad discretion" in whether to grant a CCW permit. Nichols v. County of Santa Clara, 223 Cal. App. 3d1236, 1240 (1990); see also CBS Inc. v. Block, 42 Cal. 3d 646,655 (describing sheriff's discretion as "unfettered"); Erdelyi v. O'Brien, 680 F.2d 61, 63 (9th Cir. 1982) (statute explicitly grants discretion to officer issuing CCW license).  Plaintiffs nonetheless argue that their constitutional rights were violated because preference was granted to political supporters and/or financial contributors of Sacramento County Sheriffs.

In order to proceed with a federal lawsuit alleging violations of the United States Constitution, a plaintiff must identify an injury "fairly traceable" to conduct on the part of Defendant that is unlawful.  Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., et al., 454 U.S. 464, 472 (1982).  Because this requirement of causal connection has been deemed an indispensable part of any action challenging such violations under 42 U.S.C. § 1983 (see Arnold v. Int'l Business Machines Corp., 637 F.2d 1350, 135 (9th Cir. 1981)), Plaintiff bears the burden of establishing causation in order to invoke federal jurisdiction under § 1983. A plaintiff accordingly lacks standing to seek redress in federal court unless he can make an initial showing that an unconstitutional policy, practice or custom motivated Defendants' denial of his CCW application.

Plaintiff cannot make that showing in this case, as he must in order to proceed with this lawsuit. See FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) (burden of proof in demonstrating standing rests with party asserting jurisdiction).  The complaint states that Plaintiff Rothery did not complete the application process available to him, in that he never filed an appeal to the denial of his permit application.  (See Complaint, ¶ 11.)

Rothery cannot establish standing to assert claims that had no role in the disposition of his particular application. e.g., not contributing to an election campaign. The Ninth Circuit's

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS

Page 18

1  decision in <u>Madsen v. Boise State Univ.</u>, 976 F.2d 1219 (9th Cir. 1992) supports this conclusion.

2  In <u>Madsen</u>, the plaintiff complained about unconstitutional discrimination in the issuance of

3  disabled parking permits on the Boise State campus. Like Plaintiff Rothery, Madsen filed a civil

4  rights suit under 42 U.S.C. § 1983. The facts, however, revealed that Madsen never completed

5  the formal permit application for obtaining a disabled parking permit. The Court ruled that since

6  he did not complete the formal application process, Madsen was precluded from making a

7  constitutional challenge. As the Ninth Circuit stated: "A plaintiff lacks standing to challenge a

8  rule or policy to which he has not submitted himself by actually applying for the desired benefit."

9  <u>Id</u>. at 1220.

10      While <u>Madsen</u> may be distinguishable on grounds that the Plaintiff in that case submitted

11  no written application at all (instead making only oral inquiries about handicap parking), the

12  rationale for the Ninth Circuit's decision is nonetheless applicable here. Both this case and

13  <u>Madsen</u> involved the Plaintiff's failure to fully avail himself of the administrative application

14  process before escalating his grievances to the Court. Without completing the administrative

15  process, it would be sheer speculation to guess at what the decision on Rothery's application

16  would have been or what policies (constitutional or otherwise) may have been implicated in the

17  decision.  In the absence of completing that process, Plaintiff Rothery cannot show that any

18  unconstitutional policy played any role in the denial of his CCW application. As such, Rothery

19  lacks standing and his complaint against Defendants must be dismissed on that basis without

20  leave to amend.

21      **J.    The Statute of Limitations Bars Plaintiffs' Claims Against Defendants Mason, Sheehan and Blanas**

22

23      Federal statute 42 U.S.C. § 1983 does not provide any limitation period for determining

24  when a party must bring civil action.  The courts therefor use the personal injury statute of the

25  state in which the action arose to determine the limitations period for bringing suit.  See <u>Owens</u>

26  <u>v. Okure</u>, 488 U.S. 235, 102 L. Ed. 2d 594, 109 S. Ct. 573 (1989).  The Ninth Circuit holds that §

27  1983 actions in California are governed by the personal injury limitation.  See <u>Del Percio v.</u>

28  <u>Thornsley</u>, 877 F.2d 785 (1989).  The California statute of limitations for general personal injury

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS**

**Page 19**

1   claims as of 2003, is two years from the date the claim accrued.  California Code of Civil

2   Procedure § 335.1.

3        Plaintiff's Second, Third, Fourth, Fifth and Sixth causes of action are brought pursuant to

4   42 USC § 1983 and specifically pled against defendant former Sheriff Lou Blanas.  Lou Blanas

5   retired as Sheriff on July 26, 2006.  (See Request for Judicial Notice, Exhibit D.)  Plaintiffs'

6   complaint was filed herein on September 3, 2008.  Therefore, based upon the two year statute of

7   limitations, all claims pursuant to 42 U.S.C. § 1983 are barred as pled against Lou Blanas.

8        Plaintiffs' First cause of action, under RICO statutes, has a four-year statute of

9   limitations.  <u>Agency Holding Corp. v Malley-Duff & Associates, Inc.</u>, 483 U.S. 143 (1987).

10  Plaintiffs have included Defendant Fred Mason and Tim Sheehan in their grouping of  "NAMED

11  DEFENDANT RACKETEERS".  See Complaint at ¶ 20.  The only allegations relating to these

12  two defendants are those contained in the First cause of action.  Plaintiffs link Fred Mason and

13  Tim Sheehan as "co-conspirators" with respect to alleged RICO claims, and allege these two

14  defendants acted in concert as "co-conspirators".  See Complaint at ¶¶ 16 & 17.  Defendant Fred

15  Mason retired from the Sacramento County Sheriff's Department in July of 2003.  (See Request

16  for Judicial Notice, Exhibit A.)  Plaintiffs' complaint herein was filed more than five years after

17  Mason's retirement.  If Plaintiffs' allegations are to be believed, any and all actions allegedly

18  taken by Defendants Mason and Sheehan as alleged in Plaintiffs' First Cause of Action (as these

19  two defendants had to have acted in concert according to the complaint) necessarily must have

20  occurred prior to Mason's retirement in July of 2003. Therefore, based upon the four-year statute

21  of limitations, any and all claims against Defendants Fred Mason and Tim Sheehan must be

22  dismissed as they are barred by the statute of limitations.

23  **K.    Plaintiffs Have No Standing to Assert A Claim Based Upon Allegations of
            Wrongdoing At the Sacramento County Deputy Sheriffs' Association.**

24       From page 51 at paragraph 573 through paragraph 647 of Plaintiffs' complaint, in

25  Plaintiffs' RICO claim, the allegations pertain to purported events more than four years before

26  the filing of the complaint herein (e.g., January 2004), and which relate to the Sacramento

27  County Deputy Sheriffs' Association.  Plaintiffs herein are alleged to be residents of the County

28

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

---

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS**

1   of Sacramento who allegedly were denied CCW permits, and are/were not a part of the Sheriff's

2   Department nor the Sacramento County Deputy Sheriffs' Association.  These Plaintiffs have no

3   standing to assert the claims that were made in the <u>Barnsdale</u> case which related to the

4   Sacramento County Deputy Sheriff's Association, and which claims have already been

5   adjudicated. Plaintiffs' allegations with respect to union issues and repeated recitation of

6   purported "law" throughout their RICO claim, has nothing to do with these Plaintiffs or the

7   denial of their CCW permit applications.  Therefore,  Plaintiffs cannot use these allegations in

8   any manner to state a claim against County Defendants and any contrived causes of action should

9   be dismissed without leave to amend.

10   **IV.   CONCLUSION**

11       In totality, Plaintiffs' have failed to plead any claims against County Defendants upon

12   which relief can be granted.  In addition, much of Plaintiffs' complaint is immaterial to their

13   claim of denial of CCW permits and is based on allegations which they lack standing to pursue.

14   In total, County Defendants see no basis upon which Plaintiffs can maintain this complaint, and

15   respectfully request that County Defendants' motions herein be granted, leave to amend be

16   denied, and this case be dismissed with prejudice.

17

18   DATED: April 2, 2009                         LONGYEAR, O'DEA AND LAVRA, LLP

19                                                **/s/ Jeri L. Pappone**

20                                 By: _____
                                                 JOHN A. LAVRA

21                                                 JERI L. PAPPONE
                                                 AMANDA L. BUTTS

22                                                 Attorneys for County of Sacramento, former
                                                 Sheriff Lou Blanas, Sheriff John McGinness,

23                                                 Timothy Sheehan, and Fred Mason

24

25

26

27

28

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

---

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTIONS FOR MORE DEFINITE
STATEMENT; MOTION TO STRIKE & MOTION TO DISMISS**