JOHN A. LAVRA, CSB No. 114533
JERI L. PAPPONE, CSB No. 210104
AMANADA L. BUTTS, CSB No. 253651
Longyear, O'Dea and Lavra, LLP
3620 American River Drive, Suite 230
Sacramento, Ca. 95864
Telephone: (916) 974-8500
Facsimile: (916) 974-8510

Attorneys for County of Sacramento (also erroneously sued herein as Sacramento County Sheriff's Department); Lou Blanas, John McGinness, Timothy Sheehan

**UNITED STATES DISTRICT COURT EASTERN DISTRICT**

**OF CALIFORNIA SACRAMENTO DIVISION**

JAMES ROTHERY, Esq.; ANDREA HOFFMAN,

Plaintiffs,

v.

Former Sheriff LOU BLANAS; SHERIFF JOHN McGINNESS; Detective TIM SHEEHAN; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, an independent branch of government of the COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO; STATE OF CALIFORNIA ATTORNEY GENERAL JERRY BROWN; DOES 1 through 25, unknown co-conspirators,

Defendants.

**CASE NO. 2:08-CV-02064-JAM-KJM**

**Date: July 1, 2009**
**Time: 9:00 a.m.**
**Ctrm: 6**
**Judge: Honorable John A. Mendez**

**COUNTY DEFENDANTS' MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF: MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [FRCP 12(b)(6)]; OR IN THE ALTERNATIVE, MOTION TO STRIKE [FRCP 12(f)]; MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]**

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

**TABLE OF CONTENTS**

**I. 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** . . . . 1

A. The Injury of Which Plaintiffs Complain Is the Denial of Their Applications for a Carry Concealed Weapon Permit, Which is a Privilege and Not a Constitutional Right . . . . 1

1. A Carry Concealed Weapon Permit or License is Not a Property Interest . . . . 2

2. A Carry Concealed Weapon Permit or License is Not a Liberty Interest . . . . 4

B. Plaintiffs' First Cause of Action Pursuant to RICO Claims Fails as a Matter of Law . . . . 5

1. Plaintiffs do not have standing to maintain a RICO claim . . . . 5

2. Plaintiffs Fail to Establish That Defendant Sheehan Engaged in the Required Conduct to Constitute a Violation of RICO Laws . . . . 7

3. Plaintiffs Fail to Establish That Defendant Blanas and Defendant McGinness Are Distinct from the Enterprise . . . . 7

4. Plaintiffs Fail to Establish That the Enterprise Engaged in Interstate Commerce . . . . 8

5. Plaintiffs Have Failed to Establish That Any Alleged Predicate Act Under 18 U.S.C. Section 1951 Had Any Affect on Interstate Commerce . . . . 9

6. Plaintiffs Fail to Establish Any Predicate Acts by Defendants Subject to Liability under 29 U.S.C. Section 186 . . . . 9

7. Civil Rights Violations Do Not Constitute Racketeering Activity . . . . 10

C. Plaintiffs' Second Cause of Action - Equal Protection - Fails to State a Claim Against the County Defendants . . . . 10

D. There Is No First Amendment Implication Based upon Not Contributing to a Political Campaign. Therefore Plaintiffs' Third Cause of Action under the First Amendment Fails to State a Claim . . . . 13

E. Plaintiffs' Fourth Cause of Action Pled Under the Second Amendment to the United States Constitution, Fails to State a Claim Because There is No Constitutional Right to a Carry Concealed Weapon Permit . . . . 14

F. Plaintiffs' Fifth Cause of Action under the 14th Amendment, Privileges & Immunities Clause Fails to State a Claim Against County Defendants . . . . 15

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

G. Plaintiffs' Have No Standing to Plead a Cause of Action under the Ninth Amendment . . . . . 16

H. Plaintiffs' Claims Against the County of Sacramento Fail Pursuant to Statute and Monell . . . . . 16

I. Rothery Lacks Standing to Pursue this Lawsuit . . . . . 18

J. The Statute of Limitations Bars Plaintiffs' RICO Claims Against Defendants Sheehan, Blanas and McGinness . . . . . 20

K. Plaintiffs Have No Standing to Assert a Claim Based Upon Allegations of Wrongdoing At the Sacramento County Deputy Sheriffs' Association . . . . . 21

L. Plaintiffs' Claim for Declaratory/Injunctive Relief Cannot be Maintained Against County Defendants . . . . . 22

**II. 12(f) MOTION TO STRIKE** . . . . . 22

**III. 12(e) MOTION FOR A MORE DEFINITE STATEMENT** . . . . . 26

**IV. CONCLUSION** . . . . . 27

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS; MOTION TO STRIKE & MOTION FOR MORE DEFINITE STATEMENT

ii

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

## TABLE OF AUTHORITIES

**United States Supreme Court Cases**

Agency Holding Corp. v Malley-Duff & Associates, Inc., 483 U.S. 143 (1987) . . . . . . . . . 20, 24

Board of Regents v. Roth, 408 U.S. 564, 578 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Bolling v. Sharpe, 347 U.S. 497, 499-500 (1954) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Buckley vs. Valeo, 424 U.S. 1 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 13

City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440, 105 S.Ct. 3249 (1985), cert. den, 519 U.S. 1149 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

District of Columbia v. Heller, 128 S.Ct. 2783, 2816; 171 L.Ed. 637, 678 (2008) . . . . . . 2, 14, 15

FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Goldberg v. Kelly, 397 U.S. 254, 261-262 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Mathews v. Eldridge, 424 U.S. 319, 332 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Meyer v. Nebraska, 262 U.S. 390, 399 (1923) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-61, 112 S.Ct. 2130 (1992) . . . . . . . . . . . . . 26

Monell v. Department of Social Services, 436 U.S. 658 (1978) . . . . . . . . . . . . . . . . . . . 16, 17, 18

Nixon vs. Shrink Missouri Government Pac. et al., 528 U.S. 377 (2000) . . . . . . . . . . . . . . . . . 13

Owens v. Okure, 488 U.S. 235, 102 L. Ed. 2d 594, 109 S. Ct. 573 (1989) . . . . . . . . . . . . . . . . . 20

Perry v. Sindermann, 408 U.S. 593, 597 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Plyer v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2382 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Reves v. Ernst & Young, 113 S. Ct. 1163, 1172-74, 122 L. Ed. 2d 525(1993) . . . . . . . . . . . . . . 7

Saenez v. Roe, 526 U.S. 489 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Stanley v. Illinois, 405 U.S. 645 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Supreme Court of New Hampshire v. Piper, 470 U.S. 274, 279, 105 S.Ct. 1272 (1985) . . . . . . 16

Union Steel Workers of America vs. Sadlowski, 457 U.S. 102 (1982) . . . . . . . . . . . . . . . . . . . . 13

United States v. Turkette, 452 U.S. 576, 583, 101 S. Ct. 2524, 2528 (1981) . . . . . . . . . . . . . . . . 8

Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., et al., 454 U.S. 464, 472 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 26

Willner v. Committee on Character, 373 U.S. 96, 103 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Federal Cases**

Anderson v. District Bd. of Trustees of Central Florida Comm. College, 77 F.3d 364, 366 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Arnold v. Int'l Business Machines Corp., 637 F.2d 1350, 135 (9th Cir. 1981) . . . . . . . . . . . . . 19

Ass'n of Orange County Deputy Sheriffs v. Gates, 716 F.2d 733, 734 (9th Cir. 1983) . . . . . . . . . 7

Baer v. City of Wauwatosa, 716 F.2d 1117, 1122 (7th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . 3

Beitzell v. Jeffrey, 643 F.2d 870, 874 (1st Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Bowen v. Oistead, 125 F.3d 800, 806 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York, 278 F. Supp. 2d 313, 325 (N.D. N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Conway v. King, 718 F.Supp. 1059, 1061 (D.N.H. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

Data Controls North, Inc. v. Financial Corp. of America, Inc., 688 F. Supp. 1047 (D. Md. 1988), aff'd, 875 F.2d 314 (4th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Del Percio v. Thornsley, 877 F.2d 785 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Diaz v. Gates, 380 F.3d 480, 485 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Erdelyi v. O'Brien, 680 F.2d 61, 63-64 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 5, 15, 18

Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Fullman v. Graddick, 739 F.2d 553, 561 (11th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Giannini v. Real, 911 F.2d 354, 357 99th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Grimmet v. Brown, 75 F.3d 506, 510 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Guerrero v. Gates, 357 F.3d 911, 920 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Guillory v. County of Orange, 731 F.2d 1379, 1382-83 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . 6

Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago, 747 F.2d 384, 400 (7th Cir. 1984) aff'd on other grounds, 473 U.S. 606, 105 S. Ct. 3291 (1985) . . . . . . . . . . . . . . . . . . . . . . 8

Hart v. Baca, 204 F.R.D. 456, 457 (C.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 23 n. 1 (2nd Cir. 1990) . . . . . . . . . . . . . . 5

Hoffman v. Sumner, 478 F. Supp. 2d 1024, 1028 (N.D. Ill. 2007) . . . . . . . . . . . . . . . . . . . . . . . 23

Madsen v. Boise State Univ., 976 F.2d 1219 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

March vs. Rupf, 2001 U.S. Dist. Lexis 14708 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

Marina Point Dev. Assocs. v. United States, 364 F.Supp. 2d 1144 (C.D.Ca. 2005) . . . . . . . . . . . 7

McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Nordyke vs. Kane, 319 F.3d 1185 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Nordyke v. King, 2009 U.S. App LEXIS 8244 (9th Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 12

Oscar v. University Students Co-Operative Ass'n, 965 F.2d 783, 788 (9th Cir. 1992) . . . . . . . . . 6

Ove v. Gwinn, 264 F.3d 817, 825 (9th Cir.2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Parnes v. Heinold Commodities, Inc., 548 F. Supp. 20, 23-24 (N.D. Ill. 1982) . . . . . . . . . . . . . . 8

Pedrina v, Chun, 97 F.3d 1296, 1300 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Reed v. Village of Shorewood, 704 F.2d 943, 948 (7th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . 4

Russell v. Hug, 275 F.3d 812, 821-22 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

San Diego Gun Rights Committee vs. Reno, 98 F.3d 1121 (9th Cir. 1996) . . . . . . . . . . . . . . . . 16

Silveira v. Lockyer, 312 F.3d 1062 (9th Cir. 2002) 328 F.3d 567, *cert. denied*, 124 S.Ct. 803 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 16, 17, 18

Soderback v. Siler, 610 F.2d 643, 646 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States ex rel Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003) . . . . . 26

United States v Dickens, 695 F 2d 765 (1982, CA3 NJ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States v Floyd, 228 F 2d 913 (1956, CA7 Ill), *cert den* (1956) 351 US 938, reh den (1956) 351 US 990 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Hancock, 231 F.3d 557, 565-566 (9th cir. 2000) . . . . . . . . . . . . . . . . . . . . . . 11

United States v Mattson, 671 F 2d 1020 (1982, CA7 Ill) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v Mills, 204 F 3d 669, (2000, CA6 Tenn) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Phelps, 17 F.3d 1334, 1345 (10th cir.), cert. denied, 513 U.S. 844, 115 S.Ct. 135 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Warns v. Vermazen, 2003 U.S. Dist. LEXIS 23107 (N.D. Ca. 2003) . . . . . . . . . . . . . . . . . . . . 17

Young v. State of Hawaii, 548 F.Supp. 2d 1151, 1170-71 (9th Cir. 2008) . . . . . . . . . . . . 2, 11, 16

**California State Cases**

CBS v. Block, 42 Cal. 3d 646, 654 (Cal. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 18

Nichols v. County of Santa Clara, 223 Cal. App. 3d 1236, 1244-1245 (Cal. App. 2d Dist. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5, 6, 18

Stewart v. County of San Mateo, 246 Cal.App.2d 273, 283 (1966) . . . . . . . . . . . . . . . . . . . . . . . 3

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

Yeoman v. Department of Motor Vehicles, 273 Cal.App.2d 71, 77 (1969) . . . . . . . . . . . . . . . . . . 3

**United States Codes**

18 U.S.C. § 1951 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

18 U.S.C. § 1961 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18 U.S.C. § 1961 through 1968 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 1962 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8

18 U.S.C. § 1964 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

29 U.S.C. § 186 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7, 17, 19, 20

**Federal Statutes**

Federal Rules of Civil Procedure Rule 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26, 27

Federal Rules of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rules of Civil Procedure 12(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Federal Rules of Civil Procedure 12(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

**California State Statutes**

California Code of Civil Procedure § 335.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

California Government Code § 820.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

California Penal Code § 12025 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 18, 22

California Penal Code section 12026 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

California Penal Code section 12026.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

California Penal Code section 12027 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 10, 22

California Penal Code section 12031 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10, 22

California Penal Code section 12050 . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 10, 11, 18, 22

**Other**

Hi. Rev. St. § 134-9(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States Constitution, Article IV, Sec. 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

DEFENDANTS former SHERIFF LOU BLANAS, SHERIFF JOHN McGINNESS, TIM SHEEHAN, and the COUNTY OF SACRAMENTO (also erroneously sued herein as Sacramento County Sheriff's Department), collectively, "COUNTY DEFENDANTS", bring the above-enumerated motions in response to Plaintiffs' Complaint herein.

## I. 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiffs Rothery and Hoffman bring this suit pursuant to 42 USC § 1983, alleging that Defendants violated their constitutional rights under the First, Second, Ninth, and Fourteenth Amendments to the United States Constitution by denying their applications for a Carry Concealed Weapon ("CCW") permit, and by way of actions allegedly subject to Racketeer Influenced and Corrupt Organizations (RICO) under Title 18 United States Code §§ 1961 through 1968.

Federal Rule of Civil Procedure 12(b)(6) provides for motion to be brought for dismissal of claim(s) based upon failure to state a claim upon which relief can be granted. FRCP 12(b)(6). Sacramento County Defendants bring this motion for dismissal of Plaintiffs' action as discussed below for failure to bring a viable claim against these moving Defendants.

Plaintiffs' allege that they were denied CCW permits by the Sacramento County Sheriff's Department because they did not contribute to the campaign for either Sheriff Blanas or Sheriff McGinness, while those who did contribute were "summarily" granted permits. Just because some individuals who did contribute to a campaign were issued permits does not implicate the violation of Plaintiffs' rights by virtue of the denial of their applications, and is not necessarily indicative of a situation that the issuance of CCW permits was done in exchange for campaign contributions. See Buckley vs. Valeo, 424 U.S. 1 (1976).

### A. The Injury of Which Plaintiffs Complain Is the Denial of Their Applications for a Carry Concealed Weapon Permit, Which Is a Privilege and Not a Constitutional Right.

Under 42 U.S.C. § 1983, Plaintiffs allege violations of their constitutional rights with respect to the issuance of CCW permits under the First, Second, Ninth, and Fourteenth Amendments. These claims are based on allegations that preference for CCW permits is given

to applicants who made campaign contributions to the Sheriff's election campaigns and those applicants who were presented Honorary Deputy Sheriff Badges. (First Amendment and Fourteenth Amendment). Plaintiffs also allege a generalized claim that they have a right to carry a concealed weapon, (Second Amendment), and that the rights secured by the Ninth Amendment entitle them to a CCW permit. It is a privilege to receive a permit to carry a concealed weapon, not a constitutional right, and reasonable regulations regarding that privilege are permissible and not in violation of the Second Amendment of the United States Constitution. District of Columbia v. Heller, 128 S.Ct. 2783, 2816 (2008); Nordyke v. King, 2009 U.S. App LEXIS 8244 (9th Cir.); CBS v. Block, 42 Cal. 3d 646, 654 (Cal. 1986).

**1. A Carry Concealed Weapon Permit or License is Not a Property Interest**

The privilege to carry a concealed weapon on the person is certainly not property in the ordinary sense. It is not monetary, such as welfare or Social Security benefits (e.g., Goldberg v. Kelly, 397 U.S. 254, 261-262 (1970); Mathews v. Eldridge, 424 U.S. 319, 332 (1976)); it is not a government job (e.g., Perry v. Sindermann, 408 U.S. 593, 597 (1972)); and it is not a required license to practice a profession, occupation or business (e.g., Willner v. Committee on Character, 373 U.S. 96, 103 (1963)). Plaintiffs do not allege that they cannot practice their business without a license of this type. (See Pen. Code, §§ 12027 (b) [exemption for possession or transportation by merchants of unloaded firearms as merchandise], 12026, 12026.2 (a)(4), 12031 (h) [exemptions for firearms at place of business].) See also, Young v. State of Hawaii, 548 F.Supp. 2d 1151, 1170-71 (9th Cir. 2008) (Denial of plaintiff's application to carry concealed weapon does not implicate plaintiff's due process rights under the Fourteenth Amendment).

In the case of Erdelyi v. O'Brien, 680 F.2d 61, 63-64 (9th Cir. 1982), the court rejected the contention that the privilege to carry a concealed weapon was essential to the occupation of private investigator. The court stated, "[I]t is undisputed that many people engage in the occupations of private investigator and criminal defense investigator without a concealed weapons license. Although Erdelyi might not be able to pursue her profession in precisely the way she would like, she has not been entirely, or even substantially, excluded." Id.

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

Licenses to carry a concealed firearm are rarities. The California State statute regulating their issuance (Cal. Penal Code § 12050) leaves their issuance to the unfettered discretion of the sheriff, in the interest of controlling dangerous weapons. CBS, Inc. v. Block, supra, 42 Cal.3d at p. 655. The short duration of a license to carry a concealed firearm further indicates its limited nature. The sheriff is authorized to issue the license for no more than two years. Calif. Pen. Code, § 12050(a)(2)(A)(i). The holder has no legitimate claim under the statute of an entitlement to have the license renewed. Conway v. King, 718 F.Supp. 1059, 1061 (D.N.H. 1989); see Board of Regents v. Roth, 408 U.S. 564, 578 (1972). The holder therefore cannot develop a reasonable expectation that the privilege to carry a concealed firearm will continue.

Next, even when issued, the license may be extremely restricted. Subdivision (b) of California Penal Code section 12050 authorizes the inclusion of "any reasonable restrictions or conditions which the issuing authority deems warranted." The sheriff's discretion to confine the license to extremely narrow conditions weighs against characterization of the license as a valuable property right. Nichols v. County of Santa Clara, 223 Cal. App. 3d 1236, 1244-1245 (Cal. App. 2d Dist. 1990).

Another factor to consider in determining whether a statutory right creates a property interest is the extent to which the statute restricts the discretion of the issuing authority to deny or revoke the right. Just as Penal Code section 12050 contains no meaningful restrictions on the sheriff's discretion to deny a license, Erdelyi v. O'Brien, supra, 680 F.2d at p. 63, it contains no express restrictions on the sheriff's discretion to revoke a license. The statutory scheme does not even mention revocation. Nichols v. County of Santa Clara, 223 Cal. App. 3d 1236, 1244-1245 (1990). The power to license, however, implies the power to revoke. Stewart v. County of San Mateo, 246 Cal.App.2d 273, 283 (1966); Yeoman v. Department of Motor Vehicles, 273 Cal.App.2d 71, 77 (1969). The fact the Legislature has not restricted the conditions under which a granted license may be revoked shows the Legislature intended the sheriff to have discretion. Under this construction of the statute, state law does not accord a license to carry a concealed firearm the level of security or durability which creates a property interest. Nichols, supra at 1244-45. See Beitzell v. Jeffrey, 643 F.2d 870, 874 (1st Cir. 1981); Baer v. City of Wauwatosa,

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

716 F.2d 1117, 1122 (7th Cir. 1983); Reed v. Village of Shorewood, 704 F.2d 943, 948 (7th Cir. 1983).

The limited nature of a license to carry a concealed firearm which has been issued under Penal Code section 12050 prevents characterizing it as a property right for purposes of constitutional due process. Nichols, supra. See also Erdelyi v. O'Brien, 680 F.2d 61 (9th Cir. 1982) (Plaintiff did not have a property or liberty interest in obtaining a license to carry a concealed weapon. . .)

**2. A Carry Concealed Weapon Permit or License is Not a Liberty Interest**

"Liberty" as well as "property" is protected by the due process clause of the United States Constitution. Although liberty is a "broad and majestic term," Roth, supra at 571, it is not all-inclusive. Erdelyi, supra at 63. "While [the U.S. Supreme] Court has not attempted to define with exactness the liberty . . . guaranteed [by the Fourteenth Amendment], the term has received much consideration and some of the included things have been definitely stated. Without doubt, it denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized . . . as essential to the orderly pursuit of happiness by free men." Meyer v. Nebraska, 262 U.S. 390, 399 (1923). In a Constitution for a free people, there can be no doubt that the meaning of "liberty" must be broad indeed. See, e. g., Bolling v. Sharpe, 347 U.S. 497, 499-500 (1954); Stanley v. Illinois, 405 U.S. 645 (1972)." Board of Regents v. Roth, 408 U.S. 564, 572 (1972)

A liberty interest does include the right to be free from actions which "impose() 'a stigma or other disability that foreclose(s) (one's) freedom to take advantage of other employment opportunities.'" Id., citing Soderback v. Siler, 610 F.2d 643, 646 (9th Cir. 1979)(quoting Roth, supra, at 573.). Plaintiffs have not alleged that they have absolute liberty interest in a CCW permit, nor that any stigma attached to the denial of their applications, nor that they have been deprived of the rights to engage in "any of the common occupations of life" by virture of the

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

denial of their CCW applications. Erdelyi, supra. See also Nichols, supra, at 1244-45. As stated in Erdelyi, no liberty interest exists in the issuance of a CCW permit. Plaintiffs applied for and were denied CCW permits and they allege their denials were due to their not having contributed to a sheriff's election campaign. These allegations do not create a liberty interest under the United States Constitution, and therefore form no basis for a cause of action under the due process clause of the Fourteenth Amendment of the United States Constitution.

**B. Plaintiffs' First Cause of Action Pursuant to RICO Claims Fails as a Matter of Law.**

Plaintiffs' first cause of action alleges violations of 18 U.S.C. § 1962, the Racketeer Influenced and Corrupt Organizations Act ("RICO"). [Plaintiffs' Comp., pp 9-63.]

RICO gives a private right of action to anyone injured in his business or property by a violation of § 1962. 18 U.S.C. § 1964(c). Plaintiffs appear to be alleging two types of racketeering-related activities: One, no one "employed by or associated with any enterprise" may conduct the enterprise's affairs through a pattern of racketeering activity. § 1962(c). Two, it is unlawful to conspire to violate the substantive provisions of 18 U.S.C. § 1962(a)-(d). § 1962(d). Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 23 n. 1 (2nd Cir. 1990).

In general, a civil RICO claim brought under § 1962(c) must consist of (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to the plaintiff's 'business or property.' 18 U.S.C. §§ 1964(c), 1962(c); Grimmet v. Brown, 75 F.3d 506, 510 (9th Cir. 1996); Sedima, S.P.R.L. v. Imrex. Ca., 473 U.S. 479, 496, 105 S.Ct. 3275, 3284-85, 87 L.Ed.2d 346 (1985).

As applied to Plaintiffs' complaint, the RICO claim must fail.

**1. Plaintiffs Do Not Have Standing to Maintain a RICO Claim.**

A "plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L. Ed. 2d 346 (1985); 18 U.S.C. § 1964(c). The Ninth Circuit has defined "business or property" injury to include only tangible and concrete financial loss. Guerrero v. Gates, 357 F.3d 911, 920 (9th Cir. 2004). One who has not suffered

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

this requisite tangible injury does not have standing to bring a civil RICO claim. Id. Additionally, financial loss that merely flows from and is dependent on an intangible injury is not a cognizable claim of injury to "business or property" under section 1964(c). Guerrero, 357 F.3d at 920-21 (holding that economic injuries flowing from plaintiff's core intangible injury did not confer statutory standing); Diaz v. Gates, 380 F.3d 480, 485 (9th Cir. 2004) ("[The] complaint speaks only of personal harm and pecuniary losses stemming therefrom. This type of injury is not the sort Congress sought to redress in enacting RICO."); Oscar v. University Students Co-Operative Ass'n, 965 F.2d 783, 788 (9th Cir. 1992) (citing with approval a Seventh Circuit case that "reject[ed] a RICO claim for economic losses which derived from a fundamentally personal injury").

Plaintiffs' RICO action is based on alleged extortion of funds from private individuals in the form of campaign contributions by Defendants using their authority as public officials. 18 U.S.C. section 1951. In exchange for these campaign contributions, Plaintiffs allege that Defendants issued the contributors concealed weapons permits and Honorary Deputy Sheriff Commissions. Plaintiffs have neither been the subject of, nor participated in, any alleged extortion or bribery on the part of Defendants, and therefore have not suffered a direct financial loss due to racketeering activity. Further, there has been no indirect financial loss. Plaintiffs have not pled nor can they establish any financial injury to a specific business or property interest, and therefore there is no injury within the meaning of RICO. Diaz v. Gates,420 F.3d at 900.

The only business or property interest asserted by Plaintiffs is a supposed property right to a concealed weapons permit to which Plaintiffs have been denied, and which they purport to be due to the alleged racketeering activity by Defendants. It is well established under California Law that an applicant for a license to carry a concealed firearm has no legitimate claim of entitlement to it under state law, and therefore has no "property" interest to be protected by the due process clause of the United States Constitution. Nichols v. County of Santa Clara, 223 Cal. App. 3d 1236, 1241 (1990), citing Erdely v. O'Brien, 680 F.2d 61, 63 (9th Cir. 1982); Guillory v. County of Orange, 731 F.2d 1379, 1382-83 (9th Cir. 1984); *see also* Fullman v. Graddick, 739

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

F.2d 553, 561 (11th Cir. 1984)[Alabama law]; Ass'n of Orange County Deputy Sheriffs v. Gates, 716 F.2d 733, 734 (9th Cir. 1983) [retired peace officer's application pursuant to Pen. Code, section 12027]; Conway v. King, 718 F.Supp. 1059, 1061 (D.N.H. 1989) (license to carry concealed weapon had by its terms expired; no property interest in renewal or new license). Therefore, there has been no injury to any property interest held by the Plaintiffs.

Overall, Plaintiffs' claims are based on some form of alleged government and political corruption in violation of Plaintiffs' Second and Fourteenth Amendment rights. The deprivation of the right to honest governmental services is not a tangible and concrete financial loss, and so is not injury to 'business or property' as required by section 1964(c). Marina point Dev. Assocs. v. United States, 364 F.Supp. 2d 1144, quoting Ove v. Gwinn, 264 F.3d 817, 825. Even if Plaintiffs were able to successfully allege constitutional violations under section 1983, these violations could not constitute the necessary injury required to maintain a RICO claim.

The absence of a financial injury to either a business or property right maintained by Plaintiffs establishes that Plaintiffs lack standing to assert a RICO claim. Therefore, Defendants motion should be granted.

**2. Plaintiffs Fail to Establish That Defendant Sheehan Engaged in the Required Conduct to Constitute a Violation of RICO Laws.**

"Conduct" subjecting a defendant to RICO liability exists if the defendant is involved in the operation or management of the enterprise. Reves v. Ernst & Young, 122 L. Ed. 2d 525, 113 S. Ct. 1163, 1172-74 (1993). Therefore, liability under § 1962(c) may not be imposed on one who merely "carries on" or "participates" in an enterprise's affairs. Id. at 1169-70. Instead, one must have "some part in directing the enterprise's affairs." Id. at 1170.

Defendant Sheehan is a detective with the Sacramento County Sheriff's Department. In his position, he has no part in the management of the enterprise or in directing the enterprise's affairs. Therefore, Defendant Sheehan has not engaged in the required conduct to subject him to RICO liability.

**3. Plaintiffs Fail to Establish That Defendant Blanas and Defendant McGinness Are Distinct from the Enterprise.**

Either a legal entity or individuals actually associated together in fact may constitute an

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

"enterprise." 18 U.S.C. § 1961(4). It has been described as "a group of persons associated together for a common purpose of engaging in a course of conduct." United States v. Turkette, 452 U.S. 576, 583, 101 S. Ct. 2524, 2528, 69 L. Ed. 2d 246 (1981). There must be an ongoing organization, united for illicit purposes, and evidence that the associates function as an ongoing unit. Id.

Section 1962(c)'s fundamental requirements are (1) the existence of a "person" employed by or associated with an "enterprise" and (2) participation by the "person" in the conduct of the "enterprise" via a "pattern of racketeering activity." Because it makes no sense to speak of a "person" being employed by or being associated with that selfsame "person," the case law uniformly teaches that the "person" and the "enterprise" must be distinct. Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago, 747 F.2d 384, 400 (7th Cir. 1984)(approving and adopting this Court's opinion in Parnes v. Heinold Commodities, Inc., 548 F. Supp. 20, 23-24 (N.D. Ill. 1982)), aff'd on other grounds, 473 U.S. 606, 105 S. Ct. 3291, 87 L. Ed. 2d 437 (1985).

Plaintiffs allege the enterprise is the County of Sacramento Sheriff's Department. Although not specifically identified as RICO "persons" in the complaint, the "persons" Plaintiffs seek to hold liable are the officers and/or final policymakers of the Sheriff's Department.

Defendant Blanas and Defendant McGinness are sued in their official capacities as former Sheriff and Sheriff of the County of Sacramento. There is no distinction between the officers, agents and employees who operate a corporation, and the corporation itself. Data Controls North, Inc. v. Financial Corp. of America, Inc., 688 F. Supp. 1047 (D. Md. 1988), aff'd, 875 F.2d 314 (4th Cir. 1989). Defendant Blanas and Defendant McGinness are or were final policymakers as to the Sheriff's Department. Therefore, in their official capacities, they are responsible for the operations of the Department and are not distinct from the entity itself.

**4. Plaintiffs Fail to Establish That the Enterprise Engaged in Interstate Commerce.**

For purposes of 18 USCS § 1962, the enterprise, not individual defendants, must be engaged in or affecting interstate commerce. United States v. Dickens, 695 F2d 765 (1982, CA3 NJ), cert den (1983) 460 US 1092, 76 L Ed 2d 359, 103 S Ct 1792 and cert den (1983) 461 US

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

909, 76 L Ed 2d 812, 103 S Ct 1883. Plaintiffs have made no allegations that the Sheriff's Department is engaged in interstate commerce. The Sheriff's Department is a division of the County of Sacramento. The Sheriff's Department's jurisdiction and control are limited to the County of Sacramento.

**5. Plaintiffs Fail to Establish That the Predicate Acts Under 18 U.S.C. Section 1951 Had Any Affect on Interstate Commerce.**

Plaintiffs allege that Defendants obtained campaign contributions under color of official right in violation of 18 U.S.C.S. section 1951. An offense under that section consists of two essential elements: (1) extortion or attempted extortion, and (2) that such extortion or attempted extortion affect interstate commerce. United States v. Floyd, 228 F.2d 913 (7th Cir. Ill. 1956). Not every act of extortion is punishable under 18 USCS § 1951; only obstruction, delay, or affectation of interstate commerce by means of extortion gives federal courts jurisdiction. United States v Mattson, 671 F2d 1020 (1982, CA7 Ill) (criticized in United States v. Mills, 204 F.3d 669 (6th Cir. Tenn. 2000).)

Plaintiffs do not set forth any facts which establish that any alleged extortion claimed by Plaintiffs obstructed, delayed, or affected interstate commerce. Therefore, the alleged extortion is not a violation of section 1951, and does not constitute racketeering activity. Plaintiffs' claims based upon predicate acts under section 1951 should fail.

**6. Plaintiffs Fail to Establish Any Predicate Acts by Defendants Subject to Liability under 29 U.S.C. Section 186.**

29 U.S.C. section 186(a) proscribes bribery, graft, and conflict of interest payments of money and other prohibited things of value to employees, representatives of employees, labor union officials, and labor organizations, by employers, and persons acting in the interest of the employers, whose labor-management relations are governed by the Labor Management Relations Act (29 U.S.C. section 141, *et seq*.) The request or acceptance by any person of payments from the employer, or persons acting in the interest of the employer, is also prohibited. 29 U.S.C. section 186(b).

The source of the prohibited payment must be a statutory employer or an agent of an employer. Plaintiffs' complaint alleges that Defendant Sheehan solicited funds from the

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

Sacramento County Deputy Sheriffs' Association, a labor union, for use by Defendant Blanas. Based on Plaintiffs' complaint, there has been no prohibited payment by an employer to a labor union or employee representative. If anything, Plaintiffs' allegation establish that the labor union gave, loaned, and/or paid the employer.

To the extent Plaintiffs are attempting to establish a predicate act based on section 186(b), they have again failed to establish that a labor union official or an employee representative accepted funds or valuable things from an employer. Further, Plaintiffs have not alleged a RICO claim against any labor union representative or employee representative. Finally, Plaintiffs lack standing to assert any such claims. Therefore, Plaintiffs have failed to establish racketeering activity under 29 U.S.C. section 186.

**7. Civil Rights Violations Do Not Constitute Racketeering Activity.**

Civil rights violations do not fall within the statutory definition of racketeering activity. Bowen v. Oistead, 125 F.3d 800, 806 (9th Cir. 1997). Plaintiffs are unable to use any alleged violations of their civil rights to maintain a RICO claim.

Based upon the foregoing, Plaintiffs' RICO action fails to state a claim against Sacramento County Defendants and should be dismissed without leave to amend.

**C. Plaintiffs' Second Cause of Action - Equal Protection - Fails to State a Claim Against the County Defendants.**

The Plaintiffs' Second Cause of Action alleges a Fourteenth Amendment violation with respect to issuance of CCW permits. The complaint specifically challenges the constitutionality of California Penal Code §§ 12027, 12031(b), 12050-12054. Plaintiffs contend the statutes allowing the issuance of CCW permits by County Sheriffs or Chiefs of Police under *state law* to honorably retired peace officers are unconstitutional and violate the Equal Protection Clause. Plaintiffs allege that retired law enforcement officers are given special treatment in allowing them to carry concealed weapons without having to show good cause for a permit. Specifically, California Penal Code §§ 12027 and 12031(b) state that the statutes prohibiting the carrying of concealed weapons, § 12025, and loaded weapons, § 12031(a), do not apply to peace officers or to honorably retired peace officers.

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws." Plyer v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2382 (1982). A challenge, under an equal protection claim, to a statute affecting a non-fundamental right, is reviewed under the rational basis standard. United States v. Hancock, 231 F.3d 557, 565-566 (9th cir. 2000). In an equal protection analysis, and applying the rational basis standard, the court will presume that the legislation in question "is valid and will sustain it if the classification drawn by the statute is rationally related to a legitimate [governmental] interest." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440, 105 S.Ct. 3249 (1985), cert. denied, 519 U.S. 1149 (1997). Plaintiff has the burden of proving that the classification is wholly arbitrary and irrational, "and that it cannot conceivably further a legitimate governmental interest." United States v. Phelps, 17 F.3d 1334, 1345 (10th Cir.), cert. denied, 513 U.S. 844, 115 S.Ct. 135 (1994).

The statutes for issuance of carry concealed weapons permits are very similar to those of the State of Hawaii. In Young v. Hawaii, the court stated that the statutes at issue "are rationally related to the legitimate government interest in public welfare and safety." See Young v. State of Hawaii, 548 F. Supp. 2d 1151, 1169-70 (Dist. Hi. 2008). Hawaii's related statute provides in pertinent part, "In an exceptional case, when an applicant shows reason to fear injury to the applicant's person or property, the chief of police of the appropriate county ***may*** grant a license to an applicant . . . to carry a pistol or revolver and ammunition therefore concealed on the person . . ." Hi. Rev. St. § 134-9(a)(emphasis added). California's statute, which Plaintiffs herein complain of, states, "The sheriff of a county, upon proof that . . .good cause exists . . . ***may*** issue to that person a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person . . .." Cal. Pen. Code § 12050(a)(1)(A)(emphasis added). In both states, the statutes pertain only to the carrying of weapons on one's person, and do not constitute a complete ban to the carrying of weapons or pertain to possessing weapons in one's home or business. The foregoing statutes only reasonably regulate the ability to carry a weapon concealed on the person, which is reasonably related to the safety of the public. Plaintiffs have, and always have had, the right to have a weapon in their home or business. As the court ruled in

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

Young, Heller, and Nordyke, reasonable restrictions to not violate Plaintiffs' constitutional rights.

Plaintiffs allege that the case of Silveira v. Lockyer applies in their favor here. 312 F.3d 1052 (9th Cir. 2002) reh'g en banc denied, 328 F.3d 567, cert. denied, 124 S.Ct. 803 (2003). Silveira dealt with California's ban on assault rifles, and the court upheld the statute in every respect, except one. The court found no rational basis existed for allowing retired peace officers to possess assault weapons without any restriction on use, when active peace officers were permitted to possess and use such weapons when off-duty only for law enforcement purposes. Id. at 1090-92. The basis for allowing active off-duty officers to possess and use assault weapons was that a peace officer is on call 24-hours a day, and may be called upon at any time to respond to a call for help. The same is not true of retired officers. Because they are not on call at all after retirement, there was no rational basis in allowing retired officers to keep assault weapons. Id.

The justification and rationale for exempting retired peace officers from the CCW permit requirements is not the same as for the exception to the assault weapon ban in Silveira. The justification for a CCW is personal protection, not public protection. Peace officers were entitled to carry assault weapons so that they would not be inadequately armed to confront criminals while protecting the public. On the other hand, they are entitled to carry concealed weapons to protect themselves from the enemies they have made in performing their duties. While an officer's duty to respond to the public's calls for help stops when he retires, the threat of danger from enemies he might have made during his service does not. Therefore, there is a rational basis for allowing a retired officer to continue to carry a concealed weapon, even though there was no rational basis for allowing the same officer to keep an assault weapon. See Silveira, supra.

The allegation of the complaint herein with respect to these particular plaintiffs, is that they were denied CCW permits upon application. To the extent that the allegations under this cause of action are directed against the County of Sacramento Defendants relating to the California State statutes pertaining to the local issuance of CCW permits/licenses, no such claim

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

can be pled. The complaint alleges at paragraph 688 that the County Defendants' policy with respect to the issuance of CCW permits "mirrors" the Penal Code sections complained of, which thereby directs the core of the complaint back to the statute itself rather than the entity's or individual defendant's actions with respect to the statute. A claim regarding the validity of a State Statute under constitutional standards, does not lie against a County entity or its employees. Therefore, this cause of action should be dismissed with prejudice as pled against the County of Sacramento and its employee-defendants.

**D. There Is No First Amendment Implication Based upon Not Contributing to a Political Campaign. Therefore Plaintiffs' Third Cause of Action under the First Amendment Fails to State A Claim.**

The Plaintiffs' Third Cause of Action alleges violation of their rights under the First Amendment Free Speech and Association Clause. The Plaintiffs allege that their First Amendment rights of freedom of expression and association have been violated because Defendants have a policy favoring campaign contributors and political supporters regarding the issuance of CCW permits. Plaintiffs further allege that persons who do not financially support Defendants are "summarily" denied CCW Permits. Plaintiffs cannot, as a matter of law, state a claim for violation of the First Amendment as there is no first amendment implication based upon not contributing to a political campaign.

The cases that pertain to the connection between the First Amendment and campaign contributions, and when the First Amendment is implicated, deal with whether or not the First Amendment right to speech and association is violated by state or local statutes which limit campaign contributions and expenditures. For instance, in Nixon vs. Shrink Missouri Government Pac. et al., 528 U.S. 377 (2000), the United States Supreme Court reversed a decision that held that a Missouri state statute violated the First Amendment by limiting campaign contributions to state political candidates. The plaintiff in that case was a candidate for the nomination for Missouri State Auditor. Similarly, in the case of Union Steel Workers of America vs. Sadlowski, 457 U.S. 102 (1982), the court held that a union's decision to adopt a rule prohibiting candidates for union office from accepting campaign contributions from non-members does not violate the First Amendment. In Buckley vs. Valeo, 424 U.S. 1 (1976), the

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

court found that the Federal Election Campaign Act of 1971's expenditure ceiling violated the First Amendment. These and similar federal cases dealing with the issue of whether the First Amendment was violated in connection with campaign contributions have dealt with statutes or ordinances which limit campaign contributions or expenditures.

Defendants know of no reported decision which holds the First Amendment is violated when someone decides not to make a campaign contribution and later feels that he or she was not treated fairly by the government entity represented by the candidate. Therefore, Plaintiffs' have failed to state and cannot state a claim against County Defendants, and this cause of action should be dismissed without leave to amend.

**E. Plaintiffs' Fourth Cause of Action Pled Under the Second Amendment to the United States Constitution, Fails to State a Claim Because There is No Constitutional Right to a Carry Concealed Weapon Permit.**

Plaintiffs' Fourth Cause of Action alleges that by reason of the denial of their applications for a CCW permit, that Plaintiffs' Second Amendment Rights have been infringed. Plaintiffs' claims fail as a matter of law, as there is no individual right to a CCW permit under the Second Amendment, and therefore, Plaintiffs have no standing to challenge gun possession issues.

In Nordyke vs. Kane, 319 F.3d 1185 (9th Cir. 2003), the plaintiffs were gun traders who brought a suit against a county to prevent enforcement of a county ordinance which made it a misdemeanor to be in possession of a gun on county property. The plaintiffs brought claims under the First and Second Amendments. Even though the court at that time found that the Second Amendment guarantees collective rights of the states to maintain an armed militia, but does not confer individual protection for a person's right to bear arms, it also found that there is no individual standing to bring a claim under the Second Amendment against a local entity based upon *its regulations* with respect to gun ownership or possession. Id. at 1192. See also March vs. Rupf, 2001 U.S. Dist. Lexis 14708, wherein the court held that denial of concealed weapons permit is not a violation of the Second Amendment. More recently in Nordyke v. King, 2009 U.S. App. LEXIS 8244, affirmed the local municipality's restriction and regulation of gun possession in public places, namely its property and ruled that such restrictions do not violate the

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

Second Amendment.

Further, the court in District of Columbia v. Heller ruled that the Second amendment rights are not unlimited. The Court stated:

> Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and court routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. [Citations omitted.] For example, the majority of the 19th-century courts to consider the question ***held that prohibitions on carry concealed weapons were lawful under the Second Amendment or state analogues***. [Citations omitted.] District of Columbia v. Heller, 128 S.Ct. 2783, 2816; 171 L.Ed. 637, 678 (2008) (Emphasis added).

It is obvious that the Supreme Court ruling in Heller confirms that the reasonable regulations placed by the State of California and the County of Sacramento, for the carrying of concealed weapons in public is a reasonable regulation acceptable under the Second Amendment of the United States Constitution. It is well established law that an individual has no constitutional right to receive a "Carry Concealed Weapons" permit. Erdelyi vs. O'Brien, 680 F.2d 61 (9th Cir. 1982). Based on the foregoing, the Plaintiffs' Fourth Cause of Action fails to state a claim against County Defendants, and should therefore be dismissed without leave to amend.

**F. Plaintiffs' Fifth Cause of Action under the 14th Amendment, Privileges & Immunities Clause Fails to State a Claim Against County Defendants.**

Plaintiffs in their fifth cause of action allege that the denial of their CCW applications violates their rights under the Fourteenth Amendment's Privileges and Immunities Clause. Plaintiffs cite Saenez v. Roe, 526 U.S. 489 (1999) in their claim. Plaintiffs allege that the Privileges and Immunities clause includes a "personal" right to keep and bear arms. The Saenez case deals specifically with the right to travel between states within the United States and the receipt of welfare benefits and the establishment of state residency in order to qualify for those state benefits. There is no identification of the right to a permit to carry a concealed weapon as a "personal right", nor any treatment of the subject matter of this lawsuit including the issuance or non-issuance of a CCW permit, in the Saenez case. There are no facts plead which implicate a right held by Plaintiffs under the Privileges and Immunities Clause which was allegedly violated by County Defendants.

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

The privileges and immunities clause provides that "the Citizens of each state shall be entitled to all Privileges and Immunities in the several States." Article IV, Sec. 2, U.S. Constitution. The Supreme court has held it is "only with respect to those 'privileges and immunities' bearing on the vitality of the Nation as a single entity that a State must accord residents and non residents equal treatment"; Supreme Court of New Hampshire v. Piper, 470 U.S. 274, 279, 105 S.Ct. 1272 (1985). The complaint by plaintiffs must set forth facts showing interference with a right of national citizenship in order to state a claim for violation of the privileges and immunities clause. Russell v. Hug, 275 F.3d 812, 821-22 (9th Cir. 2002). "Discrimination on the basis of out-of-state residency is a necessary element for a claim under the Privileges and Immunities Clause." Giannini v. Real, 911 F.2d 354, 357 99th Cir. 1990)(citation omitted). See Young v. Hawaii, 548 F. Supp. 1151, 1170 (9th Cir. 2008). Plaintiff has pled no facts which implicate the Privileges and Immunities clause by differential treatment from other State of California residents.

In the case of Silveira v. Lockyer, 312 F.3d 1052, a 2002 9th Circuit case, in which Plaintiffs' counsel herein was also Plaintiffs' counsel, the court held that "the federal and state governments have the full authority to enact prohibitions and restrictions on the use and possession of firearms, subject only to generally applicable constitutional constraints, such as due process, equal protection, and the like." Id. at 1060. A CCW permit is issued to entitle the holder to carry a ***concealed*** firearm. Merely being denied a permit to carry a concealed weapon in public does not violate the Privileges and Immunities Clause. This cause of action fails to state a claim upon which relief can be granted, and should be dismissed without leave to amend.

**G. Plaintiffs' Have No Standing to Plead a Cause of Action under the Ninth Amendment.**

The Plaintiffs contend that their Ninth Amendment rights were violated by denial of a CCW permit to them. The Ninth Amendment does not encompass an individual right to bear arms, and a Plaintiff lacks standing to challenge local government regulations dealing with fire arm possession on Ninth Amendment grounds. San Diego Gun Rights Committee vs. Reno, 98 F.3d 1121 (9th Cir. 1996). As a matter of law, Plaintiffs do not have standing to assert a Ninth

Amendment claim, and therefore this cause of action should be dismissed without leave to amend.

**H. Plaintiffs' Claims Against the County of Sacramento Fail Pursuant to Statute and *Monell***

The County of Sacramento, as a public entity, is only subject to liability by statute. Cal. Gov't. Code § 815. Further, neither a municipal corporation nor its employees in their official capacities are subject to civil RICO liability. See Pedrina v, Chun, 97 F.3d 1296, 1300 (9th Cir. 1996). Therefore, as both Defendants Blanas and McGinness are sued herein as *Sheriffs* of the County of Sacramento, i.e., in their official capacity, they are immune from suit under a RICO claim. Therefore, the RICO claim should be dismissed as pled against the County of Sacramento, former Sheriff Blanas and Sheriff McGinness.

With respect to any claims pertaining to violations of Constitutional rights pled against the County of Sacramento, to impose municipal liability for violation of constitutional rights, the plaintiff must show (1) that ***the plaintiff possessed a constitutional right*** of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy was the moving force behind the constitutional violation. Warns v. Vermazen, 2003 U.S. Dist. LEXIS 23107 (N.D. Ca. 2003). The plaintiff has this burden of proof.

The analysis of section 1983 claims against a public entity falls under Monell v. Department of Social Services, 436 U.S. 658 (1978). In order to find the County, or the sheriff in his official capacity, liable under Monell, Plaintiffs must show a constitutional violation caused by a policy, practice, or custom of Sacramento County. Monell v. Department of Social Services, holds that a municipality may not be held liable under respondeat superior for claims pursuant to 42 U.S.C. § 1983; but only when the execution of a government policy or custom inflicted the injury to plaintiff, could the entity be responsible. Id. at 694.

According to Monell, a local public entity may only be liable in a Section 1983 action where there is an official policy, custom, or practice of the public entity of *deliberate indifference* to the rights of individuals, and as a result thereof, the plaintiff in the particular

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

litigation suffered a deprivation of his rights. Monell v. New York City Dep't. of Social Services, 436 U.S. 658 (1978) (italics added).

Both the Ninth Circuit holding in Silveira v. Lockyer, 312 F.3d 1052, in which case Plaintiffs' counsel herein (Gary Gorski) was also Plaintiffs' counsel, and the Supreme Court in Heller, held that "the federal and state governments have the full authority to enact prohibitions and restrictions on the use and possession of firearms, subject only to generally applicable constitutional constraints, such as due process, equal protection, and the like." Silveira. at 1060; Heller at 2816.

Plaintiffs' Monell claim against the County of Sacramento falls on the first factor: Plaintiffs have no constitutional right to a CCW permit. It is well established law that an individual has no constitutional right to receive a "Carry Concealed Weapons" permit. Erdelyi vs. O'Brien, 680 F.2d 61 (9th Cir. 1982). The denial of Plaintiffs' applications for such a permit cannot constitute a violation of a constitutional right, and therefore Plaintiffs cannot plead a Monell claim against the County of Sacramento. This cause of action should be dismissed with prejudice.

**I. Rothery Lacks Standing to Pursue this Lawsuit**.

California Penal Code § 12025 prohibits the carrying of a concealed weapon unless an individual applies for, and receives, permission to do so pursuant to § 12050(a)(1)(A), which states in pertinent part as follows:

> "The sheriff of a county, upon proof that the person applying is of good moral character, that good cause exists for the issuance,...., **may** issue to that person a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person.....
> (emphasis added)

The language of the statute on its face is permissive in nature, a conclusion confirmed by case law, which indicates that the sheriff has "extremely broad discretion" in whether to grant a CCW permit. Nichols v. County of Santa Clara, 223 Cal. App. 3d1236, 1240 (1990); see also CBS Inc. v. Block, 42 Cal. 3d 646,655 (describing sheriff's discretion as "unfettered"); Erdelyi v. O'Brien, 680 F.2d 61, 63 (9th Cir. 1982) (statute explicitly grants discretion to officer issuing CCW license). Plaintiffs nonetheless argue that their constitutional rights were violated because

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

preference was granted to political supporters and/or financial contributors of Sacramento County Sheriffs.

In order to proceed with a federal lawsuit alleging violations of the United States Constitution, a plaintiff must identify an injury "fairly traceable" to conduct on the part of Defendant that is unlawful. Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., et al., 454 U.S. 464, 472 (1982). Because this requirement of causal connection has been deemed an indispensable part of any action challenging such violations under 42 U.S.C. § 1983 (see Arnold v. Int'l Business Machines Corp., 637 F.2d 1350, 135 (9th Cir. 1981)), Plaintiff bears the burden of establishing causation in order to invoke federal jurisdiction under § 1983. A plaintiff accordingly lacks standing to seek redress in federal court unless he can make an initial showing that an unconstitutional policy, practice or custom motivated Defendants' denial of his CCW application.

Plaintiff cannot make that showing in this case, as he must in order to proceed with this lawsuit. See FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) (burden of proof in demonstrating standing rests with party asserting jurisdiction). The complaint states that Plaintiff Rothery did not complete the application process available to him, in that he never filed an appeal to the denial of his permit application. (See Complaint, ¶ 12.)

Rothery cannot establish standing to assert claims that had no role in the disposition of his particular application. e.g., not contributing to an election campaign. The Ninth Circuit's decision in Madsen v. Boise State Univ., 976 F.2d 1219 (9th Cir. 1992) supports this conclusion. In Madsen, the plaintiff complained about unconstitutional discrimination in the issuance of disabled parking permits on the Boise State campus. Like Plaintiff Rothery, Madsen filed a civil rights suit under 42 U.S.C. § 1983. The facts, however, revealed that Madsen never completed the formal permit application for obtaining a disabled parking permit. The Court ruled that since he did not complete the formal application process, Madsen was precluded from making a constitutional challenge. As the Ninth Circuit stated: "A plaintiff lacks standing to challenge a rule or policy to which he has not submitted himself by actually applying for the desired benefit." Id. at 1220.

While Madsen may be distinguishable on grounds that the Plaintiff in that case submitted no written application at all (instead making only oral inquiries about handicap parking), the rationale for the Ninth Circuit's decision is nonetheless applicable here. Both this case and Madsen involved the Plaintiff's failure to fully avail himself of the administrative application process before escalating his grievances to the Court. Without completing the administrative process, it would be sheer speculation to guess at what the decision on Rothery's application would have been or what policies (constitutional or otherwise) may have been implicated in the decision. In the absence of completing that process, Plaintiff Rothery cannot show that any unconstitutional policy played any role in the denial of his CCW application. As such, Rothery lacks standing and his complaint against Defendants must be dismissed on that basis without leave to amend.

**J. The Statute of Limitations Bars Plaintiffs' RICCO and § 1983 Claims Against Defendants Sheehan, Blanas and McGinness**

Federal statute 42 U.S.C. § 1983 does not provide any limitation period for determining when a party must bring civil action. The courts therefor use the personal injury statute of the state in which the action arose to determine the limitations period for bringing suit. See Owens v. Okure, 488 U.S. 235, 102 L. Ed. 2d 594, 109 S. Ct. 573 (1989). The Ninth Circuit holds that § 1983 actions in California are governed by the personal injury limitation. See Del Percio v. Thornsley, 877 F.2d 785 (1989). The California statute of limitations for general personal injury claims as of 2003, is two years from the date the claim accrued. California Code of Civil Procedure § 335.1.

Plaintiff's Second, Third, Fourth, Fifth and Sixth causes of action are brought pursuant to 42 USC § 1983 and specifically pled against defendant former Sheriff Lou Blanas. Lou Blanas retired as Sheriff on July 26, 2006. (See Request for Judicial Notice, Exhibit D.) Plaintiffs' complaint was filed herein on September 3, 2008. Therefore, based upon the two year statute of limitations, all claims pursuant to 42 U.S.C. § 1983 are barred as pled against Lou Blanas. Any claim for declaratory or injunctive relief, as in Plaintiffs' Seventh cause of action, against Sheriff Lou Blanas is moot, as Defendant Blanas has been retired since July of 2006.

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

Plaintiffs' First cause of action, under RICO statutes, has a four-year statute of limitations. Agency Holding Corp. v Malley-Duff & Associates, Inc., 483 U.S. 143 (1987). Plaintiffs have included Defendant Detective Tim Sheehan in their grouping of "NAMED DEFENDANT RACKETEERS." See Complaint at ¶ 34. The only allegations relating Detective Tim Sheehan with respect to the RICO claim to are those contained in the First cause of action and linked to Fred Mason as "co-conspirators" with respect to alleged RICO claims. Fred Mason, however, is not named as a Defendant in the Amended Complaint. The allegations are that Sheehan and Mason acted in concert as "co-conspirators". See Complaint at ¶¶ 30 & 31. Defendant Fred Mason retired from the Sacramento County Sheriff's Department in July of 2003. (See Request for Judicial Notice, Exhibit A.) Plaintiffs' complaint herein was filed more than five years after Mason's retirement. If Plaintiffs' allegations are to be believed, any and all actions allegedly taken by Mason and Defendant Sheehan as alleged in Plaintiffs' First Cause of Action (as these two individuals had to have acted in concert according to the complaint) necessarily must have occurred prior to Mason's retirement in July of 2003. Therefore, based upon the four-year statute of limitations, any and all claims against Defendant Tim Sheehan must be dismissed as they are barred by the statute of limitations.

Likewise, the allegations in paragraphs 30 and 31 of Plaintiffs complaint allege that collectively, Sheehan and Mason were co-conspirators *with* Sheriff Blanas and Sheriff McGinness. Again, as Mason retired in July of 2003, any actions in concert between these individuals in connection with Plaintiffs' RICO claims must necessarily have occurred prior to Fred Mason's retirement in 2003. Therefore, all RICO claims against Defendants Detective Sheehan, Sheriff Blanas and Sheriff McGinness are barred by the four year statute of limitations, and the RICO cause of action should be dismissed without leave to amend.

**K. Plaintiffs Have No Standing to Assert A Claim Based Upon Allegations of Wrongdoing At the Sacramento County Deputy Sheriffs' Association.**

From page 53 at paragraph 598 through paragraph 674 of Plaintiffs' complaint, in Plaintiffs' RICO claim, the allegations pertain to purported events more than four years before the filing of the complaint herein (e.g., January 2004), and which relate to the Sacramento

County Deputy Sheriffs' Association, the local union office for Deputy Sheriffs in Sacramento County. Plaintiffs herein are alleged to be residents of the County of Sacramento who allegedly were denied CCW permits, and are/were not a part of the Sheriff's Department nor the Sacramento County Deputy Sheriffs' Association (Union). These Plaintiffs have no standing to assert the claims that were made in the Barnsdale case which related to the Sacramento County Deputy Sheriff's Association, and which claims have already been adjudicated. Plaintiffs' allegations with respect to union issues and repeated recitation of purported "law" throughout their RICO claim, has nothing to do with these Plaintiffs or the denial of their CCW permit applications. Therefore, Plaintiffs cannot use these allegations in any manner to state a claim against County Defendants and any contrived causes of action based upon these allegations should be dismissed without leave to amend.

**L. Plaintiffs' Claim for Declaratory/Injunctive Relief Cannot be Maintained Against County Defendants**

Plaintiffs Seventh Cause of Action requests this Court to declare that California Penal Code §§ 12025, 12027, 12031 and 12050 are unconstitutional and in violation of the Second Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Further, Plaintiffs' seek a declaration from the Court that the County of Sacramento's policies with respect to these statutes likewise are unconstitutional. However, Plaintiffs also allege in their complaint at paragraph 688 that the County's policies with respect to these statutes mirrors the statutes themselves. (At paragraph 807 of the complaint, Plaintiffs allege to have attached a copy of the County's policy, but did not.)

The County of Sacramento did not enact the legislation Plaintiffs complain of, and cannot change that legislation. However, they are to abide by the legislation, and according to Plaintiffs' complaint, are doing so. Further, with respect to any individual decisions in the application of the statutes, Defendants are entitled to the discretionary immunities provided in

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

California Government Code § 820.2[1].

As discussed above, court after court, including the United States Supreme Court, have declared that reasonable restrictions of the possession and use of guns, including restricting the ability to carry a concealed weapon in public, are not in violation of the United States Constitution, and in particular the Second Amendment thereto. Therefore, this cause of action should fail, and be dismissed without leave to amend as pled against the County Defendants.

**II. <u>12(f) MOTION TO STRIKE</u>**

If County Defendants' motion to dismiss is not granted, Defendant move to strike significant portions of Plaintiffs' Amended Complaint.

Plaintiffs' complaint herein is based upon the denial of their applications for Carry Concealed Weapons permits. Plaintiffs allege that a reason they were not granted CCW permits is because they did not contribute to the election campaigns of either Sheriff Blanas or Sheriff McGinness, and that if they had done so, they would have been granted a permit. Plaintiffs allege that Sheriff Blanas and/or Sheriff McGinness were "selling" CCW permits in exchange for campaign contributions. These allegations are made in Plaintiffs' First Cause of Action, under their purported RICO claim.

Rule 12(f) of the Federal Rules of Civil Procedure provides that a party may move the court for an order striking portions of a pleading which are immaterial or impertinent to the matters at issue in the case. FRCP 12. The purpose of the motion is to avoid the time, effort, and expense necessary to litigate matters not properly included in the pleading. See <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), cert. granted, 509 U.S. 903, 113 S.Ct. 2992, 125 L.Ed. 2d 687 (1993) and judgment rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed. 2d 455 (1994).

Prejudice to County Defendants will result if the excessive irrelevant and inappropriate allegations are not stricken. Prejudice to County Defendants will likewise result due to the

---

[1] Cal. Gov't. Code § 820.2: Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

confusion of facts Plaintiffs allege, dating back as far as 1979, the confusion of issues which would result from claims for which these Plaintiffs have no standing to assert, and the potential for and probability of unnecessary and extensive and burdensome irrelevant discovery which would result from the inclusion of the inappropriate allegations, all of which would unduly and unjustifiably increase the time and expense to County Defendants. See Hoffman v. Sumner, 478 F. Supp. 2d 1024, 1028 (N.D. Ill. 2007); Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York, 278 F. Supp. 2d 313, 325 (N.D. N.Y. 2003); Hart v. Baca, 204 F.R.D. 456, 457 (C.D. Cal. 2001).

In addition, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss and Defendants should be entitled to the striking of Plaintiffs' recitation of purported allegations of law which muddy the complaint herein. Pareto v. FDIC, 139 F. 3d 696, 699 (9th Cir. 2003).

Plaintiffs' First cause of action, under RICO statutes, has a four-year statute of limitations. Agency Holding Corp. v Malley-Duff & Associates, Inc., 483 U.S. 143 (1987). Therefore, any allegations pertaining to RICO claims are limited to, and cannot extend farther back than the 4-years prior to the filing of this complaint. As a result, all allegations which relate to events prior to September 3, 2004, the reach of the 4-year statute of limitations, must be stricken.

Based upon the forgoing, Defendants request that the following paragraphs be stricken from Plaintiffs' Complaint as they refer to events prior to September 3, 2004, the extent of the 4-year statute of limitations:

Paragraphs 79 through 94;

Paragraphs 101 through 106;

Paragraphs 113 through 128;

Paragraphs 140 through 585;

Paragraphs 589 through 596;

Paragraph 598 through 606;

Paragraphs 607 through 610 (as conclusory allegations of law);

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

Paragraphs 611 through 622;

Paragraphs 623 through 630 (as conclusory allegations of law); and

Paragraphs 640 through 643 (as conclusory allegations of law).

Next in their RICO claim, Plaintiffs allege concerted actions between Defendant Sheehan and former Detective Fred Mason as co-conspirators. Because Mason retired from the Sheriff's Department in 2003 (beyond the reach of the statute of limitations), and the actions alleged are collective and collaboratively alleged against Mason and Sheehan, any alleged acts must have necessarily occurred prior to Mason's retirement in July of 2003. Therefore, all allegations relating to both Defendant Sheehan and Fred Mason should be stricken, and Defendant Sheehan be dismissed from Plaintiffs' RICO claim based upon statute of limitations. (See Request for Judicial Notice, Exhibit A.) Likewise, the allegations in paragraphs 30 and 31 of Plaintiffs complaint allege that collectively, Sheehan and Mason were co-conspirators *with* Sheriff Blanas and Sheriff McGinness. Again, as Mason retired in July of 2003, any actions in concert between these individuals in connection with Plaintiffs' RICO claims must necessarily have occurred prior to Fred Mason's retirement in 2003. Therefore, all RICO claims against Defendants Detective Sheehan, Sheriff Blanas and Sheriff McGinness are barred by the four year statute of limitations, and the RICO cause of action should be stricken from the complaint.

Finally, many of the allegations in the RICO cause of action have been "cut and pasted" from a prior RICO complaint filed by Plaintiffs' counsel, Gary Gorski, in the case of Barnsdale, et al. v. Polete, et al, United States District Court for the Eastern District of California, Case No. 07-CV-01636-LKK-KJM. (See Request for Judicial Notice, Exhibit B.) Judgment in favor of the defendants in the Barnsdale case was entered on February 12, 2008. (See Request for Judicial Notice, Exhibit C.)

Beginning at page 53, paragraph 598 through paragraph 674 on page 63, are cut and pasted directly from the Barnsdale complaint as follows:

| Rothery Complaint Paragraphs | ***are the same as*** | Barnsdale Complaint Paragraphs |
|---|---|---|
| 598 through 615 | | 75 through 90 |
| 616 | | 96 |

| | |
|---|---|
| 618 | 99 |
| 619 through 622 | 100 through 103 |
| 623 through 627 | 188 through 192 |
| 628 through 632 | 240 through 244 |
| 635 through 637 | 245 through 247 |
| 640 through 655 | 249 through 264 |
| 656 through 670 | 266 through 280 |
| 671 through 674 | 282 through 285 |

These Plaintiffs have no standing to assert the claims that were made in the Barnsdale case which related to the Sacramento County Deputy Sheriff's Association (the local union for Deputies of Sacramento County), and which claims have already been adjudicated. These Plaintiffs have no relation to or involvement with, or effect from, the events alleged in the above paragraphs.

Plaintiffs here have the burden to establish their standing to sue. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-61, 112 S.Ct. 2130 (1992). The first requirement for standing is that Plaintiffs must have suffered injury to a legally protected interest and, secondly, that the injury suffered can be traced to some wrongful or illegal conduct by the County Defendants. Id.; Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472, 102 S. Ct. 752 (1982). Plaintiffd cannot make any showing of a legally protected injury to them as a result of the allegations in this complaint, and particularly those in the paragraphs listed hereinabove, much less any showing of the second requirement. Therefore, County Defendants request that paragraphs 598 through 674 be stricken from Plaintiffs' complaint.

## III. 12(e)MOTION FOR A MORE DEFINITE STATEMENT

If County Defendants' Motion to Dismiss is not granted, Defendants County of Sacramento, former Sheriff Lou Blanas, Sheriff John McGinness, and Detective Tim Sheehan ("County Defendants") in response to Plaintiffs' complaint, hereby move pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement. Rule 12(e) provides, "A party may

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

Rule 8 of the Federal Rules of Civil Procedure sets for the basic standard for pleading in Federal Courts, that all claims or defenses alleged in a pleading shall be set forth in short and plain terms and shall be simple, concise and direct. Plaintiffs' complaint herein, is composed of 78 pages and 808 paragraphs of purported allegations dating back as far as 1979. This is an egregious violation of Rule 8's "short and plain" requirements. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); United States ex rel Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). In fact at least one court has stated that a defendant is expected to move for a more definite statement when faced with a lengthy, "shotgun" complaint. Anderson v. District Bd. of Trustees of Central Florida Comm. College, 77 F.3d 364, 366 (11th Cir. 1996).

Individuals not named as parties in the caption or preliminary facts, are identified as parties within the text of the complaint. Additionally, causes of action identified in the caption are identified differently in the body of the complaint, and made against different parties in each place; Plaintiffs' RICO cause of action is alleged in the body of the complaint as against "all personally named defendants," however, in the caption it is alleged only against Sheriff Blanas and Sheriff McGinness, which may or may not result in the claims being alleged against Defendants Sheehan and Brown. Plaintiffs' Third cause of action in the caption is stated as pertaining to the Second and Fourteenth Amendments, however in the body of the complaint, identifies the First and Fourteenth Amendments and presents allegations regarding campaign contributions; Plaintiffs' Fourth cause of action in the caption is based on the Fourteenth Amendment Privileges and Immunities clause, however the text of the complaint states this cause of action is based on the Second and Fourteenth Amendments; Plaintiffs' Fifth cause of action in the caption is for Ninth and Fourteenth Amendment violations, but in the complaint is as to the Privileges and Immunities Clause of the Fourteenth Amendment; The Sixth cause of action is identified as a Fourteenth Amendment in the caption and as a claim under the Ninth Amendment in the body of the complaint. In short, the complaint is massive, unorganized, and overwhelming to deal with, and contains copious amounts of material totally unrelated to these

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

Plaintiffs and for which they have no standing to assert.

Based upon the massiveness and unwieldy nature of this complaint, County Defendants hereby request the Court order Plaintiffs to plead succinctly and with more specificity in accordance with Rule 8, so that Defendants can reasonably prepare an answer if so required by the Court.

## IV. CONCLUSION

In totality, Plaintiffs' have failed to plead any claims against County Defendants upon which relief can be granted. In addition, much of Plaintiffs' complaint is immaterial to their claim of denial of CCW permits and is based on allegations upon which they lack standing to pursue. In total, County Defendants see no basis upon which Plaintiffs can maintain this complaint, and respectfully request that County Defendants' motions herein be granted, leave to amend be denied, and this case be dismissed with prejudice.

DATED: May 11, 2009

LONGYEAR, O'DEA AND LAVRA, LLP

By: ***/s/ Jeri L. Pappone***
JOHN A. LAVRA
JERI L. PAPPONE
AMANDA L. BUTTS
Attorneys for County of Sacramento, former Sheriff Lou Blanas, Sheriff John McGinness, Timothy Sheehan