JOHN A. LAVRA, CSB No. 114533
JERI L. PAPPONE, CSB No. 210104
AMANADA L. BUTTS, CSB No. 253651
Longyear, O'Dea and Lavra, LLP
3620 American River Drive, Suite 230
Sacramento, Ca. 95864
Telephone: (916) 974-8500
Facsimile: (916) 974-8510

Attorneys for County of Sacramento
(also erroneously sued herein as Sacramento
County Sheriff's Department); Lou Blanas,
John McGinness, Timothy Sheehan, and
Fred Mason

# UNITED STATES DISTRICT COURT  EASTERN DISTRICT

# OF CALIFORNIA SACRAMENTO DIVISION

| | |
|---|---|
| JAMES ROTHERY, Esq.; ANDREA HOFFMAN, <br><br> Plaintiffs, <br><br> v. <br><br> Former Sheriff LOU BLANAS; SHERIFF JOHN McGINNESS; Detective TIM SHEEHAN; Detective FRED MASON; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, an independent branch of government of the COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO; STATE OF CALIFORNIA ATTORNEY GENERAL JERRY BROWN; DOES 1 through 25, unknown co-conspirators; ATTORNEY GENERAL MICHAEL B. MUKASEY, <br><br> Defendants. | **CASE NO. 2:08-CV-02064-JAM-KJM** <br><br> **Date:  July 1, 2009** <br> **Time:  9:00 a.m.** <br> **Ctrm: 6** <br> **Judge: Honorable John A. Mendez** <br><br> **COUNTY DEFENDANTS'** *REPLY* **REGARDING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [FRCP 12(b)(6)]; MOTION TO STRIKE [FRCP 12(f)]; AND MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]** <br><br> **OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

SACRAMENTO COUNTY DEFENDANTS submit this Reply in connection with their above-described motions set for hearing on July 1, 2009.

<u>Plaintiffs' Opposition Should be Disregarded as Untimely</u>.

County Defendants' above-described motions were noticed for hearing on July 1, 2009. According to Eastern District Local Rule 78-230, "Opposition shall be personally  [served] on

**COUNTY DEFENDANTS' REPLY REGARDING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [FRCP 12(b)(6)]; MOTION TO STRIKE [FRCP 12(f)]; AND MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]**

1 opposing counsel not less than fourteen (14) days preceding the hearing date (personal service)
2 or mailed or electronic service not less than seventeen (17) days preceding the hearing date."
3 Plaintiffs electronically served their opposition to County Defendants' motions on June 17, 2009,
4 fourteen (14) days preceding the July 1, 2009 hearing date rather than seventeen (17) days
5 preceding the hearing date as mandated in the Local Rule.  Therefore, as Plaintiffs' opposition
6 was three days late, County Defendants request that Plaintiffs be denied oral argument with
7 respect to these motions and that Plaintiffs' Opposition to County motions be disregarded by this
8 Court, as if no opposition had been filed.

Plaintiffs' RICO Claim Cannot be Maintained.

First, Plaintiffs have not plead and cannot show even with amendment, any injury to their business or property as a result of the denial of their CCW permit applications.  There is no property right to a CCW permit, and the denial of Plaintiffs' permit applications has resulted in no tangible or concrete financial loss to them according to their complaint.

Second, Defendants Blanas and McGinness, are sued in their official capacities.  When officials of a public entity are sued in their official capacity, it is not a suit against the official, but rather a suit against the office of the official, or the entity itself.  Brandon v. Holt, 469 U.S. 464, 471 (1985).  "Official capacity" suits against individual state actors are a vehicle used to sue the public entity itself, and such suits are considered as pled against the entity and not the individual.  Monell v. New York City Dep't. of Social Services, 436 U.S. 658, 690-91 (1978).  Defendants Blanas and McGinness are not distinct from the entity of the County of Sacramento in their official capacity.

Third, the actions of the County of Sacramento, and especially the issuance of local CCW permits by the County, does not, nor have Plaintiffs pled any facts which so allege, "exert a *substantial economic effect* on interstate commerce."[1]  Nor have Plaintiffs plead facts which allege how the denial of a CCW permit application creates an impact on Plaintiffs' ability to travel interstate.   Plaintiffs can carry their weapons with them traveling to other states in

---

[1] See Plaintiffs' citation to *Wickard v. Filburn*, 317 US 125, at page 2 of their Opposition.

**COUNTY DEFENDANTS' REPLY REGARDING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [FRCP 12(b)(6)]; MOTION TO STRIKE [FRCP 12(f)]; AND MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]**

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

accordance with the laws that govern the transport of weapons, e.g., unloaded and locked in their trunk, depending upon where or to what state they are traveling.

Finally, Plaintiffs' RICO claim fails based upon the statute of limitations in that the concerted actions by the "Named Racketeers", Blanas, McGinness, Sheehan and Mason, must necessarily have occurred prior to Mason's retirement from the "entity", which occurred in 2003, more than four years before this complaint was filed.

<u>Plaintiffs' Challenge to the Constitutionality of California State Statutes is Inapplicable to County Defendants</u>.

To the extent Plaintiffs challenge the constitutionality of the California Penal Code sections cited, i.e., §§ 12025, 12027, 12031, 12050-12054, their complaint as addressed against the Sacramento County Defendants, fails to state a claim upon which relief can be granted. The County Defendants have no authority over the creation or modification of the California State statutes.  Therefore, Plaintiffs' "Opposition and Counter Motion for Judgment on the Pleadings" fails against County Defendants.

<u>There is No Fundamental Right to a Carry Concealed Weapon Permit</u>.

Plaintiffs' allege that the right to carry a concealed weapon in public is a "fundamental" right and policies for issuance of CCW permits must therefor be narrowly tailored and pass strict scrutiny.  However, the law as it currently stands provides no constitutional or "fundamental" right to a CCW permit, and the reasonable restrictions imposed by the state statutes have been upheld by the Ninth Circuit in <u>Erdelyi v. O'Brien</u> as well as in <u>District of Columbia v. Heller</u>. <u>Erdelyi v. O'Brien</u>, 680 F.2d 61 (9th Cir. 1982); <u>District of Columbia v. Heller</u>, 128 S.Ct. 2783, 2816 (2008).

<u>Opposition to Plaintiffs' Motion for Judgment on the Pleadings</u>

Plaintiff cannot move for judgement on the pleadings prior to the close of the pleadings. FRCP 12(c).  No party has answered the Complaint, therefore, pleadings are not yet closed. Further, with respect to Plaintiff's "Motion for Judgment on the Pleadings," Plaintiffs state at page four of their document that only the facial challenge to the statute is being brought.

**COUNTY DEFENDANTS' REPLY REGARDING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [FRCP 12(b)(6)]; MOTION TO STRIKE [FRCP 12(f)]; AND MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]**

**Page 3**

Therefore, Plaintiff's counter motion for Judgment on the Pleadings is inapplicable to County Defendants.

### Accrual of a Cause of Action.

Under federal law, a cause of action accrues when the plaintiff "knows or has reason to know of the ***injury*** which is the basis of the action." Trotter v. Int'l Longshoremen's & Warehousemen's Union Local 13, 704 F.2d 1141, 1143 (9th Cir. 1983)(emphasis added). Knowledge of the injury, not the law upon which redress is available, is the key to the timing of the accrual of a cause of action. Plaintiff Rothery is an attorney. See Plaintiff's complaint, at paragraph 1. Plaintiff knew of the denial of his application for a CCW permit (the injury) on the date he received the letter from the Sacramento County Sheriff's Department so stating. See Plaintiffs' complaint at paragraph 11.

### Plaintiffs' Equal Protection Claim Fails to State a Claim

Plaintiffs contend that they were treated unlike others "similarly situated" in the processing of their CCW applications by the County of Sacramento. Plaintiffs contend that "Honorably Retried Peace Officers are given preferential treatment in that they receive [CCW permits] automatically." However, Plaintiffs are not "similarly situated" to honorably retired law enforcement officers, so there can be no comparison for equal protection purposes. The issuance of CCW permits to retired law enforcement officers is regulated by state statutes, presumably constitutional and separate from those statutes regulating the issuance of CCW permits to individuals other than retired law enforcement officers, which are likewise presumably constitutional under a rational basis standard. United States v. Hancock, 231 F.3d 557, 565-566 (9th Cir. 2000); City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440, 105 S.Ct. 3249 (1985). Any allegations by Plaintiffs that the California State CCW licensing statutes are unconstitutional fail to state a claim against the County Defendants.

It has been shown in the moving papers that the pleading on its face fails to create plausible claims to which Plaintiffs would be entitled to recovery, and for which Plaintiffs have

**COUNTY DEFENDANTS' REPLY REGARDING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [FRCP 12(b)(6)]; MOTION TO STRIKE [FRCP 12(f)]; AND MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]**

**Page 4**

standing to assert. Plaintiffs' opposition has not shown that any amendment to the pleading could create any entitlement to relief by these Plaintiffs against the County Defendants.

Therefore, based upon the moving papers, reply and supporting documentation filed by County Defendants, it is respectfully requested that the court dismiss Plaintiffs' complaint *without leave to amend* as no cognizable claims can be made by these Plaintiffs against the County Defendants.

DATED: June 23, 2009                LONGYEAR, O'DEA AND LAVRA, LLP

*/s/ Jeri L. Pappone*
By: _____
JOHN A. LAVRA
JERI L. PAPPONE
AMANDA L. BUTTS
Attorneys for County of Sacramento,
Lou Blanas, John McGinness, and
Timothy Sheehan

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

**COUNTY DEFENDANTS' REPLY REGARDING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [FRCP 12(b)(6)]; MOTION TO STRIKE [FRCP 12(f)]; AND MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]**