EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
DOUGLAS J. WOODS, State Bar No. 161531
Supervising Deputy Attorney General
GEOFFREY GRAYBILL, State Bar No. 53643
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5465
 Fax: (916) 324-8835
 E-mail: Geoffrey.Graybill@doj.ca.gov

*Attorneys for Defendant Edmund G. Brown Jr.,
Attorney General for the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROTHERY, Esq.; ANDREA HOFFMAN,<br><br>Plaintiffs,<br><br>v.<br><br>Former Sheriff LOU BLANAS; SHERIFF JOHN MCGINNIS; Detective TIM SHEEHAN; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, an independent branch of government of the COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO; STATE OF CALIFORNIA ATTORNEY GENERAL JERRY BROWN; DOES 1 through 225, unknown co-conspirators,<br><br>Defendants. | Case No. 2:08-cv-02064-JAM-KJM<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE AS TO DEFENDANT ATTORNEY GENERAL**<br><br>Date: July 15, 2009<br>Time: 9:00 a.m.<br>Ctrm: 6<br>Judge: The Honorable John A. Mendez<br>Action Filed: September 3, 2008 |

 The motion by Defendant Attorney General of California Edmund G. Brown Jr. to dismiss the First Amended Complaint ("FAC") came on regularly for hearing before this Court on July 15, 2009, with Deputy Attorney General Geoffrey L. Graybill appearing for defendant moving

1

(Proposed) ORDER DISMISSING FAC (2:08-cv-02064-JAM-KJM)

PDF created with pdfFactory trial version www.pdffactory.com

party and Daniel M. Karalash appearing for plaintiffs in opposition.  For the reasons stated on the record at the hearing and summarized below, the Attorney General's motion to dismiss is GRANTED, with prejudice.  A copy of the transcript of the Court's ruling at the hearing is attached hereto and incorporated by reference as though fully set forth herein.  The Court has adopted much of the reasoning set forth in the unpublished Memoranda and Orders by the Honorable Morrison C. England, Jr. entered on September 3, 2004 and February 5, 2008 in *David K. Mehl et al. v. Lou Blanas et al.*, U.S. District Court for the Eastern District of California, No. CIV. S 03-2682 MCE KJM.  Except for allegations against Sacramento County defendants in this action regarding violations of the federal Racketeer Influenced and Corrupt Organizations Act (RICO), the allegations in *Mehl* and in this case are virtually identical.  Judge England's orders are attached hereto for ease of reference.

Of the seven causes of action alleged in the FAC, two are directed against Sacramento County defendants only and are addressed in a separate order.

The first cause of action alleged against the Attorney General is the Second Cause of Action of the FAC, which claims pursuant to 42 U.S.C. section 1983 that on their face and as applied by defendants California Penal Code sections 12027, 12031(b) and 12050-12054 deny plaintiffs equal protection of the law by providing preferences to certain classes of applicants for carry concealed weapons licenses ("CCW").  For the reasons the Court stated at the hearing including adoption of portions of Judge England's orders, these allegations fail to state a claim for which relief can be granted and cannot be amended to state a claim.

The second cause of action alleged against the Attorney General is the Fourth Cause of Action of the FAC, which alleges pursuant to 42 U.S.C. section 1983 that the Second Amendment incorporated through the Fourteenth Amendment prohibits operation of the CCW statutes to preclude plaintiffs from carrying loaded concealed weapons outside their homes.  Even if incorporated through the Fourteenth Amendment, the Second Amendment as interpreted by the United States Supreme Court and by the United States Court of Appeals for the Ninth Circuit does not provide such a right.  Therefore, this cause of action fails to state a claim for which relief can be granted and cannot be amended to state a claim.

PDF created with pdfFactory trial version www.pdffactory.com

The third cause of action alleged against the Attorney General is the Fifth Cause of Action of the FAC, which alleges pursuant to 42 U.S.C. section 1983 that the Privileges or Immunities Clause of the Fourteenth Amendment prohibits operation of the CCW statutes to preclude plaintiffs from carrying loaded concealed weapons outside their homes.  As explained by this Court at the hearing and in Judge England's orders, there is no authority to support this contention.  Therefore, this cause of action fails to state a claim for which relief can be granted and cannot be amended to state a claim.

The fourth cause of action alleged against the Attorney General is the Sixth Cause of Action of the FAC, which alleges pursuant to 42 U.S.C. section 1983 that the Ninth Amendment prohibits operation of the CCW statutes to preclude plaintiffs from carrying loaded concealed weapons outside their homes.  As explained by this Court at the hearing and in Judge England's orders this contention has been squarely rejected by the United States Court of Appeals for the Ninth Circuit.  Therefore, this cause of action fails to state a claim for which relief can be granted and cannot be amended to state a claim.

The last cause of action alleged against the Attorney General is the Seventh Cause of Action of the FAC, which seeks declaratory and injunctive relief against all defendants based on the previous causes of action.  As explained by this Court at the hearing and in Judge England's orders, this is not a proper separate claim because it merely requests relief based on the previous causes of action.  Since the previous causes of action fail to state claims upon which relief can be granted, this cause of action also fails to state a claim for which relief can be granted and cannot be amended to state a claim.

Since none of the causes of action alleged against the Attorney General state a claim for which relief can be granted and the action is being dismissed as to him without leave to amend and with prejudice, this Court declines to consider his contentions that this action is barred by the Eleventh Amendment and that plaintiffs do not have standing under Article III.  *See Silveira v. Lockyer*, 312 F.3d 1052, 1066-1068 (9th Cir. 2002).

PDF created with pdfFactory trial version www.pdffactory.com

1 | For the reasons explained above, defendant Attorney General's motion to dismiss the First Amended Complaint as to him is granted.  Wherefore, the First Amended Complaint is hereby DISMISSED, with prejudice

Correspondingly, and because it was procedurally improper as the pleadings here were never closed, plaintiffs' countermotion for judgment on the pleadings as to defendant Attorney General is DENIED.

IT IS SO ORDERED.

DATED: July 28, 2009

/s/ John A. Mendez  
JOHN A. MENDEZ  
UNITED STATES DISTRICT COURT JUDGE

DATED: July 27, 2009         APPROVED AS TO FORM:

/s/   *GARY W. GORSKI*  
GARY W. GORSKI  
Law Office of Gary W. Gorski

Law Offices of Daniel M. Karalash

Attorneys for Plaintiffs Rothery and Hoffman

SA2009307218  
30793059.doc

4

(Proposed) ORDER DISMISSING FAC (2:08-cv-02064-JAM-KJM)