1 | JOHN A. LAVRA, CSB No. 114533
JERI L. PAPPONE, CSB No. 210104
2 | AMANDA L. BUTTS, CSB No. 253651
Longyear, O'Dea and Lavra, LLP
3 | 3620 American River Drive, Suite 230
Sacramento, Ca. 95864
4 | Telephone: (916) 974-8500
Facsimile: (916) 974-8510
5
6 | Attorneys for County of Sacramento
(also erroneously sued herein as Sacramento
7 | County Sheriff's Department); Lou Blanas,
John McGinness, Timothy Sheehan, and
8 | Fred Mason
9

**UNITED STATES DISTRICT COURT  EASTERN DISTRICT**

**OF CALIFORNIA SACRAMENTO DIVISION**

| | |
|---|---|
| JAMES ROTHERY, Esq.; ANDREA HOFFMAN, ) | **CASE NO. 2:08-CV-02064-JAM-KJM** |
| Plaintiffs, ) | |
| v. ) | Date:  September 9, 2009
Time:  9:00 a.m.
Ctrm:  6
Judge:  Honorable John A. Mendez |
| Former Sheriff LOU BLANAS; SHERIFF JOHN McGINNESS; Detective TIM SHEEHAN; Detective FRED MASON; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, an independent branch of government of the COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO; STATE OF CALIFORNIA ATTORNEY GENERAL JERRY BROWN; DOES 1 through 25, unknown co-conspirators; ATTORNEY GENERAL MICHAEL B. MUKASEY, ) | **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 USCS § 1988 AND FOR SANCTIONS PURSUANT TO 28 USCS § 1927 BY SACRAMENTO COUNTY DEFENDANTS** |
| Defendants. ) | |

*Left margin vertical text:* LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

1

**TABLE OF CONTENTS**

2

3   I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4   II.   PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5   III   FACTUAL BACKGROUND OF LITIGATION . . . . . . . . . . . . . . . . . . . . . . . . . . 2

6   IV.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7          A.   Plaintiffs' Claims Against Sacramento County Defendants Were
                Unreasonable, Meritless, Frivolous, or Vexatious, and In Bad Faith,
8               Entitling Defendants to Attorneys' Fees . . . . . . . . . . . . . . . . . . . . . . . . . . 3

9          B.   Plaintiffs' counsel should be jointly and severally liable for an award
                of attorneys' fees to Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
10

11         C.   Defendants are Entitled to $ 34,500.00 As Reasonable Attorneys' Fees . . . . . 8

12   V.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

---

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

1

**TABLE OF AUTHORITIES**

2

3 <u>U.S. Supreme Court Cases</u>

4 <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421, 54 L.Ed.2d 648,
       98 S.Ct. 694 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4
5

6 <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983) . . . . . . . . . . . . . . . . . . . 8

7 <u>Hughes v. Rowe</u>, 449 U.S. 5, 15  (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

8 <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) . . . . . . . . . . 4

9 <u>Federal Court Cases</u>

10 <u>Cruz v. Savage</u>, 896 F.2d 626 (CA1 Puerto Rico, 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11 <u>East Cascade Women's Group, P.C. v. Tutthill</u>, 216 F. Supp. 2d 1159
       (D.Or. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

12 <u>Intel Corporation v. Terabyte International</u>, 6 F.3d 614 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . 8

13 <u>Keegan Management Co., In re</u> 78 F.3d 431, 436 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . 5

14 <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d  67, 69-70 (9th Cir. 1975) . . . . . . . . . . . . . . . . . . 8

15 <u>Kurz v. Chase Manhattan Bank</u>, 324 F.Supp.2d 444, 451 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . 5

16 <u>Lewis v. Brown & Rood, Inc</u> 711 F.2d 1287 (5th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

17 <u>Lipsig v. National Student Marketing Corp.</u>, 214 U.S. App. D.C., 663 F.2d 178,
       181 (D.C.Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18 <u>Mark Ind., Ltd. v. Sea Captain's Choice, Inc</u>., 50 F.3d 730, 732 (9th Cir. 1995) . . . . . . . . . . . . 6

19 <u>Patton v. The County of Kings</u>, 857 F.2d 1379, 1382 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . 3, 9

20 <u>Peoro, In re</u> 793 F.2d 1048 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

21 <u>Royal Oak Entertainment, LLC v. City of Royal Oak, et al.</u>, 486 F.Supp.2d 675
       (E.D. MI. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

22 <u>Salstrom v. Citicorp Credit Services, Inc</u>., 74 F.3d 183, 184-185 (9th Cir. 1995) . . . . . . . . . . . 5

23 <u>Smith v. Smythe-Cramer Co.</u>, 754 F.2d 180, 183 (6th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . 4

24 <u>Sotomura v. County of Hawaii</u>, 679 F.2d 152 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

25 <u>Tutor-Saliba Corp., et al. v. City of Hailey, et al.</u>, 452 F.3d 1055, 1060 (9th Cir. 2006) . . . . . . 4

26

27

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

1  Wages v. Internal Revenue Service, 915 F.2d 1230, 1235 (9th Cir.) . . . . . . . . . . . . . . . . . . . . . . 6

2  Walker v. City of Bogalusa, 168 F.3d 237, 240 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . 4

3  Wilson-Simmons v. Lake County Sheriff's Dep't, 207 F.3d 818, 824 (6th Cir. 2000) . . . . . . . 5, 6

4  United States v. Blodgett, 709 F.2d 608, 610 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5  **Federal Codes**

6  28 U.S.C. § 1927 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6, 9

7  42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 7

8  42 U.S.C. § 1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 6, 9

9  FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

10  FRCP 12(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

11  FRCP 12(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**LONGYEAR, O'DEA & LAVRA, LLP**
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

1

# I.

2

## INTRODUCTION

3      Defendants County of Sacramento and former Sheriff Lou Blanas, Sheriff John

4 McGinness, and Timothy Sheehan (hereinafter "Sacramento County Defendants") hereby move

5 the court for an order awarding attorneys' fees in the amount of $ 34,500.00, to Defendants as

6 the prevailing party in this 42 U.S.C. §1983 civil rights case pursuant to 42 U.S.C. § 1988 and

7 against Plaintiffs. Defendants also request the Court award attorneys fees to Defendants as

8 against Plaintiffs' counsel pursuant to 28 U.S.C. § 1927.   Defendants are entitled to an award of

9 attorneys' fees based on this lawsuit as unreasonable, frivolous, meritless, and vexatious and for

10 Plaintiffs' counsel's subjective bad faith in the bringing of this lawsuit.

11

# II.

12

## PROCEDURAL HISTORY

13      This case was brought by Plaintiffs Rothery and Hoffman through their counsel, Gary

14 Gorski and Daniel Karalash, based upon the purported improper denial of their Carry Concealed

15 Weapon ("CCW") permit applications.  Plaintiffs alleged they were denied CCW permits by the

16 Sacramento County Sheriff's Department because they had not contributed to the Sheriff's

17 election campaign, and that if they had contributed to the campaign, they would have been

18 granted CCW permits. Plaintiffs also claimed that the County Defendants were involved in

19 RICO activities which affected their rights, and that alleged incidents involving the Sacramento

20 County Deputy Sheriff's Association legally impacted them.  The Complaint was filed on

21 September 3, 2008.   Sacramento County Defendants were served on or about January 2, 2009.

22      On April 2, 2009,  Sacramento County Defendants filed and served motions to dismiss

23 pursuant to Federal Rule of Civil Procedure 12(b)(6), to strike pursuant to Federal Rule of Civil

24 Procedure 12(f) and for a more definite statement pursuant to Federal Rule of Civil Procedure

25 12(e),  scheduled for hearing on May 6, 2009.  Plaintiffs *did not file any opposition* to the

26 motions.  The court issued an order filed on May 1, 2009 at 11:30 a.m.,  taking the hearing off

27 calendar, and stating that the motions would be ruled on based upon the papers. As soon as the

LONGYEAR, O' DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

---

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

court stated it was taking the motions under submission, thirteen minutes later, at 11:43 a.m., Plaintiffs' counsel filed a "Notice" of intent to file an amended complaint, which would effectively render any action on the motions moot.

Plaintiffs then followed through and filed an amended complaint on May 2, 2009 (a Saturday). The amended complaint was essentially the same as the original, but with a few added minor allegations which, upon review, made no difference in the substance of the issues or causes of action pled. The amended complaint contained no substantive changes to the original, and appears to have been filed in order to delay the proceedings in this case, which caused unwarranted legal expenses to Defendants.

Defendants for the second time, prepared and filed a motion to dismiss pursuant to FRCP 12(b)(6), a motion to strike, FRCP 12(f) and for a more definite statement, FRCP 12(e), on May 11, 2009, for hearing on July 1, 2009. Plaintiffs served their opposition to the motion(s) three days late. Hearing was continued by the court from July 1 to July 15, when oral argument was heard.

The complaint was dismissed against Sacramento County Defendants by motion pursuant to FRCP 12(b)(6) by court order on July 27, 2009.

Defendants, State of California and Attorney General Edmund G. Brown were dismissed by motion pursuant to FRCP12(b)(6) by court order on July 29, 2009.

### III

### FACTUAL BACKGROUND OF LITIGATION

Plaintiffs' counsel, Gary W. Gorski and Daniel M. Karalash, filed and litigated the case of *Mehl, et al. v. Lou Blanas, et al.*, United States District Court for the eastern District of California, Civ. No. S03-2682 MCE KJM. In that lawsuit, based upon identical premises that Plaintiffs were denied their applications for CCW permits because they did not contribute to the Sheriff's election campaign, and had they done so, they would have received their permits, the court granted Sacramento County Defendants' motion for summary judgment and entered judgment in favor of Defendants in February of 2008. This current action was filed in

---

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

September of 2008.  The only difference between the *Mehl* case and the current litigation, was the inclusion of the RICO cause of action.

Plaintiffs' original complaint was 74 pages long, containing 758 paragraphs, many of which were nonsensical or merely listed individuals who had been granted gun permits during the past twenty years by the Sheriff's Department, or contained purported case law.  The amended complaint was 78 pages long, containing 808 paragraphs.  Along with several additional paragraphs within the RICO cause of action, the amended complaint added a cause of action for declaratory and injunctive relief.

**IV**

**ARGUMENT**

**A.  Plaintiffs' Claims Against Sacramento County Defendants Were Unreasonable, Meritless, Frivolous, or Vexatious, and Brought In Bad Faith, Entitling Defendants to Attorneys' Fees.**

42 U.S.C. §1988(b) allows a prevailing party to recover attorneys' fees as part of a recovery of costs.  42 U.S.C. § 1988(b) states in pertinent part, "In any action or proceeding to enforce a provision of [. . .] the Revised Statutes [42 USCS §§ 1981-1983 . . .], . . . the court, in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee as part of the costs, . . . ."  When the plaintiffs' action is frivolous, unreasonable, or without foundation, a prevailing defendant in § 1983 litigation may be entitled to an attorney's fee award.

Plaintiffs brought this lawsuit pursuant to 42 USCS § 1983 based upon allegations of violation of their constitutional and civil rights.  As County Defendants have prevailed upon the motion to dismiss, this court may therefore order an award of attorney's fees to Defendants and against Plaintiffs.  Sotomura v. County of Hawaii, 679 F.2d 152 (9th Cir. 1982).

A prevailing civil rights defendant should be awarded attorneys' fees where the action brought is found to be unreasonable, frivolous, meritless or vexatious.  Patton v. County of King, et al., 857 F.2d 1379, 1381 (9th Cir.1988) citing, Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 54 L.Ed.2d 648, 98 S.Ct. 694 (1978).  Pursuant to 42 USCS § 1988, attorney fees may be awarded to a prevailing defendant upon a finding that the plaintiff's action was frivolous,

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

1    unreasonable, or without foundation, even though not brought in subjective bad faith.

2    <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421 (1978).  An action is frivolous if it

3    lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct.

4    1827, 104 L.Ed.2d 338 (1989). Likewise, an award of attorneys fees is appropriate when the

5    court finds that the plaintiff's actions were "frivolous, unreasonable, or groundless, or that the

6    plaintiff continued to litigate after it clearly became so."  <u>Hughes v. Rowe</u>, 449 U.S. 5, 15

7    (1980).  A lawsuit is frivolous if it is "so lacking in arguable merit as to be groundless or without

8    foundation."  <u>Walker v. City of Bogalusa</u>, 168 F.3d 237, 240 (5th Cir. 1999).

9         Courts have awarded attorneys fees to prevailing defendants where no evidence supports

10   the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate

11   failure is clearly apparent from the beginning or at some significant point in the proceedings

12   after which the plaintiff continues to litigate. <u>Smith v. Smythe-Cramer Co.</u>, 754 F.2d 180, 183

13   (6th Cir. 1985).  Courts which have awarded fees to prevailing defendants have emphasized the

14   lack of evidence of unconstitutional acts presented by the plaintiff.  <u>Id</u>. at 184; See, e.g., <u>Lewis v.</u>

15   <u>Brown & Rood, Inc</u>., 711 F.2d 1287 (5th Cir. 1983) (no evidence of discrimination and want of

16   prosecution), on reconsideration, 722 F.2d 209 (5th Cir.), cert. denied, 467 U.S. 1231, 104 S.Ct.

17   2690, 81 L.Ed.2d 884 (1984).

18        As set forth above, Plaintiffs' counsel knew or should have known that Plaintiffs' § 1983

19   claims lacked any merit based upon the *Mehl v. Blanas*,  lawsuit litigated by Plaintiffs' counsel

20   previously in this court.  "[B]ehavior is "vexatious" when it is harassing or annoying, regardless

21   of whether it is intended to be so, since it is enough that attorney acts in disregard of whether his

22   conduct constitutes harassment or vexation, thus displaying serious and studied disregard for

23   orderly process of justice."  <u>Cruz v. Savage</u>, 896 F.2d 626 (CA1 Puerto Rico, 1990).

24        The court herein found that Plaintiffs' claims lacked any factual and legal basis for the

25   constitutional claims made in its adjudication of County Defendants' motion to dismiss, an

26   assessment made at the time the complaint was filed.  See <u>Tutor-Saliba Corp., et al. v. City of</u>

27   <u>Hailey, et al.</u>, 452 F.3d 1055, 1060 (9th Cir. 2006).

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

**B.      Plaintiffs' counsel should be jointly and severally liable for an award of attorneys' fees to Defendants.**

28 USCS § 1927 states:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonable and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonable incurred because of such conduct.

Pursuant to 28 USCS § 1927, a prevailing defendant's attorney fees may be taxed to the opposing attorney "when an attorney has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party."   Wilson-Simmons v. Lake County Sheriff's Dep't, 207 F.3d 818, 824 (6th Cir. 2000) (internal citations omitted).   An award of sanctions pursuant to 28 USCS § 1927 may be made for harassing litigation tactics and a finding of subjective bad faith is sufficient.   In re Peoro, 793 F.2d 1048 (9th Cir. 1986)(emphasis added); Salstrom v. Citicorp Credit Services, Inc., 74 F.3d 183, 184-185 (9th Cir. 1995).  See also, United States v. Blodgett, 709 F.2d 608, 610 (9th Cir. 1983) (Sanctions awarded pursuant to § 1927 must be based upon a finding that the sanctioned attorney acted in subjective bad faith.) The court may make its determination of subjective bad faith based upon a combination or cumulation of factors, e.g., number and length of pleadings, the timing of the filings and the substance of the subject claims.  Salstrom, supra, at 185.  Bad faith on the part of a litigant can be evidenced, not only by bringing meritless claims, but by asserting meritorious claims for the purpose of harassing the opponent.  In re Keegan Management Co., 78 F.3d 431, 436 (9th Cir. 1995);  See also, East Cascade Women's Group, P.C. v. Tutthill, 216 F. Supp. 2d 1159 (D.Or. 2002); Kurz v. Chase Manhattan Bank, 324 F.Supp.2d 444, 451 (S.D.N.Y. 2004).  "A finding of bad faith 'does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or *mala fides*, the assertion of a colorable claim will not bar assessment of attorneys' fees.'"  Mark Ind., Ltd. v. Sea Captain's Choice, Inc., 50 F.3d 730, 732 (9th Cir. 1995)(quoting Lipsig v. National Student

LONGYEAR, O' DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

1    Marketing Corp., 214 U.S. App. D.C., 663 F.2d 178, 181 (D.C.Cir. 1980).

2         In the case of Royal Oak Entertainment, LLC v. City of Royal Oak, et al., 486 F.Supp.2d

3    675 (E.D. MI. 2007), the court found that when it became clear upon defendants' motion to

4    dismiss that plaintiffs and their counsel should have known that their federal claims had no basis

5    in the law, that the plaintiffs and their counsel should be held jointly and severally liable to

6    defendants pursuant to both  42 USCS § 1988 and 28 USCS § 1927 for attorneys fees related

7    thereto.  The court in Wilson-Simmons stated,

8         "An attorney's ethical obligation of zealous advocacy on behalf of his or her
         client does not amount to carte blanche to burden the federal courts by pursuing
9         claims that are frivolous on the merits.  Accordingly when an attorney knows or
         reasonably should know that a claim pursued is frivolous, or that his or her
10        litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a
         trial court does not err by assessing fees attributable to such actions against the
11        attorney."
         Wilson-Simmons v. Lake County Sheriff's Dep't, 207 F.3d 818, 824 (6th Cir. 2000).

12   Under § 1927, the decision to award sanctions is a matter within the court's sound discretion.

13   Wages v. Internal Revenue Service, 915 F.2d 1230, 1235 (9th Cir. 1991), cert denied, 498 U.S.

14   1096, 111 S.Ct. 986, 112 L.Ed.2d 1071.

15        In this case Plaintiffs' counsel litigated the *Mehl* case in this court and received and

16   reviewed the Court's order granting County Defendants' motion for summary judgment.  Within

17   months of that ruling, Mr. Gorski and Mr. Karalash filed a complaint on the identical basis as the

18   *Mehl* case, included allegations from a case they also has previously litigated, entitled,

19   *Barnsdale, et al. v. Polete, et al*, United States District Court for the Eastern District of

20   California, Case No. 07-CV-01636-LKK-KJM[1], which pertained to the Sacramento County

21   Deputy Sheriff's Association, and added a RICO cause of action, which by the face of the

22   complaint was barred by the statute of limitations, and standing, if not by the lack of factual

23   basis.  It is interesting to note that Plaintiffs did not make any opposition to several portions of

24   Defendants' motion to dismiss.  Further, Plaintiff refers to "Plaintiff Mehl" in his argument in

25   opposition to Defendants' motions, indicating a "cut and paste" from that case to this for the

26

27        [1] Judgment in favor of the defendants in the *Barnsdale* case was entered on February 12, 2008.

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

1   arguments.

2        From the very onset of this case, Plaintiffs and their attorneys knew that their claims were

3   without merit.  Plaintiffs' counsel had all the information necessary to evaluate the legal validity

4   in bringing this case at the time it was initially filed.  Yet, knowing the legal and procedural

5   background, Plaintiffs' counsel set out again to sue the Sheriff, former Sheriff, and the Sheriff's

6   Department.

7        Even after having been educated in the prior *Mehl* litigation and placed in a position

8   which Plaintiffs' counsel should have recognized the objectively baseless nature of his clients' §

9   1983 claims, Plaintiffs' counsel knowingly put Defendants' to the expense of preparing and

10  filing a motion to dismiss twice.  Plaintiffs' counsel knew or should have known that the claims

11  of Plaintiffs had no merit, especially after having reviewed Judge England's rulings in the *Mehl*

12  litigation.   It is significant upon review of Judge England's order granting Defendants' motion

13  for summary judgment in the *Mehl* case, that the ruling there established that Plaintiffs' claims

14  were without merit. One can only wonder why Plaintiffs' counsel were pursuing this action on

15  identical issues but for the RICO claim.

16       Knowing what he did about his clients' cases at the time of the complaint, what other

17  explanation could there be for the continuing litigation by these attorneys against the Sheriffs

18  and the Department on the same issue, but bad faith, frivolousness and harassment.  The only

19  logical, inescapable conclusion is that Plaintiffs' attorneys used this Court and the authority of an

20  attorney practicing in this Court, to harass the Sheriff's Department and past and present Sheriffs

21  because of their personal animosity and disdain for management of the Department.  The use of

22  this Court and the Court process in this manner violates any sense of common decency and

23  respect, not to mention the lawful duties of attorney admitted to practice before this Court.  At

24  the end of the day, under such circumstances, the government should not be required to foot the

25  bill for attorneys' fees and costs to defend against frivolous and meritless claims and the

26  unnecessary and unreasonable litigation employed by Plaintiffs' attorneys in this and other like

27  cases.

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

**C.     Defendants are Entitled to $ 34,500.00 As Reasonable Attorneys' Fees.**

Defense counsel has represented defendants in this case since receiving notice of Plaintiffs' the complaint in September of 2008.   Defendants have incurred a total of $ 34,500.00 in attorneys' fees.

The Ninth Circuit in <u>Intel Corporation v. Terabyte International</u>, 6 F.3d 614 (9th Cir. 1993) set forth the guidelines for district courts in setting attorneys' fees.  The <u>Intel</u> court laid out the procedure as follows:

> "When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983).   Next, in appropriate cases, the district court may adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 69-70 (9th Cir. 1975), [citations omitted], that have not been subsumed in the lodestar calculation. [citations omitted].  The Kerr factors are: 1.  The time and labor required; 2.  The novelty and difficulty of the questions; 3.  The skill requisite to perform the legal services properly; 4.  The preclusion of other employment due to acceptance of the case; 5. The customary fee; 6.  The contingent or fixed nature of the fee; 7.  The limitations imposed by the client or the case; 8.  The amount involved and th results obtained; 9.  The experience, reputation and ability of the attorneys; 10. The undesirability of the case; 11.  The nature of the professional relationship with the client; and 12. Awards in similar cases.
> <u>Intel</u> at 623.

The detailed breakdown of the attorney hours expended in defending this action is as follows:

| September 2008 | 22.5 x $150.00 = $ 3,375.00 |
| October 2008 | 1.3 x $150 = $ 195.00 |
| November 2008 | 0 |
| December 2008 | 0.4 x $150 = $ 60.00 |
| January 2009 | 16.4 x $150 = $ 2,460.00 |
| February 2009 | 26.1 x $150 = $ 3,915.00 |
| March 2009 | 77.1 x $150 = $ 11,565.00 |
| April 2009 | 7.0 x $150 = $ 1,050.00 |
| May 2009 | 37.9 x $150 = $ 5,685.00 |
| June 2009 | 14.3 x $150 = $ 2,145.00 |

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

| July 2009 | 21.0 x $150 = $ 3,150.00 |
| Motion for Attorneys' Fees | 6.0 x $150 = $900.00 |

***GRAND TOTAL FEES:***          **$ 34,500.00** [2]

Defendants realize that the Court must exercise its discretion in determining whether to award attorneys' fees and in determining what amount is appropriate.  In making this determination, the Court will undoubtedly consider the financial ability of the Plaintiffs to comply with any award in the Defendants' favor under 42 USCS § 1988. The Ninth Circuit, in reviewing this issue has stated:

> "A district court should consider the financial resources of the plaintiff in determining the amount of attorney's fees to award to a prevailing defendant in a 1983 action. The award should not subject the plaintiff to financial ruin. Nevertheless, a district court should not refuse to award attorney's fees to a prevailing defendant... solely on the ground of the plaintiff's financial situation." Patton v. The County of Kings, 857 F.2d 1379, 1382 (9th Cir. 1988).

However, in this case, Defendants believe that Plaintiffs' counsel should be jointly and severally liable for an award of attorneys fees under 28 USCS § 1927.

From day one when this case was filed, Plaintiffs' counsel should have known that his clients had no likelihood of success in this litigation.  Plaintiffs claims were barred by statutes of limitations, standing, and lack of factual basis to support their claims, which their counsel knew or should have known, and yet Defendants were forced to defend this action, and prepare and file a motion for dismissal twice.  Each complaint filed had to be painstakingly reviewed word by word, line by line, and compared for any substantive changes - none of which were found.  In both complaints, the majority of the allegations had no connection whatsoever to the named Plaintiffs.   Following a tedious review of the two complaints, Defendants had to fashion their defense to the action twice.

Defendants contend that Plaintiffs' counsel used this court, again, and the availability of

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

---

[2] Defense counsel will comply with a request from the Court for the submission of all detailed client billings in this matter with appropriate redactions for attorney/client privilege and work product, for an *in camera* review.

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

LONGYEAR, O'DEA & LAVRA, LLP
Attorneys at Law
3620 American River Drive, Suite 230
Sacramento, CA 95864-5923
Telephone (916) 974-8500 / Facsimile (916) 974-8510

the public record to attorneys as a venue to name the public employee Defendants as extortionists and purveyors of graft.  There should be no free pass to use the court's records in this manner just because one is a licensed attorney.  The amended complaint was 78 pages and 808 paragraphs.  How could any attorney reasonably believe that was acceptable.  The complaints contained numerous inappropriate "statements" and allegations. Included were paragraphs that just stated a case cite (¶¶ 16, 42, 48, 624-630, 691, 783), ramblings about the *Freedmen* cases, multiple references to disputes between the Deputy Sheriff's Association, a labor union, and Sheriff's management (which were cut and pasted from Plaintiffs' counsels' complaint filed in the *Barnsdale* case, into this complaint), and paragraphs which labeled Defendants as extortionists (¶¶ 61, 645-675).  Plaintiffs' have no standing to make any claims based upon these allegations.  They were suing because they did not receive a carry concealed weapon permit.  Plaintiffs' attorneys nevertheless used the court to smear Defendants' good names in the public record.  The amended complaint also had 40 pages and 502 paragraphs listing persons who had received concealed weapons permits, some going back over 10 years, well beyond any statute of limitations.  (¶¶ 95-597).  Some paragraphs merely cited to and recited the language of federal statutes.  (¶¶ 607, 608, 708).  The complaints filed in this case clearly violated Rules 8 and 11 of the Federal Rules of Civil Procedure, and such abuse should not be tolerated, nor the expense of which foisted upon the public coffers.

**V**

**CONCLUSION**

For the foregoing reasons, Defendants are entitled to recover $ 34,500.00 in attorneys' fees against Plaintiffs and their counsel, jointly and severally.

Dated: August 5, 2009                LONGYEAR, O'DEA & LAVRA, LLP

/s/ Jeri L. Pappone
By: _____
JOHN A. LAVRA
JERI L. PAPPONE
Attorneys for Sacramento
County Defendants