The Law Offices of Gary W. Gorski
Attorney Gary W. Gorski
SBN: 166526
8549 Nephi Way
Fair Oaks, CA 95628
Tel. (916) 965-6800
Fax (916) 965-6801
usrugby@pacbell.net

Co-Counsel
The Law Office of Daniel M. Karalash
Attorney Daniel M. Karalash
SBN: 176422
Tel. (916) 787-1234
Fax (916) 787-0267
dmkaralash@surewest.net

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROTHERY, Esq.; ANDREA HOFFMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> Former Sheriff LOU BLANAS; SHERIFF JOHN McGINNIS; Detective TIM SHEEHAN; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, an independent branch of government of the COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO; STATE OF CALIFORNIA ATTORNEY GENERAL JERRY BROWN; DOES 1 through 25, unknown co-conspirators; ATTORNEY GENERAL MICHAEL B. MUKASEY, <br><br> Defendants. | CASE NO. 2:08-CV-02064-JAM-KJM <br><br> **DECLARATION OF GARY W. GORSKI IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND COUNTER MOTION FOR SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)** AND <br><br> Date: September 9, 2009 <br> Time: 9:00 a.m. <br> Ctrm: 6 <br> Judge: Honorable John A. Mendez |

## DECLARATION OF GARY W. GORSKI

I, Gary W. Gorski, make this declaration under the penalty:

1. The facts contained herein are of my own personal knowledge, and if called upon to do so, I am competent to and will testify as such.

2. I am the attorney of record for Plaintiffs.

3. I prepared ALL the pleadings in this case, and if attorney fees are to be levied, they are to be levied against me alone – no one else. I am the captain of my ship, and it will either sail or sink with me alone.

4. First, it must be noted that I anticipated a strong challenge on Rule 12(b)(6) grounds to the RICO cause of action. I anticipated a strictly legal challenge to the Second Amendment incorporation issue, and no challenge to the Equal Protection issue since the face of the Complaint clearly pleads a Fourteenth Amendment violation, as noted in the opposition filed concurrently herewith.

5. I chose to amend the Original Complaint for three (3) main reasons. First was with respect to naming the United States as a defendant. After consultation with the Assistant U.S. Attorney handling the case, the United States was dismissed from the suit. The second major reason dealt with the statute of limitations issue regarding Fred Mason. Finally, the third major reason the Complaint was amended was to adequately address the commerce issues raised in the initial filings of the moving Defendants.

6. As the Court will note, I dismissed parties and made numerous substantive additions and changes to the original complaint.

7. In preparation of this declaration, I compared the Original Complaint with the First Amended Complaint with WordPerfect's comparison program. The program indicated an astounding six thousand (6,000) plus character and word changes, resulting in a reduction of four (4) pages in length while simultaneously increasing the number of averments (i.e. paragraphs) from 866 to 915, all while cleaning up numerous typos to say the least.

8. Most importantly, these changes made substantive additions and deletions, all while addressing the substantive issues raised in the original Rule 12(b)(6) filings. Indicative of this is that moving Defendants original Rule 12(b) motion was 21 pages, and thereafter, in response to the First Amended Complaint, Defendants requested Ex Parte (which went unopposed) for an increase in the page limit to file another Rule 12(b) motion to the First Amended Complaint. This clearly indicates that Defendants recognized the substantive

1 changes, but then only made minor additions to their second motion.

2 9. With regard to the First Amended Complaint, commencing at paragraph 67 and ending at 674, these averments are specific to the predicate acts required to be plead with particularity under Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Federal Rules of Civil Procedure. If these averments are deleted, the result is a complaint with only 24 pages on ALL remaining causes of actions.

10. It is interesting to note that in the case of *Sykes v. McGinnis*, Case No. 09-cv-01235-MCE-KJM, the similarly situated Plaintiffs in that case filed a Notice of Related Cases in both *Mehl v. Blanas*, 03-CV-2682-MCE-KJM and *Rothery v. Blanas*, 08-CV-2064-JAM-KJM, and *Mehl* being the same identical case that this Court relied upon in dismissing Plaintiffs First Amended Complaint with prejudice.

11. I have never received a declaration or any evidence which reflects how the County can justify so much money in attorney fees and the hourly rate charged. This has severely prejudiced my preparation of an opposition.

12. The following exhibits are attached to the request for judicial notice filed concurrently herewith.

13. **Exhibit "A"** is a true and correct PDF scanned copy of the First Amended Complaint in the case of *Sykes v. McGinnis*, Case No. 09-CV-01235-MCE-KJM.

14. **Exhibit "B"** is a true and correct PDF scanned copy of the moving Defendants Answer to the First Amended Complaint in the case of *Sykes v. McGinnis*, Case No. 09-CV-01235-MCE-KJM.

15. **Exhibit "C"** is a true and correct PDF scanned copy of Notice of Related Cases filed in the cases of *Mehl v. Blanas*, 03-CV-2682-MCE-KJM and *Rothery v. Blanas*, 08-CV-2064-JAM-KJM, on behalf of the Plaintiffs in *Sykes v. McGinnis*, Case No. 09-CV-01235-MCE-KJM.

16. **Exhibit "D"** is a true and correct PDF scanned copy of DEFENDANT JOHN McGINNESS AND COUNTY OF SACRAMENTO'S NOTICE OF MOTION AND MOTION TO CONTINUE OR SUSPEND HEARING ON PLAINTIFFS' MOTION FOR SUMMARY

|     |     |     |
| --- | --- | --- |
| 1   |     | JUDGMENT in the case of *Sykes v. McGinnis*, Case No. 09-CV-01235-MCE-KJM. |
| 2   | 17. | **Exhibit "E"** is a true and correct PDF scanned copy of the SUPPLEMENTAL |
| 3   |     | MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT JOHN |
| 4   |     | McGINNESS AND COUNTY OF SACRAMENTO'S MOTION TO CONTINUE OR |
| 5   |     | SUSPEND HEARING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT in the |
| 6   |     | case of *Sykes v. McGinnis*, Case No. 09-CV-01235-MCE-KJM. |
| 7   | 18. | **Exhibit "F"** is a true and correct PDF scanned copy of the Court Docket Report in the case |
| 8   |     | of *Sykes v. McGinnis*, Case No. 09-CV-01235-MCE-KJM. |
| 9   | 19. | What is notably different from the docket report in this case is the fact that Defendants in |
| 10  |     | *Sykes* never filed a Rule 12(b)(6) motion to the very same incorporation issue raised here in |
| 11  |     | the First Amended Complaint. This begs the question, if the County really believed it had a |
| 12  |     | legal defense, why would they not raise the same identical legal issues that they now seek |
| 13  |     | attorneys fees for in this case?  The answer is clear – the County knows that the issues raised |
| 14  |     | in the pleadings here are legitimate constitutional arguments which advocate a legitimate |
| 15  |     | modification or change in the law, which is the incorporation of the Second Amendment |
| 16  |     | through the Fourteenth. |

I declare that the information contained in this declaration is true and correct and made under the penalty of perjury under the laws of the United States of America and the laws of the State of California, signed in Fair Oaks, California, on Wednesday, August 26, 2009.

/s/ Gary W. Gorski
GARY W. GORSKI
Declarant