The Law Offices of Gary W. Gorski
Attorney Gary W. Gorski
SBN: 166526
8549 Nephi Way
Fair Oaks, CA 95628
Tel. (916) 965-6800
Fax (916) 965-6801
usrugby@pacbell.net

Co-Counsel
The Law Office of Daniel M. Karalash
Attorney Daniel M. Karalash
SBN: 176422
Tel. (916) 787-1234
Fax (916) 787-0267
dmkaralash@surewest.net

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES ROTHERY, Esq.; ANDREA HOFFMAN,<br><br>        Plaintiffs,<br><br>vs.<br><br>Former Sheriff LOU BLANAS; SHERIFF JOHN McGINNIS; Detective TIM SHEEHAN; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, an independent branch of government of the COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO; STATE OF CALIFORNIA ATTORNEY GENERAL JERRY BROWN; DOES 1 through 25, unknown co-conspirators; ATTORNEY GENERAL MICHAEL B. MUKASEY,<br><br>        Defendants. | **CASE NO. 2:08-CV-02064-JAM-KJM**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND COUNTER MOTION FOR SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)**<br><br>Date: September 9, 2009<br>Time: 9:00 a.m.<br>Ctrm: 6<br>Judge: Honorable John A. Mendez |

**I.**

**INTRODUCTION**

Defendants COUNTY OF SACRAMENTO and former Sheriff LOU BLANAS, SHERIFF JOHN McGINNESS, and TIMOTHY SHEEHAN ("Defendants") have brought a motion for attorneys' fees basing their claim on 42 U.S.C. § 1988 and 28 U.S.C. § 1927. Defendants claim they

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND COUNTER MOTION FOR SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)**

**- 1 -**

1 are entitled to an award of attorneys' fees based on an allegation that Plaintiffs' counsel acted in subjective bad faith in bringing the above-captioned lawsuit claiming that the lawsuit is unreasonable, frivolous, meritless, and vexatious.

The Court need not read any further for the sake of judicial economy for Defendants have entirely ignored *L.R. 54-293*. They have failed to provide an affidavit or declaration attesting the enumerated elements mandated by this District. As such, the court and Plaintiffs have no basis to determine the reasonableness of Defendants purported fees as no evidence has been presented.

Defendants failure to comply with the Rule prejudices Plaintiffs rights and therefore the Defendants claim for fees must be denied.

In essence, Defendants are attempting to recover fees under the various attorney fee provisions of the Civil Rights Act of 1964 <u>without any supporting evidence</u>. When Congress enacted these provisions it was not for the purpose of chilling a citizen's right to challenge the government's encroachment and infringement of citizens' civil liberties. The purpose was just the opposite. The purpose was to give civil rights attorneys an incentive to accept cases in which the actual damages may be minimal, but the underlying cause noble, in order to protect and maintain the integrity of the Bill of Rights and the United States Constitution.

As such, the burden on prevailing defendants is high. Defendants must prove that plaintiffs acted in either an unreasonable, frivolous, meritless, or vexatious manner. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). The facts here do not support such a finding.

## II.

## PROCEDURAL HISTORY

This case was brought by Plaintiffs JAMES ROTHERY, Esq. and ANDREA HOFFMAN by and through their attorney of record Gary W. Gorski (Mr. Gorski assumes full responsibilty). The complaint was filed on September 3, 2008, and Defendants were served on or about January 2, 2009. On April 2, 2009, Defendants filed and served a motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a motion to strike pursuant to FRCP 12(f), and a motion for more definite statement pursuant to FRCP 12(e). A hearing was scheduled for May 6, 2009.

All while this was going on, in an identical case (albeit without the RICO cause of action and

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND COUNTER MOTION FOR SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)**

- 2 -

1  averments) involving the same "primary rights" and legal issues was and is still being defended by
2  the same principal defendants. See Plaintiffs Request For Judicial Notice Filed concurrently herewith
3  for relevant documents in *Sykes v. McGinnis*, Case No. 09-CV-01235-MCE-KJM.  As noted therein,
4  Defendants never made a Rule 12(b) motion, and instead, are opting to conduct excessive discovery
5  involving a purely legal issue – whether the Second Amendment is incorporated under the
6  Fourteenth – one of the same primary legal issues presented in this case.

7  On May 1, 2009, the court issued an order removing the scheduled hearing from the calendar
8  stating that the motion would be ruled on based on the filings. Later the same day Plaintiffs' counsel
9  filed a notice of intent to file an amended complaint and on May 2, 2009, an amended complaint was
10 filed.

11 Contrary to Defendants' assertion that the amended complaint contained no substantive
12 changes, among other things, the amended complaint contained substantial additions pertaining to
13 the RICO cause of action and also <u>dismissed</u> a former County employee, Mason, and the United
14 States of America, also a previously named defendant, from the Complaint. See Declaration of Gary
15 W. Gorski filed concurrently herewith pertaining to the reason for the amended pleading.

16 In short, by comparing the Original Complaint with the First Amended Complaint with
17 WordPerfect's comparison program, the program indicated an astounding six thousand plus character
18 and word changes, resulting in a reduction of 4 pages in length while simultaneously increasing the
19 number of averments (i.e. paragraphs) from 866 to 915, all while cleaning up numerous typos to say
20 the least that were changed from the Original Complaint to the First Amended Complaint. Gorski
21 Decl. ¶ 7.

22 Defendants again filed a motion to dismiss, motion to strike, and motion for more definite
23 statement on May 11, 2009 – if in fact the FAC contained no substantive changes, then why was it
24 necessary for Defendants to obtain leave of Court to exceed the page limit on their second motion.
25 A hearing was scheduled for July 1, 2009.  Thereafter, on June 17, 2009, Plaintiffs filed an
26 opposition to Defendants motions as well as a counter motion for judgment on the pleadings.
27 Subsequently, the hearing was continued by the court from July 1st to July 15th. Oral argument was
28 heard on July 15, 2009.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND COUNTER MOTION FOR SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)**

- 3 -

The complaint was dismissed against Defendants by motion pursuant to FRCP 12(b)(6) by court order on July 27, 2009. Defendants STATE OF CALIFORNIA and ATTORNEY GENERAL EDMUND G. BROWN were dismissed by motion pursuant to FRCP 12(b)(6) by court order on July 29, 2009.

If one to remove the RICO predicate acts plead, the following facts would easily have been gleaned from the First Amended Complaint, supporting a cognizable claim for relief under the Equal Protection Clause. See Gorski Decl. ¶ 9.

Plaintiffs JAMES ROTHERY, Esq., and ANDREA HOFFMAN have applied for permits to carry concealed weapons ("CCW"). FAC ¶ 1. Both Plaintiff ROTHERY and Plaintiff HOFFMAN have filled out the appropriate applications and payed the required fees. FAC ¶ 1. In addition, Plaintiffs have exhausted all CCW administrative appeal rights. FAC ¶ 2.

Plaintiff HOFFMAN applied for a CCW in November of 2007, and was denied. FAC ¶ 8. Thereafter, she appealed the decision and was again denied in 2008. FAC ¶ 8.

Plaintiff ROTHERY applied three (3) separate times over the course of Defendant Former Sheriff BLANAS' and Defendant SHERIFF McGINNIS' administrations. FAC ¶ 9. Plaintiff ROTHERY submitted his first application in 2003, and submitted his third and final consecutive application August 31, 2006. FAC ¶ 9. Each time an application was denied, Plaintiff ROTHERY was advised that he could not apply for another year. FAC ¶ 10. Approximately one (1) week after Plaintiff ROTHERY submitted his final application on August 31, 2006, he was contacted by a Detective of the Sheriff's Department. Approximately one (1) to two (2) weeks later he was notified via written letter from the Sheriff's Department that his application was denied, but that he had the right to appeal. FAC ¶ 11. Since he had lost his two previous appeals, Plaintiff ROTHERY now for the first time realized the CCW application process was wrought with unequal application of the law and was unfair. Knowing it would be futile, he did not file an appeal. FAC ¶ 12.

Plaintiffs, and others similarly situated, have been denied CCWs even though they were qualified and met the purported "good cause" criteria for issuance of a permit. FAC ¶ 4. A standard state Department of Justice ("DOJ") application is used statewide for all CCW applications. FAC ¶ 692. In this standard application there is a section required to be filled out in the presence of an

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND COUNTER MOTION FOR SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)

- 4 -

"investigator" in order to obtain facts justifying issuance of a CCW (i.e. good cause) FAC ¶ 693. The so-called "good cause" standard for Plaintiffs and other average citizens is addressed on the application in the form of "investigator's interview notes". FAC ¶ 693. However, information for the "prima facie" good cause standard for retired peace officers is not addressed in the application itself, even though the County Defendants have such a policy. FAC ¶ 694.

Per "Sacramento County Sheriff's Department, Concealed Weapons Permit Issuance Policy and Application Process" (codified in the challenged statutes), "Good cause exists for issuance of a concealed weapons permit as follows: General: The determination of good cause for the issuance of a concealed weapons permit is perhaps the most difficult aspect in this process. While every applicant may believe that he/she has good cause for a license, the Sheriff's determination is based on consideration of public good and safety." FAC ¶ 727.

However, under the same policy, the following is "prima facie evidence of good cause for issuance of a concealed weapons permit: Applicant is an active or honorably separated member of the criminal justice system directly responsible for the investigation, arrest, incarceration, prosecution or imposition of sentence on criminal offenders and has received threats of harm to person or family as a result of official duties." FAC ¶ 728.

Under this policy, all retired and former members of the State DOJ, Judges, District Attorney's Office, and Sheriff's Department are automatically granted permits, whereas all other citizens must show good cause, in direct violation of the equal protection clause of the Fourteenth Amendment. FAC ¶ 729. For instance, an officer who worked one day on the job, honorably retires because of injury, or just voluntarily retires, is granted a privilege to carry a concealed handgun for life, whereas all other citizens are not granted the same privilege. FAC ¶ 689. As follows, the CCW application is discriminatory on its face because it delineates differing standards for approval of CCW applicants among peace officers, judges, and common citizens. FAC ¶ 719. Additionally, both Plaintiff ROTHERY and Plaintiff HOFFMAN would have sought to apply for Honorary Deputy Sheriff's Commissions, had such commissions been available to the general public. FAC ¶ 5. However, Honorary Deputy Commissions are issued only to close friends and supporters of the Sheriff, and are not available to members of the general public. FAC ¶ 52. By obtaining an Honorary

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND COUNTER MOTION FOR
SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)

- 5 -

Deputy Sheriff Commission, the Honorary Deputy Sheriff is given the same wallet badge as is given to full time deputy sheriffs with a signed written credential issued by the Defendant Sheriffs' themselves, allowing these individuals to use such credentials for the purposes of graft and favors (e.g. getting out of traffic tickets). FAC ¶ 6.

Over the last five (5) or six (6) terms of office for Sheriff, the County of Sacramento Sheriff's office and management level employees of the County of Sacramento have systematically exercised a sphere of influence over the issuance of CCW permits and Honorary Deputy Commissions. FAC ¶ 51. The commissions consisted of a peace officer wallet badge and a Sheriff's official identification card which stated that the holder is an honorary deputy sheriff, and usually accompanied a CCW permit. FAC ¶ 51. The Sheriff often signed these commissions without the applicant having completed any POST training. FAC ¶ 51. These badges and identification cards are created using taxpayer funds, and were also made and issued by the same vendors and employees that are responsible for producing peace officer credentials for Full Time Active Duty Deputy Sheriffs. FAC ¶ 52.

In addition, the County of Sacramento Sheriff's office provides for exclusive membership in sub-organizations referred to as the Sheriff's Aero-Squadron and the Sheriff's Posse. FAC ¶ 56. The Sheriff's Aero-Squadron consists of wealthy campaign contributors who own private planes and jets. FAC ¶ 57. These planes have been used to transport Defendants BLANAS and McGINNIS to Las Vegas, Nevada, and various other venues out of state for personal, non-business related reasons. FAC ¶ 57. The Sheriff's Posse consists of campaign contributors who own horses. FAC ¶ 58.

Plaintiff HOFFMAN requested an Honorary Deputy Sheriff's Commission, to join the Sheriff's Posse, and to join the Sheriff's Aero-Squadron. FAC ¶ 7. However, she was denied all such oral applications. FAC ¶ 7. There is no written application made available to the public and, to this date, there has been no response to her appeal regarding her Honorary Deputy Commission, or her membership in either the Sheriff's Posse or Sheriff's Aero-Squadron. FAC ¶ 7.

By mailing letters of denial indicating that Plaintiffs had failed to show "immediate" threat of harm and failed to meet the "good cause" criteria for issuance of a CCW, it was Defendants' specific intent to fraudulently conceal from Plaintiffs the true reason for the denial of their CCWs. FAC ¶ 13.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND COUNTER MOTION FOR SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)**

- 6 -

Defendants actively misled Plaintiffs by issuing form letters of denial via mail that were knowingly false, without specifying that campaign contributors and friends received CCWs and honorary deputy badges and commissions. FAC ¶ 14.

Former Sheriff Craig and Defendant Former Sheriff BLANAS conspired to sell their power to those who contributed money through a variety of acts, including the issuance of level 3 reserve status to individuals who donated to the Sheriffs' campaigns, the issuance of identification cards and badges, the issuance of CCWs, and the promotion of individuals into key positions to effectuate these acts. FAC ¶ 59.

In fact, Defendants conspired for years, commencing under the Craig/BLANAS administration, to conceal the wrongs stated herein by (1) setting up a fake CCW review committee and appeal process to act as a cover for how CCWs are really issued; and (2) issuing form denial letters to well deserved CCW applicants with the intentionally false and misleading statement that the application was denied for lack of good cause, which was not the true reason for denial. FAC ¶ 15.

Defendant Detective TIM SHEEHAN and former Detective Fred Mason were co-conspirators with Defendants BLANAS and McGINNIS in that they were used extensively to solicit bribe money from campaign contributors, and in return assisted in issuing CCWs and Honorary Deputy Sheriff's Commissions to campaign contributors. FAC ¶ 30. Further, SHEEHAN and Mason were co-conspirators with Defendants BLANAS and McGINNIS in that they were used extensively to provide safety classes to campaign contributors, only so that these contributors could obtain CCWs, all during county hours and authorized by Defendants BLANAS and McGINNIS. FAC ¶ 31.

Plaintiffs have applied for concealed weapons permits and have been systematically impeded and rejected in obtaining such permits, along with other ancillary governmental benefits such as deputy sheriffs commissions and membership in the Sheriff's Posse and Sheriff's Aero-Squadron. FAC ¶ 697.

Plaintiffs own handguns which they would like to carry in their vehicles and/or on their persons, concealed for protection of themselves, their families, and other citizens, just as other

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND COUNTER MOTION FOR SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)**

- 7 -

privileged and well connected citizens, retired peace officers, and the Sheriff's various cronies and campaign contributors are allowed. FAC ¶ 699.

### III.

### ARGUMENT

**A. Defendants motion for attorneys' fees under 28 U.S.C. § 1927 should be denied because Plaintiffs did not act in a manner to multiply the proceeding. In total, Plaintiffs made only three substantive filings with the court.**

28 U.S.C. § 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

As such, this section only authorizes sanctions for the multiplication of proceedings. *In re Keegan Management Co., Securities Litigation*, 78 F.3d 431, 435 (9th Cir. 1996). In this case, Plaintiffs made only three substantive filings with the court: (1) the complaint, (2) the first amended complaint, and (3) an opposition to Defendants' motions as well as a counter motion for judgment on the pleadings, which among other things request leave to amend the complaint in conformance with the Court's order based upon its rationale for the decision. Leave to amend was denied basically stating that this case was just a "rehash" of *Mehl v. Blanas*, even though entirely different plaintiffs are involved in this case.

Section 1927 is therefore inapplicable here. "The filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927." *Id*. Since Plaintiffs here made only three substantive filings, two of which were complaints, and the third being a response to the Defendants' response to a complaint, Plaintiffs did not multiply the proceeding and therefore Defendants' motion for attorneys' fees pursuant to 28 U.S.C. § 1927 should be denied.

**B. Defendants motion for attorneys' fees under 28 U.S.C. § 1927 should be denied because Plaintiffs did not act in either an unreasonable or vexatious manner because contrary to Defendants' assertion, this case is easily distinguishable from the *Mehl* case.**

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND COUNTER MOTION FOR SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)

- 8 -

Defendants correctly state that Plaintiffs' counsel filed and litigated the case of *Mehl, et al. v. Lou Blanas, et al.*, United States District Court for the Eastern District of California, Civ. No. S03-2682-MCE-KJM ("*Mehl*"). Defendants also correctly state that both the *Mehl* case and the present action are premised on Defendants denial of carry concealed weapon ("CCW") permit applications.

In addition, both claims raise equal protection, First Amendment, and Fourteenth Amendment claims based on Defendants longstanding tradition of denying CCW permits to applicants who do not contribute to the Sheriff's election campaign. However, as Defendants also correctly state, the present case also includes a cause of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO").

The *Mehl* case was dismissed for lack of standing on February 5, 2008.

Based on foregoing facts, Defendants' state that Plaintiffs' counsel knew or should have known that the claims brought forth in this case have no merit. However, the *Mehl* case can be easily distinguished from this case. In *Mehl*, the court determined that the first plaintiff lacked standing because he never submitted a completed application. *Mehl, et al. v. Lou Blanas, et al.*, No. 2:03-CV-2682-MCE-KJM, p. 10 (E.D. Cal. Feb. 5, 2008). In addition, the *Mehl* court found that the second plaintiff in that case also lacked standing because the second plaintiff had provided ample non-discriminatory reasons justifying the defendants decision to withhold a CCW permit. *Id*. at 13. With respect to the second plaintiff in the *Mehl* case, there were concerns regarding the applicant's mental fitness to carry a concealed weapon. Therefore, Judge England reasoned defendants had good cause to deny the application.

Regardless, in *Mehl*, the court did not find that the underlying claim regarding the issuance of CCWs lacked merit, but rather dismissed the case for lack of standing based on factors that were personal to the individual plaintiffs in that case. In the present case, unlike *Mehl*, both Plaintiff ROTHERY and Plaintiff HOFFMAN submitted completed applications. In fact, a case involving the same issues, but different parties was filed and is currently before Judge England, the same Judge on the *Mehl* case.  See Exhibit "A", Request for Judicial Notice.

In *Sykes*, rather than challenging the complaint strictly on legal grounds, the County chose instead to answer the complaint. Interestingly, this case raises the same legal issues as *Sykes* yet was

1  dismissed on legal grounds without leave to amend. In fact, currently in *Sykes*, the County is battling
2  the plaintiffs' motion for summary judgment. In this case the Defendants state that the action is
3  frivolous, however, in another case raising the same very simple and concise legal issue involving
4  the Second Amendment and incorporation of the Fourteenth Amendment, the Defendants are
5  conducting voluminous discovery and defending the action on the merits. *See* Request for Judicial
6  Notice, Exhibits "C" through "F". Such a scenario cannot be reconciled.

7  Additionally, unlike *Mehl*, neither Plaintiff ROTHERY nor Plaintiff HOFFMAN have any
8  issues pertaining to their mental fitness or procedures for applying which may effect their eligibility
9  for a CCW permit. As follows, Defendants' assertion that based on the dismissal of the *Mehl* case
10 that Plaintiffs and their attorneys should have recognized the objectively baseless nature of the
11 claims, is without merit.  This case is light-years from the facts in *Mehl*, and the First Amended
12 Complaint clearly pleads cognizable claims under the Equal Protection Clause (i.e. not only the
13 denial of a CCW, but also denial of "Honorary Deputy Credentials" and membership in the Sheriff's
14 Aero-squadron - two issues this Court never addressed under the Equal Protection claim.)

15 Following the *Mehl* case, Plaintiffs and their attorneys acted reasonably in filing another case
16 challenging Defendants longstanding tradition of denying CCW permits to applicants who do not
17 contribute to the Sheriff's election campaign. Plaintiffs and their attorneys took heed of the judge's
18 orders in the *Mehl* case and took steps to ensure that the standing issues which came forth in that
19 case would not be applicable to the plaintiffs in this action. Defendants assertion that the judge's
20 order dismissing the *Mehl* case should somehow act as a barrier foreclosing the Plaintiffs' claims in
21 this action is simply unfounded.

22 **C.     The Defendants are not entitled to an award of attorneys' fees pursuant to 42 U.S.C. §**
23 **1988  because Plaintiffs' claims are not unreasonable, frivolous, meritless, or vexatious.**
24 **Plaintiffs brought their claims in good faith in reliance on new precedence from the**
25 **United States Supreme Court and under guidance from findings of a United States**
26 **District Court in a previously litigated case.**

27 42 U.S.C. §1988(b) allows a prevailing party to recover attorneys' fees as part of a
28 recovery of costs. In relevant part the statute states:

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND COUNTER MOTION FOR SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)**

**- 10 -**

> In any action or proceeding to enforce a provision of section . . . 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . .

However, the mere fact that a defendant prevails does not necessarily support an award of fees. *Patton v. County of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988), *citing, Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). A prevailing civil rights defendant should be awarded attorney's fees "not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." *Id.*, *citing*, 434 U.S. at 421.

Here Plaintiffs did not act in a unreasonable, frivolous, meritless, or vexatious manner. The *Mehl* case was dismissed on February 5, 2008. Subsequently, on June 26, 2008, in *District of Columbia v. Heller*, 07-290 (U.S. 6-26-2008), the United States Supreme Court held that the Second Amendment protects an individual right to possess a firearm unconnected with service in a militia, as well as a right to use that firearm for traditionally lawful purposes, such as self-defense. This holding essentially overturned a long line of Ninth Circuit cases holding that the Second Amendment affords only a collective right to own or possess guns or other firearms. *See e.g. Silveira v. Lockyer*, 312 F.3d 1052, 1092 (9th Cir. 2002). Moreover, in *Heller*, the Supreme Court implicitly held that the right to keep and bear arms is a fundamental right, and therefore regulations infringing upon that right must meet heightened scrutiny. The *Heller* decision calls into question current firearm regulations such as California's requirement that an individual possess a valid CCW permit to carry a concealed weapon in the state. Additionally, at the present time it is unclear whether the right to keep and bear arms is incorporated to the states through the due process clause of the Fourteenth Amendment. *See Nordyke v. King*, 563 F.3d 439 (9th Cir. 2009) (*pending en banc review*).

Although the claims brought in the *Mehl* case are similar to those brought forth in this action, the state of the law has since changed. Therefore, it is not unreasonable, frivolous, meritless, or vexatious to bring a similar challenge to Defendants longstanding tradition of denying CCW permits to applicants who do not contribute to the Sheriff's election campaign in light of these current developments.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND COUNTER MOTION FOR SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)**

**- 11 -**

Further, as stated above, Plaintiffs and their attorneys took heed of the judge's orders in the *Mehl* case and took steps to ensure that the standing issues which precluded the plaintiffs' claims in that case would not be applicable to the plaintiffs in this action.

**D.   Defendants motion for attorneys' fee should be dismissed because Defendants failed to give Plaintiffs notice and an opportunity to respond as required by FRCP Rule 11.**

In their motion for attorneys' fees, Defendants are essentially claiming that Plaintiffs violated Rule 11. The Rule requires that by presenting a pleading to the court, an attorney certifies:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

*Fed. R. Civ. P., Rule 11*, 1993 Advisory Committee Notes.

However, a motion for sanctions under this Rule is not to be filed with the court until a party is given notice and at least 21 days to respond. *Id*. Moreover, if during this period the alleged violation is corrected, the motion should not be filed with the court. *Id*.

Although here Defendants are not moving for sanctions under Rule 11, at no time prior to filing their motion for attorneys' fees did Defendants give Plaintiffs notice and an opportunity to respond to the alleged unreasonable conduct. Had Defendants genuinely believed that Plaintiffs were acting in an improper manner, they likely would have given Plaintiffs notice in an attempt to resolve the matter at an earlier time.

**E.   Defendants motion for attorneys' fees should be denied because Defendants failed to provide an affidavit detailing their fees as required by the local rules.**

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND COUNTER MOTION FOR SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)

- 12 -

The Local Rules of the United States District Court for the Eastern District of California require that parties seeking an award of attorneys' fees include an affidavit with their motion setting forth certain criteria. L.R. 54-293(b). Pursuant to the Rule, all motions for awards of attorneys' fees shall, at a minimum, include an **affidavit** showing:

> (1) that the moving party was a prevailing party, in whole or in part, in the subject action, and, if the party prevailed only in part, the specific basis on which the moving party claims to be a prevailing party;
>
> (2) that the moving party is eligible to receive an award of attorneys' fees, and the basis of such eligibility;
>
> (3) the amount of attorneys' fees sought;
>
> (4) the information pertaining to each of the criteria set forth in subsection (c) of this Rule; and
>
> (5) such other matters as are required under the statute under which the fee award is claimed.

Likewise, subsection (c) states that in fixing an award of attorneys' fees in those actions in which such an award is appropriate, the court should consider the following:

> (1) the time and labor required of the attorney(s);
>
> (2) the novelty and difficulty of the questions presented;
>
> (3) the skill requisite to perform the legal service properly;
>
> (4) the preclusion of other employment by the attorney(s) because of the acceptance of the action;
>
> (5) the customary fee charged in matters of the type involved;
>
> (6) whether the fee contracted between the attorney and the client is fixed or contingent;
>
> (7) any time limitations imposed by the client or the circumstances;
>
> (8) the amount of money, or the value of the rights involved, and the results obtained;
>
> (9) the experience, reputation and ability of the attorney(s);
>
> (10) the "undesirability" of the action;

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND COUNTER MOTION FOR SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)**

- 13 -

   (11) the nature and length of the professional relationship between the attorney and the client;

   (12) awards in similar actions; and

   (13) such other matters as the Court may deem appropriate under the circumstances.

**Defendants failed to file an affidavit with their motion**. Moreover, Defendants have entirely ignored L.R. 54-293(b)(4). They have failed to set forth the information pertaining to each of the criteria set forth in subsection (c) of the Rule. As such, the court and Plaintiffs have no basis to determine the reasonableness of Defendants purported fees as no evidence has been presented.

Defendants failure to comply with the Rule prejudices Plaintiffs rights and therefore the Defendants claim for fees must be denied.

**F. The Defendants motion for attorneys' fees should be stayed until the appeal on the merits is resolved.**

Pursuant to FRCP Rule 58, if an appeal on the merits of a case is taken, the court may rule on the claim for fees or may defer its ruling on the motion. *Fed. R. Civ. P., Rule 54*, 1993 Advisory Committee Notes.

An appeal in this case was filed on August 24, 2009.

In light of the aforementioned arguments, and in the interest of judicial efficiency, if this court should choose not to deny Defendants' motion for attorneys' fees, Plaintiffs respectfully request that this court use its discretion to either defer its ruling on Defendants' motion or deny Defendant's motion with prejudice.

### IV.
### CONCLUSION

Plaintiffs respectfully request that this court dismiss the Defendants' motion with prejudice, and/or issue an order denying the Defendants' motion as Plaintiffs have acted in good faith and with substantial justification.

Dated:  August 26, 2009   The Law Offices of Gary W. Gorski

             /s/ Gary W. Gorski
            By: _____
             Gary W. Gorski
             Attorney for Plaintiffs

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND COUNTER MOTION FOR SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)**

**- 14 -**