JOHN A. LAVRA, CSB No. 114533
JERI L. PAPPONE, CSB No. 210104
AMANADA L. BUTTS, CSB No. 253651
Longyear, O'Dea and Lavra, LLP
3620 American River Drive, Suite 230
Sacramento, Ca. 95864
Telephone: (916) 974-8500
Facsimile: (916) 974-8510

Attorneys for County of Sacramento
(also erroneously sued herein as Sacramento
County Sheriff's Department); Lou Blanas,
John McGinness, and Timothy Sheehan

# UNITED STATES DISTRICT COURT  EASTERN DISTRICT

# OF CALIFORNIA SACRAMENTO DIVISION

| | |
|---|---|
| JAMES ROTHERY, Esq.; ANDREA HOFFMAN,<br><br>　　　Plaintiffs,<br><br>v.<br><br>Former Sheriff LOU BLANAS; SHERIFF JOHN McGINNESS; Detective TIM SHEEHAN; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, an independent branch of government of the COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO; STATE OF CALIFORNIA ATTORNEY GENERAL JERRY BROWN; DOES 1 through 25, unknown co-conspirators,<br><br>　　　Defendants. | CASE NO. 2:08-CV-02064-JAM-KJM<br><br>Date:  September 9, 2009<br>Time:  9:00 a.m.<br>Ctrm:  6<br>Judge:  Honorable John A. Mendez<br><br>**DECLARATION OF JERI L. PAPPONE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR ATTORNEYS' FEES** |

I, JERI L. PAPPONE, declare as follows:

1.  I am an attorney licensed to practice law before all courts of the State of California, and am an associate in the law firm of Longyear, O'Dea and Lavra, LLP, counsel of record for County Defendants herein.

2.  Plaintiff's complaint was dismissed against Sacramento County Defendants by

1  motion pursuant to FRCP 12(b)(6) by court order on July 27, 2009.

2      3.     Counsel for Defendants expended a total of 230 hours in responding to Plaintiffs' complaint. As stated in Defendants' moving papers, on April 2, 2009, Sacramento County Defendants filed and served motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), to strike pursuant to Federal Rule of Civil Procedure 12(f) and for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), scheduled for hearing on May 6, 2009. Plaintiffs *did not file any opposition* to the motions. The court issued an order on May 1, 2009 at 11:30 a.m., taking the hearing off calendar, and stating that the motions would be ruled on based upon the papers. As soon as the court stated it was taking the motions under submission, thirteen minutes later, at 11:43 a.m., Plaintiffs' counsel filed a "Notice" of intent to file an amended complaint, which would effectively render any action on the motions moot. Plaintiffs then followed through and filed an amended complaint on May 2, 2009 (a Saturday). Defendants for the second time, prepared and filed a motion to dismiss pursuant to FRCP 12(b)(6), a motion to strike, FRCP 12(f) and for a more definite statement, FRCP 12(e), on May 11, 2009, for hearing on July 1, 2009.

    4.     Defendants are eligible to receive an award of attorneys' fees pursuant to 42 U.S.C. §1988(b) which allows a prevailing party to recover attorneys' fees as part of a recovery of costs. 42 U.S.C. § 1988(b) states in pertinent part, "In any action or proceeding to enforce a provision of [. . .] the Revised Statutes [42 USCS §§ 1981-1983 . . .], . . . the court, in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee as part of the costs, . . . ." When the plaintiffs' action is frivolous, unreasonable, or without foundation, a prevailing defendant in § 1983 litigation may be entitled to an attorney's fee award.

    5.     Defendants are also eligible for attorneys' fees from Plaintiff's counsel pursuant to 28 USCS § 1927, which provides that a prevailing defendant's attorney fees may be taxed to the opposing attorney "when an attorney has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." <u>Wilson-Simmons v. Lake</u>

**DECLARATION OF JERI L. PAPPONE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR ATTORNEYS' FEES**
Page 2

County Sheriff's Dep't, 207 F.3d 818, 824 (6th Cir. 2000) (internal citations omitted).

6. Based upon the hours expended by defense counsel (230) at the hourly rate of $150.00, Defendants request an award of fees in the amount of Thirty-Four Thousand, Five Hundred Dollars ($34,500.00).

7. Plaintiffs' RICO cause of action was novel and raised legal questions which were further complicated by the incoherent nature of the pleading itself. Further, Plaintiffs' inclusion of cut and paste allegations from the *Mehl* and *Barnsdale* complaints required a great deal of time to compare and evaluate the standing issues and applicability to the current plaintiffs. Counsel was required to do extensive research to understand and organize the appropriate opposition to the allegations made.

8. It is counsel's understanding that the customary hourly rate charged in civil rights litigation by a typical plaintiff's counsel is $300 - $450 per hour, which is at least two to three times the $150.00 per hour that Defense counsel is charging in this case under its agreement with the County of Sacramento, which makes defense counsel's rate inherently reasonable.

I declare under penalty of perjury under the laws of the United States of America and the State of California, that the foregoing is true and correct and is of my own personal knowledge, and that if called upon to testify thereto could and would competently do so.

EXECUTED this 28th day of August, 2009, at Sacramento, California.

*/s/ Jeri L. Pappone*
_____
JERI L. PAPPONE