The Law Offices of Gary W. Gorski
Attorney Gary W. Gorski
SBN: 166526
8549 Nephi Way
Fair Oaks, CA 95628
Tel. (916) 965-6800
Fax (916) 965-6801
usrugby@pacbell.net

Co-Counsel
The Law Office of Daniel M. Karalash
Attorney Daniel M. Karalash
SBN: 176422
Tel. (916) 787-1234
Fax (916) 787-0267
dmkaralash@surewest.net

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROTHERY, Esq.; ANDREA HOFFMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> Former Sheriff LOU BLANAS; SHERIFF JOHN McGINNIS; Detective TIM SHEEHAN; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, an independent branch of government of the COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO; STATE OF CALIFORNIA ATTORNEY GENERAL JERRY BROWN; DOES 1 through 25, unknown co-conspirators; ATTORNEY GENERAL MICHAEL B. MUKASEY, <br><br> Defendants. | CASE NO. 2:08-CV-02064-JAM-KJM <br><br> **PLAINTIFFS' SURREPLY TO DEFENDANTS' REPLY RE: MOTION FOR ATTORNEY FEES AND COUNTER MOTION FOR SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)** <br><br> Judge: Honorable John A. Mendez |

## INTRODUCTION

First, Plaintiffs object to Defendants being allowed to introduce for completely ignoring *L.R. 54-293*, when they have failed to provide an affidavit or declaration attesting the enumerated elements mandated by this District. Defendants have thus multiplied the filings in this litigation for failing to comply with fundamental procedural guideline – which they accuse Plaintiffs of doing.

**PLAINTIFFS' SURREPLY TO DEFENDANTS' REPLY RE: MOTION FOR ATTORNEY FEES AND COUNTER MOTION FOR SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)**

- 1 -

## ABSOLUTELY NO EVIDENCE OF OBJECTIVE OR SUBJECTIVE BAD FAITH

Defendants have presented absolutely no evidence of bad faith, and to the contrary, none exists. Surreply Gorski Decl. ¶s 3-28.

"It is the law of this circuit that a sanction may not be imposed under section 1927 without an express finding that counsel acted willfully, intentionally, recklessly, or in bad faith. Barnd v. City of Tacoma, 664 F.2d 1339, 1343 (9th Cir.1982); United States v. Blodgett, 709 F.2d 608, 610 (9th Cir.1983); see Malhiot v. Southern California Retail Clerks Union, 735 F.2d 1133, 1138 (9th Cir.1984)".  *U.S. v. Austin*, 749 F.2d 1407 (9th Cir. 1984).

"Section 1927 authorizes the imposition of sanctions against any lawyer who wrongfully proliferates litigation proceedings once a case has commenced."  *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1117 (9th Cir. 2000).

The Ninth Circuit has required that any award under section 1927 "must be supported by a finding of subjective bad faith." *New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir.1989).  "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* Additionally, a party shows bad faith by "delaying or disrupting the litigation or hampering enforcement of a court order." *Hutto v. Finney*, 437 U.S. 678, 689, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978).  Other courts have characterized an award under section 1927 to be "penal in nature," thereby requiring strict construction of this statute. *Federal Deposit Insurance Corp., v. Conner*, 20 F.3d 1376, 1384 (5th Cir.1994).

Defendants grasp onto a single word - "rehash" - like it's the holy grail to an award of attorney's fees.  However, their position is seriously misplaced.  First, if one were to follow the line of logic relied upon by defendants for an award of attorney fees in that they rely upon the outcome in *Mehl*, then one would also have to look to that litigation to find out what had happened to the same identical request for attorney fees in that case.  Judge England denied Defendants request *in toto*, rejecting every argument that had been presented, even more thoroughly than in this case.  Surreply Gorski Decl ¶ 7-9 ; Exh. "G".

**PLAINTIFFS' SURREPLY TO DEFENDANTS' REPLY RE: MOTION FOR ATTORNEY FEES AND COUNTER MOTION FOR SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)**

**- 2 -**

> This Court is not willing to find that the outcome of the case was "obvious," simply because the Court rendered a decision in Defendants' favor over four years after the action was initiated. The end result was that Plaintiffs lacked standing, but the only way to reach that conclusion was for the parties to litigate the issue. Finally, Defendants make numerous allegations in their current Motion that Plaintiffs' pursuit of this action served only to harass Defendants. These allegations are without any actual support in the record and, therefore, do not establish that Plaintiffs' claims were vexatious.
>
> \*\*\*
>
> Additionally, this Court will not independently sanction Plaintiffs' counsel as there is no evidence in the record indicating that counsel "unreasonably and vexatiously" multiplied the proceedings. 28 U.S.C. § 1927. Therefore, Defendants' Motion for Sanctions is denied as well.

### NEW DEVELOPMENTS SINCE THE FILING OF THE FIRST AMENDED COMPLAINT

In addition, there were serious legal issues addressed in the First Amended Complaint - issues the U.S. Supreme Court and the Ninth Circuit sitting en banc have taken up. For two separate Courts to address the very same issues which this case was dismissed on clearly shows the claims supported a change in the law, and were not presented in bad faith. Gorski Decl. ¶ 11-18. See United States Supreme Court granted of certiorari on 9/30/2009 in *Mcdonald V. Chicago* Case No. 08-1521 (lower court decision at 567 F.3 856). QUESTIONS PRESENTED: "Whether the Second Amendment right to keep and bear arms is incorporated as against the States by the Fourteenth Amendment's Privileges or Immunities or Due Process Clauses." Both of these legal theories were presented in the Complaint and First Amended Complaint.

### DEFENDANTS HAVE PRESENTED NO EVIDENCE OF REASONABLENESS OF ATTORNEY FEES

Defendants have not presented a single piece of admissible evidence justifying such a claim for exorbitant fees. Surreply Gorski Decl ¶ 29.

### CONCLUSION

Plaintiffs respectfully request that this court dismiss the Defendants' motion with prejudice, and/or issue an order denying the Defendants' motion as Plaintiffs and Plaintiffs' counsel has acted in good faith and with substantial justification.

Dated: October 16, 2009             The Law Offices of Gary W. Gorski
                                    /s/ Gary W. Gorski
                                    Gary W. Gorski
                                    Attorney for Plaintiffs

**PLAINTIFFS' SURREPLY TO DEFENDANTS' REPLY RE: MOTION FOR ATTORNEY FEES AND COUNTER MOTION FOR SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)**

- 3 -