UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID K. MEHL, LOK T. LAU and FRANK FLORES,<br><br>            Plaintiffs,<br><br>     v.<br><br>LOU BLANAS, individually and in his official capacity as SHERIFF OF COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO; SHERIFF'S DEPARTMENT; COUNTY OF SACRAMENTO; BILL LOCKYER, Attorney General, State of California; RANDI ROSSI, State Firearms Director and Custodian of Records,<br><br>            Defendants. | No. 2:03-cv-02682-MCE-KJM<br><br><br><br>MEMORANDUM AND ORDER |

----oo0oo----

Currently before the Court is Defendants' Motion for Attorneys' Fees and Sanctions, filed pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927, and Plaintiffs' Motion to Suspend the current proceedings pending its appeal to the Ninth Circuit. Defendants' Motion is denied, rendering Plaintiffs' Motion moot.

///

1

## BACKGROUND

The relevant facts appear in the Court's February 5, 2008 Order. Those facts are incorporated by reference herein. In that Order, this Court found that both Plaintiffs lacked standing to bring this suit and granted Defendants' Motion for Summary Judgment. Defendants now seek to recover attorneys' fees from Plaintiffs and seek sanctions against Plaintiffs' counsel.

## ANALYSIS

Defendants request attorneys' fees in the amount of $199,491.50 pursuant to 42 U.S.C. § 1988, which allows district courts to award such fees to parties that prevail in actions brought under 42 U.S.C. § 1983. Section 1988 states in pertinent part, "In any action or proceeding to enforce a provision of ...section...1983...the court, in its discretion may allow the prevailing party...a reasonable attorney's fee as part of the costs..." 42 U.S.C. § 1988(b).

"42 U.S.C. § 1988's authorization of an award of attorneys' fees applies differently to prevailing defendants than to prevailing plaintiffs. Plaintiffs prevailing in a civil rights action should ordinarily recover an attorneys' fee unless special circumstances would render such an award unjust, but a defendant should be awarded fees not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious."
///

2

Mayer v. Wedgewood Neighborhood Coal., 707 F.2d 1020, 1021 (9th Cir. 1983) (internal citations and quotations omitted). Since Defendant brings this Motion for fees, the pressing issue is whether Plaintiffs' claims rose to the level of "unreasonable, frivolous, meritless, or vexatious."

The United States Supreme Court elaborated on this standard in <u>Christiansburg Garment Co. v. Equal Employment Opportunity Commission</u>:

> [T]he term "meritless" is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case, and...the term "vexatious" in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him. In sum, a district court may in its discretion award attorney's fees to a prevailing defendant...upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.

434 U.S. 412, (1978) (addressed Title VII claims, but standard later applied to § 1983 claims in <u>Hughes v. Rowe</u>, 449 U.S. 5, 14-15 (1980)). Furthermore, "[a]n action becomes frivolous when the result appears obvious or the arguments are wholly without merit." <u>Galen v. County of Los Angeles</u>, 477 F.3d 652, 666 (9th Cir. 2007) (citing <u>Christianburg</u>, 434 U.S. at 422; <u>Hughes</u>, 449 U.S. at 14-15).

Defendant argues that Plaintiffs' claims were wholly lacking in merit, that Plaintiffs' counsel knew or should have known of that fact, and that, despite the frivolous nature of the claims, Plaintiffs' counsel involved the FBI and the media in a campaign to harass the former sheriff. Defendant argues that Plaintiffs' case was frivolous because this Court determined that Plaintiffs lacked standing.

3

1  However, this Court's finding "does not render [Plaintiffs]
2  case[s] per se frivolous, unreasonable, or without foundation."
3  <u>Galen</u>, 477 F.3d at 667.  Indeed, the Supreme Court cautioned
4  against relying on such faulty reasoning when it stated, "[I]t is
5  important that a district court resist the understandable
6  temptation to engage in *post hoc* reasoning by concluding that,
7  because a plaintiff did not ultimately prevail, his action must
8  have been unreasonable or without foundation.  This kind of
9  hindsight logic could discourage all but the most airtight
10 claims, for seldom can a prospective plaintiff be sure of
11 ultimate success."  <u>Christianburg</u>, 434 U.S. at 421-422.

12      This Court is not willing to find that the outcome of the
13 case was "obvious," simply because the Court rendered a decision
14 in Defendants' favor over four years after the action was
15 initiated.  The end result was that Plaintiffs lacked standing,
16 but the only way to reach that conclusion was for the parties to
17 litigate the issue.

18      Finally, Defendants make numerous allegations in their
19 current Motion that Plaintiffs' pursuit of this action served
20 only to harass Defendants.  These allegations are without any
21 actual support in the record and, therefore, do not establish
22 that Plaintiffs' claims were vexatious.

23      Defendants' Motion for Attorneys' Fees is therefore Denied.
24 Because the Court finds that Defendants are not entitled to
25 attorneys' fees, Plaintiffs' counsel cannot be jointly and
26 severally liable for such fees pursuant to 28 U.S.C. § 1927.
27 ///
28 ///

4

Additionally, this Court will not independently sanction Plaintiffs' counsel as there is no evidence in the record indicating that counsel "unreasonably and vexatiously" multiplied the proceedings. 28 U.S.C. § 1927. Therefore, Defendants' Motion for Sanctions is denied as well. The Court's disposition of Defendants' Motion renders Plaintiffs' Motion moot.

## CONCLUSION

Defendants' Motion for Attorneys' Fees and Sanctions is DENIED. Plaintiffs' Motion to Suspend Defendants' Motion Pending Appeal is DENIED as moot[1].

IT IS SO ORDERED.

Dated: May 1, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

5