The Law Offices of Gary W. Gorski
Attorney Gary W. Gorski
SBN: 166526
8549 Nephi Way
Fair Oaks, CA 95628
Tel. (916) 965-6800
Fax (916) 965-6801
usrugby@pacbell.net

Co-Counsel
The Law Office of Daniel M. Karalash
Attorney Daniel M. Karalash
SBN: 176422
Tel. (916) 787-1234
Fax (916) 787-0267
dmkaralash@surewest.net

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROTHERY, Esq.; ANDREA HOFFMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> Former Sheriff LOU BLANAS; SHERIFF JOHN McGINNIS; Detective TIM SHEEHAN; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, an independent branch of government of the COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO; STATE OF CALIFORNIA ATTORNEY GENERAL JERRY BROWN; DOES 1 through 25, unknown co-conspirators; ATTORNEY GENERAL MICHAEL B. MUKASEY, <br><br> Defendants. | CASE NO. 2:08-CV-02064-JAM-KJM <br><br> **PLAINTIFFS' OBJECTIONS TO DECLARATION OF JERI L. PAPPONE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR ATTORNEYS' FEES** <br><br> Judge: Honorable John A. Mendez |

### I.

### <u>OBJECTIONS TO DECLARATION OF JERI L. PAPPONE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR ATTORNEYS' FEES</u>

First, Plaintiffs object to Defendants being allowed to introduce any evidence that should

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND COUNTER MOTION FOR SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)**

- 1 -

1  have been filed in accordance with *L.R. 54-293*.

2      *Paragraphs 3*: OBJECTION: Lacks foundation; hearsay. Ms. Pappone state: "Counsel for
3  Defendants expended a total of 230 hours in responding to Plaintiffs' complaint." There is no
4  foundation as to how these hours have been calculated, and the reasonableness of these hours.
5  Furthermore, there is no foundation as to the basis of her knowledge – was she the one that
6  exclusively prepared the motion papers, or someone else. Further, to the extent it is unknown as to
7  how the hours are calculated, who was responsible for generating them, and the reasonableness of
8  them, if Ms. Pappone relied on billing records in preparation of her declaration, then that would
9  constitute hearsay.

10      *Paragraphs 4*: OBJECTION: Lacks foundation. Ms. Pappone's statement that Defendants
11  are "eligible" is conclusory and lacks factual support.

12      *Paragraphs 5*: OBJECTION: Lacks foundation. Ms. Pappone's statement that Defendants
13  are "eligible" is conclusory and lacks factual support.

14      *Paragraphs 6*: OBJECTION: Lacks foundation; hearsay. Ms. Pappone state: "Counsel for
15  Defendants expended a total of 230 hours in responding to Plaintiffs' complaint." There is no
16  foundation as to how these hours have been calculated, and the reasonableness of these hours.
17  Furthermore, there is no foundation as to the basis of her knowledge – was she the one that
18  exclusively prepared the motion papers, or someone else. Further, to the extent it is unknown as to
19  how the hours are calculated, who was responsible for generating them, and the reasonableness of
20  them, if Ms. Pappone relied on billing records in preparation of her declaration, then that would
21  constitute hearsay.

22      *Paragraphs 7*: OBJECTION: Lacks foundation. Ms. Pappone's statement regarding two
23  other cases (i.e. *Mehl* and *Barnsdale*) have no factual support before this court. None of the
24  pleadings or orders from those two cases have been presented as admissible evidence to be relied
25  upon by this Court, and therefore, all references to those cases lack foundation for admissibility.

26  Dated: October 16, 2009        The Law Offices of Gary W. Gorski
                                             /s/ Gary W. Gorski
27                                             Gary W. Gorski
                                           Attorney for Plaintiffs
28