IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROTHERY, Esq.; ANDREA HOFFMAN, | Case No. 2:08-cv-02064-JAM-KJM |
| Plaintiffs, | ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND FOR SANCTIONS |
| v. | |
| Former Sheriff LOU BLANAS; SHERIFF JOHN MCGINNISS; Detective TIM SHEEHAN; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, an independent branch of government of the COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO; STATE OF CALIFORNIA ATTORNEY GENERAL JERRY BROWN; DOES 1 through 25, unknown co-conspirators; ATTORNEY GENERAL MICHAEL B. MUKASEY | |
| Defendants. | |
| _____/ | |

This matter is before the Court on Defendants former Sheriff Lou Blanas, Sheriff John McGinness, Detective Tim Sheehan and County of Sacramento's (collectively "County

1

Defendants") motion for attorneys' fees pursuant to 42 U.S.C. §
1988 and 28 U.S.C. § 1927.  (Doc. # 46.)  Plaintiffs James
Rothery and Andrea Hoffman (collectively "Plaintiffs") oppose
the motion.  (Doc. # 52.)  For the reasons set forth below[1],
County Defendants' motion is DENIED.

I.   FACTUAL AND PROCEDURAL BACKGROUND

This case was brought by Plaintiffs based upon the
purported improper denial of their Carry Concealed Weapon
("CCW") permit applications.  Plaintiffs alleged they were
denied CCW permits by the Sacramento County Sheriff's Department
because they had not contributed to the Sheriff's election
campaign, and that if they had contributed to the campaign, they
would have been granted CCW permits.  Defs' Mot. at 1.
Plaintiffs also claimed that County Defendants were involved in
RICO activities which affected their rights.  Id.  The complaint
was dismissed against Sacramento County Defendants by motion
pursuant to FRCP 12(b)(6) by Court order on July 27, 2009.
(Doc. # 44.)  Defendants, State of California and Attorney
General Edmund G. Brown were dismissed by motion pursuant to
FRCP 12(b)(6) by Court order on July 29, 2009.  (Doc. # 45.)

---

[1]    Because oral argument will not be of material assistance,
the court orders this matter submitted on the briefs.  E.D. Cal.
L.R. 78-230(h).

The instant matter before the Court is County Defendants' motion
for attorneys' fees and for sanctions.   (Doc. # 46.)

II.   LEGAL STANDARD

A. <u>42 U.S.C. § 1988</u>

Section 1988(b) states in relevant part:

In any action or proceeding to enforce a provision of . . . [42
U.S.C. § 1983] . . . . the court, in its discretion, may allow the
prevailing party, other than the United States, a reasonable
attorney's fee as part of the costs . . .

<u>42 U.S.C. §</u> 1988(<u>b</u>).   Under § 1988 jurisprudence, a prevailing
defendant is treated differently from a prevailing plaintiff and
fees are not awarded routinely or simply because defendant
succeeds.   <u>See</u> <u>Patton v. County of Kings</u>, 857 F.2d 1379, 1381
(9th Cir. 1988).   To be awarded fees**,** a prevailing defendant
must demonstrate "plaintiff's action was frivolous, unreasonable
or without foundation, even though not brought in subjective bad
faith."   <u>Christiansburg Garment Co. v. Equal Empl. Opp. Comm'n</u>,
434 U.S. 412, 421, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978).   This
standard is "stringent," <u>Hughes v. Rowe</u>, 449 U.S. 5, 14, 101 S.
Ct. 173, 66 L. Ed. 2d 163 (1980), and the Ninth Circuit
repeatedly has recognized that attorneys' fees in civil rights
cases "should only be awarded to a defendant in exceptional
circumstances.'"   <u>Saman v. Robbins</u>, 173 F.3d 1150, 1157 (9th
Cir. 1999) (quoting <u>Barry v. Fowler</u>, 902 F.2d 770, 773 (9th Cir.
1990)).

In assessing whether to award attorneys' fees, the Ninth Circuit instructs courts to "consider the financial resources of the plaintiff in awarding fees to a prevailing defendant" because "the award should not subject the plaintiff to financial ruin." Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 621 (9th Cir. 1987); see also Patton v. County of Kings, 857 F.2d 1379 (9th Cir. 1988) (applying the Miller standard to a case in which plaintiff was represented by counsel).

B.   28 U.S.C. § 1927

Section 1927 allows the court to award fees against "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously." This section is not specific to any statute, but applies to any civil suit in federal court. Hyde v. Midland Credit Mgmt., Inc., 567 F.3d 1137, 1141 (9th Cir. 2009). Further, the statute "explicitly provides for remedies against offending attorneys." Id.; F.T.C. v. Alaska Land Leasing, Inc., 799 F.2d 507, 510 (9th Cir. 1986) (noting that § 1927 does not authorize recovery from a party, but "only from an attorney or otherwise admitted representative of a party") (emphasis in original) (internal quotations and citations omitted).

Attorneys' fees under § 1927 are appropriate if an attorney's conduct is in bad faith; recklessness satisfies this standard. B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1107 (9th

Cir. 2002); <u>Barber v. Miller</u>, 146 F.3d 707, 711 (9th Cir. 1998)
("An award of sanctions under 28 U.S.C. § 1927 or the district
court's inherent authority requires a finding of recklessness or
bad faith.").   The Ninth Circuit has also required a finding of
subjective bad faith, "which is present when an attorney
knowingly or recklessly raises a frivolous argument, or argues a
meritorious claim for the purpose of harassing an opponent."
<u>Id.</u> (emphasis in original) (quoting <u>In re Keegan Mgmt. Co., Sec.
Lit.</u>, 78 F.3d 431, 436 (9th Cir. 1996)).   Moreover, the Ninth
Circuit has cautioned that "[s]anctions should be reserved for
the 'rare and exceptional case where the action is clearly
frivolous, legally unreasonable or without legal foundation, or
brought for an improper purpose.'"   <u>Primus Auto. Fin. Servs.,
Inc. v. Batarse</u>, 115 F.3d 644, 649 (9th Cir. 1997) (quoting
<u>Operating Eng'rs Pension Trust v. A-C Co.</u>, 859 F.2d 1336, 1344
(9th Cir. 1988)).

        III. COUNTY DEFENDANTS' MOTION FOR ATTORNEYS' FEES

        County Defendants argue Plaintiffs' claims against them
were unreasonable, meritless, frivolous, or vexatious, and
brought in bad faith, entitling County Defendants to attorneys'
fees.   Defs' Mot. at 4.   County Defendants assert that
Plaintiffs' counsel knew or should have known that Plaintiffs' §
1983 claims lacked any merit based upon the decision in <u>Mehl v.
Blanas</u>, 2008 U.S. Dist. LEXIS 8394 (E.D. Cal. Feb. 5, 2008).   In

light of the "stringent" standard in awarding attorneys' fees to
prevailing defendants in § 1983 cases and the Ninth Circuit's
jurisprudence that attorneys' fees in civil rights cases "should
only be awarded to a defendant in exceptional circumstances,'"
Saman v. Robbins, 173 F.3d 1150, 1157 (9th Cir. 1999) (quoting
Barry v. Fowler, 902 F.2d 770, 773 (9th Cir. 1990)), this Court
finds that County Defendants have not met their burden of
demonstrating that they are entitled to attorneys' fees.

        Here, Plaintiffs and their attorneys did not act in an
unreasonable, frivolous, meritless or vexatious manner.  The
Mehl case was dismissed for a lack of standing.  In Mehl, the
Court did not find that the underlying claim regarding the
issuance of CCWs lacked merit, but rather dismissed the case for
lack of standing based on factors that were personal to the
individual plaintiffs in the that case.  See Mehl, p. 10.  In
the present case, unlike Mehl, both Plaintiffs submitted
completed applications.  Additionally, unlike Mehl, neither
Plaintiff has any issues pertaining to their mental fitness or
procedures for applying which may affect their eligibility for a
CCW permit.  As such, County Defendants' assertion that based on
the dismissal of the Mehl case that Plaintiffs and their
attorneys should have recognized the objectively baseless nature
of the claims, is without merit.

Following the <u>Mehl</u> case, Plaintiffs and their attorneys acted reasonably in filing another case challenging County Defendants alleged practice of denying CCW permits to applicants who do not contribute to the Sheriff's election campaign. Plaintiffs followed Judge Morrison England's orders in <u>Mehl</u> and took steps to ensure that the standing issues which came forth in that case would not be applicable to the Plaintiffs in this action.

Accordingly, this Court finds that County Defendants are not entitled to attorneys' fees pursuant to 42 U.S.C. § 1988 or 28 U.S.C. § 1927.  Given the lack of standing in <u>Mehl</u>, the Court declined to address the additional substantive grounds identified in the complaint.  Thus, Plaintiffs and their attorneys were unlikely to know that their claims lacked merit. The burden of prevailing defendants in civil rights cases to collect attorneys' fees is high.  Here, County Defendants have not shown that Plaintiffs or their attorneys acted in an unreasonable, frivolous, meritless or vexatious manner.  Nor have County Defendants shown that Plaintiffs' attorneys multiplied the proceedings in this case unreasonably and vexatiously.  As such, County Defendants' motion for attorneys' fees and sanctions is DENIED.

IV. ORDER

For the reasons stated above, County Defendants' motion for attorneys' fees and sanctions is DENIED.


IT IS SO ORDERED.

Dated:  November 19, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE