IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROTHERY, Esq.; ANDREA HOFFMAN,<br><br>        Plaintiffs,<br><br>    v.<br><br>Former Sheriff LOU BLANAS; SHERIFF JOHN MCGINNISS; Detective TIM SHEEHAN; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, an independent branch of government of the COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO; STATE OF CALIFORNIA ATTORNEY GENERAL JERRY BROWN; DOES 1 through 25, unknown co-conspirators; ATTORNEY GENERAL MICHAEL B. MUKASEY<br><br>        Defendants.<br>_____/ | Case No. 2:08-cv-02064-JAM-KJM<br><br>ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND FOR SANCTIONS |

     This matter is before the Court on Defendants former Sheriff Lou Blanas, Sheriff John McGinness, Detective Tim Sheehan and County of Sacramento's (collectively "County

Defendants") motion for attorneys' fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927.  (Doc. # 46.)  Plaintiffs James Rothery and Andrea Hoffman (collectively "Plaintiffs") oppose the motion.  (Doc. # 52.)  For the reasons set forth below[1], County Defendants' motion is DENIED.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This case was brought by Plaintiffs based upon the purported improper denial of their Carry Concealed Weapon ("CCW") permit applications.  Plaintiffs alleged they were denied CCW permits by the Sacramento County Sheriff's Department because they had not contributed to the Sheriff's election campaign, and that if they had contributed to the campaign, they would have been granted CCW permits.  Defs' Mot. at 1. Plaintiffs also claimed that County Defendants were involved in RICO activities which affected their rights.  Id.  The complaint was dismissed against Sacramento County Defendants by motion pursuant to FRCP 12(b)(6) by Court order on July 27, 2009. (Doc. # 44.)  Defendants, State of California and Attorney General Edmund G. Brown were dismissed by motion pursuant to FRCP 12(b)(6) by Court order on July 29, 2009.  (Doc. # 45.)

---

[1]   Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

The instant matter before the Court is County Defendants' motion for attorneys' fees and for sanctions.  (Doc. # 46.)

## II.   LEGAL STANDARD

A. <u>42 U.S.C. § 1988</u>

Section 1988(b) states in relevant part:

In any action or proceeding to enforce a provision of . . . [42 U.S.C. § 1983] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . .

<u>42 U.S.C. § </u>1988(<u>b</u>).  Under § 1988 jurisprudence, a prevailing defendant is treated differently from a prevailing plaintiff and fees are not awarded routinely or simply because defendant succeeds.  <u>See</u> <u>Patton v. County of Kings</u>, 857 F.2d 1379, 1381 (9th Cir. 1988).  To be awarded fees, a prevailing defendant must demonstrate "plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith."  <u>Christiansburg Garment Co. v. Equal Empl. Opp. Comm'n</u>, 434 U.S. 412, 421, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978).  This standard is "stringent," <u>Hughes v. Rowe</u>, 449 U.S. 5, 14, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980), and the Ninth Circuit repeatedly has recognized that attorneys' fees in civil rights cases "should only be awarded to a defendant in exceptional circumstances.'"  <u>Saman v. Robbins</u>, 173 F.3d 1150, 1157 (9th Cir. 1999) (quoting <u>Barry v. Fowler</u>, 902 F.2d 770, 773 (9th Cir. 1990)).

In assessing whether to award attorneys' fees, the Ninth Circuit instructs courts to "consider the financial resources of the plaintiff in awarding fees to a prevailing defendant" because "the award should not subject the plaintiff to financial ruin." Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 621 (9th Cir. 1987); see also Patton v. County of Kings, 857 F.2d 1379 (9th Cir. 1988) (applying the Miller standard to a case in which plaintiff was represented by counsel).

B.   28 U.S.C. § 1927

Section 1927 allows the court to award fees against "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously."  This section is not specific to any statute, but applies to any civil suit in federal court. Hyde v. Midland Credit Mgmt., Inc., 567 F.3d 1137, 1141 (9th Cir. 2009).  Further, the statute "explicitly provides for remedies against offending attorneys."  Id.; F.T.C. v. Alaska Land Leasing, Inc., 799 F.2d 507, 510 (9th Cir. 1986) (noting that § 1927 does not authorize recovery from a party, but "*only* from an attorney or otherwise admitted representative of a party") (emphasis in original) (internal quotations and citations omitted).

Attorneys' fees under § 1927 are appropriate if an attorney's conduct is in bad faith; recklessness satisfies this standard.  B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1107 (9th

4

Cir. 2002); Barber v. Miller, 146 F.3d 707, 711 (9th Cir. 1998) ("An award of sanctions under 28 U.S.C. § 1927 or the district court's inherent authority requires a finding of recklessness or bad faith."). The Ninth Circuit has also required a finding of subjective bad faith, "which is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." Id. (emphasis in original) (quoting In re Keegan Mgmt. Co., Sec. Lit., 78 F.3d 431, 436 (9th Cir. 1996)). Moreover, the Ninth Circuit has cautioned that "[s]anctions should be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.'" Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997) (quoting Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988)).

III. COUNTY DEFENDANTS' MOTION FOR ATTORNEYS' FEES

County Defendants argue Plaintiffs' claims against them were unreasonable, meritless, frivolous, or vexatious, and brought in bad faith, entitling County Defendants to attorneys' fees. Defs' Mot. at 4. County Defendants assert that Plaintiffs' counsel knew or should have known that Plaintiffs' § 1983 claims lacked any merit based upon the decision in Mehl v. Blanas, 2008 U.S. Dist. LEXIS 8394 (E.D. Cal. Feb. 5, 2008). In

5

light of the "stringent" standard in awarding attorneys' fees to prevailing defendants in § 1983 cases and the Ninth Circuit's jurisprudence that attorneys' fees in civil rights cases "should only be awarded to a defendant in exceptional circumstances,'" Saman v. Robbins, 173 F.3d 1150, 1157 (9th Cir. 1999) (quoting Barry v. Fowler, 902 F.2d 770, 773 (9th Cir. 1990)), this Court finds that County Defendants have not met their burden of demonstrating that they are entitled to attorneys' fees.

Here, Plaintiffs and their attorneys did not act in an unreasonable, frivolous, meritless or vexatious manner.  The Mehl case was dismissed for a lack of standing.  In Mehl, the Court did not find that the underlying claim regarding the issuance of CCWs lacked merit, but rather dismissed the case for lack of standing based on factors that were personal to the individual plaintiffs in the that case.  See Mehl, p. 10.  In the present case, unlike Mehl, both Plaintiffs submitted completed applications.  Additionally, unlike Mehl, neither Plaintiff has any issues pertaining to their mental fitness or procedures for applying which may affect their eligibility for a CCW permit.  As such, County Defendants' assertion that based on the dismissal of the Mehl case that Plaintiffs and their attorneys should have recognized the objectively baseless nature of the claims, is without merit.

Following the Mehl case, Plaintiffs and their attorneys acted reasonably in filing another case challenging County Defendants alleged practice of denying CCW permits to applicants who do not contribute to the Sheriff's election campaign. Plaintiffs followed Judge Morrison England's orders in Mehl and took steps to ensure that the standing issues which came forth in that case would not be applicable to the Plaintiffs in this action.

Accordingly, this Court finds that County Defendants are not entitled to attorneys' fees pursuant to 42 U.S.C. § 1988 or 28 U.S.C. § 1927.  Given the lack of standing in Mehl, the Court declined to address the additional substantive grounds identified in the complaint.  Thus, Plaintiffs and their attorneys were unlikely to know that their claims lacked merit. The burden of prevailing defendants in civil rights cases to collect attorneys' fees is high.  Here, County Defendants have not shown that Plaintiffs or their attorneys acted in an unreasonable, frivolous, meritless or vexatious manner.  Nor have County Defendants shown that Plaintiffs' attorneys multiplied the proceedings in this case unreasonably and vexatiously.  As such, County Defendants' motion for attorneys' fees and sanctions is DENIED.

IV. ORDER

For the reasons stated above, County Defendants' motion for attorneys' fees and sanctions is DENIED.

IT IS SO ORDERED.

Dated:  November 19, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE